MAYER BROWN LLP
Timothy S. Bishop* (IL 6198062)
Brett E. Legner* (IL 6256268)
71 S. Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701 7829
Facsimile:  (312) 706 8607
Email: tbishop@mayerbrown.com

C. Mitchell Hendy (State Bar No. 282036)
350 Grand Ave, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229 5142
Facsimile: (213) 625 0248
Email: mhendy@mayerbrown.com

Colleen M. Campbell* (D.C. 219082)
1999 K Street NW 20006
Washington, DC
Telephone: (202) 263 3413
Facsimile: (202) 263-3300
ccampbell@mayerbrown.com

*Counsel for American Farm Bureau Federation, et al.
Proposed Intervenors-Defendants (Refer to signature
page for complete list of parties represented)*

*Application for admission pro hac vice pending

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | |
| *Plaintiffs*, | No. 20-cv-03005-RS |
| v. | **[PROPOSED] BUSINESS INTERVENORS' ANSWER TO THE COMPLAINT** |
| ANDREW R. WHEELER, et al., | |
| *Defendants*, | Date:     June 25, 2020 |
| and | Time:     1:30 p.m. |
| AMERICAN FARM BUREAU FEDERATION, et al. | Courtroom: San Francisco Courthouse, Courtroom 3—17th Floor |
| *Applicant Intervenors-Defendants*. | Judge:   Hon. Richard Seeborg |

- 1 -

Pursuant to Federal Rule of Civil Procedure 8, Intervenors-Defendants the American Farm Bureau Federation, American Petroleum Institute, American Road and Transportation Builders Association, Chamber of Commerce of the United States of America, Edison Electric Institute, Leading Builders of America, National Alliance of Forest Owners, National Association of Home Builders, National Cattlemen's Beef Association, National Corn Growers Association, National Mining Association, National Pork Producers Council, National Stone, Sand, and Gravel Association, New York Farm Bureau, Public Lands Council, and U.S. Poultry & Egg Association (collectively, the "Business Intervenors"), through the undersigned counsel, respectfully answer the Complaint in the above-captioned action.

The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

1.      Paragraph 1 characterizes Plaintiffs' lawsuit and does not require a response. To the extent a response is required, the Business Intervenors admit that the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers (collectively, the "agencies") published a rule entitled "The Navigable Waters Protection Rule: Definition of 'Waters of the United States' ("2020 Rule") on April 21, 2020. *See* 85 Fed. Reg. 22,250 (Apr. 21, 2020). The Business Intervenors deny that the Plaintiffs are entitled to the relief they seek.

2.      Paragraph 2 consists of opinions and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors admit that the 2020 Rule defines the term "waters of the United States" ("WOTUS") for purposes of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*

3.      Paragraph 3 consists of characterizations, opinions, and legal conclusions to which no response is required. Paragraph 3 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

4.      Paragraph 4 consists of opinions and legal conclusions to which no response is required. Paragraph 4 also characterizes and cites the *Federal Register*, which is publicly available,

speaks for itself, and is the best evidence of its contents.

5.    The Business Intervenors admit the following allegations in Paragraph 5: The agencies promulgated a rule, "Definition of 'Waters of the U.S.'"—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626, on October 22, 2019 ("Repeal Rule"). The Repeal Rule repeals an earlier regulation, "Clean Water Rule: Definition of 'Waters of the U.S.,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 WOTUS Rule"), and restores the legal status quo ante that existed prior to the 2015 WOTUS Rule. The remainder of Paragraph 5 consists of characterizations and legal conclusions to which no response is required.

6.    Paragraph 6 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors admit that the 2020 Rule replaces the 2019 Rule with a revised definition of "WOTUS" for purposes of the CWA. They further admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule. The Business Intervenors deny that the 2020 Rule conflicts with the text of the CWA, deny that the 2020 Rule contradicts the CWA's objective, and deny that the 2020 Rule overlooks the agencies' prior scientific findings and policy and practice, or the recommendations of the agencies' Science Advisory Board. They further deny the remaining allegations in Paragraph 6.

7.    Paragraph 7 consists of opinions, characterizations, and legal conclusions to which no response is required. Paragraph 7 also characterizes and cites to a legal opinion, which is publicly available, speaks for itself, and is the best evidence of its contents.

8.    Paragraph 8 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 8.

9.    Paragraph 9 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 9.

10.    Paragraph 10 consists of opinions and legal conclusions to which no response is

required. To the extent a response is required, the Business Intervenors deny that the 2020 Rule exposes the States and Cities to pollution, places States and Cities at a competitive disadvantage, or injures the States' and Cities' sovereign or proprietary interests. The Business Intervenors lack sufficient information to respond to the allegation regarding the ability of the States and Cities to manage their regulatory programs, and deny the remaining allegations in Paragraph 10.

11. Paragraph 11 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 11.

12. Paragraph 12 consists of a characterization of the Plaintiffs' lawsuit and the relief sought therein. To the extent a response is required, the Business Intervenors deny Plaintiffs are entitled to the relief sought in Paragraph 12.

13. Admitted.

14. Admitted.

15. Admitted.

16. The Business Intervenors admit that the State-Plaintiffs are sovereign states of the United States of America. They further admit that the North Carolina Department of Environmental Quality is an executive agency of the State of North Carolina, that the District of Columbia is a municipal corporation and is the local government for the territory constituting the permanent seat of the government of the United States, and that the City of New York is a municipal corporation and political subdivision of the State of New York. The Business Intervenors lack sufficient information or knowledge to admit or deny the truth of the remaining allegations in Paragraph 16.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required. Paragraph 22 also quotes from 5 U.S.C. § 551(5), which speaks for itself, is the best evidence of its contents,

- 4 -

1   and to which no response is required.

2       23.    Paragraph 23 states a legal conclusion to which no response is required. Paragraph

3   23 also selectively quotes from statutory authority, which is publicly available, speaks for itself,

4   and is the best evidence of its contents.

5       24.    Paragraph 24 states a legal conclusion to which no response is required.

6       25.    Paragraph 25 consists of legal conclusions to which no response is required.

7   Paragraph 25 also quotes 5 U.S.C. § 553(c), which is publicly available, speaks for itself, and to

8   which no response is required.

9       26.    Paragraph 26 states a legal conclusion to which no response is required.

10       27.    Paragraph 27 states a legal conclusions to which no response is required.

11       28.    Paragraph 28 states a legal conclusions to which no response is required.

12       29.    Paragraph 29 states a legal conclusions to which no response is required. Paragraph

13   29 also quotes from 5 U.S.C. § 706(2)(A), which is publicly available, speaks for itself, and to

14   which no response is required.

15       30.    Paragraph 30 states a legal conclusion to which no response is required. In addition,

16   Paragraph 30 quotes from 33 U.S.C. § 1251(a), which is publicly available, speaks for itself, and

17   to which no response is required.

18       31.    Paragraph 31 consists of opinions and legal conclusions to which no response is

19   required. Paragraph 31 also selectively quotes from statutory authority (33 U.S.C. §§ 1311(a),

20   1342, 1344, 1362(7), 1362(12)), which is publicly available, speaks for itself, and to which no

21   response is required.

22       32.    Paragraph 32 consists of characterizations, opinions, and legal conclusions to which

23   no response is required. Paragraph 32 also characterizes and selectively quotes from legal opinions

24   that speak for themselves, are the best evidence of their contents, and to which no response is

25   required.

26       33.    Paragraph 33 consists of characterizations and legal conclusions to which no

27   response in required. Paragraph 33 also characterizes and selectively quotes from statutory

28   authority and legislative history, which are publicly available, speak for themselves, are the best

evidence of their contents, and to which no response is required.

34.     Paragraph 34 consists of characterizations and legal conclusions to which no response in required. Paragraph 34 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

35.     Paragraph 35 consists of characterizations and legal conclusions to which no response in required. Paragraph 35 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

36.     Paragraph 36 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 36 cites statutory authority, which is publicly available, speaks for itself, and is the best evidence of its contents.

37.     Paragraph 37 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 37 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

38.     Paragraph 38 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 38 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

39.      Paragraph 39 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 39 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

40.     Paragraph 40 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 40 cites and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

41.     Paragraph 41 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 41 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents,

1  and to which no response is required.

2      42.    The Business Intervenors admit that the agencies issued a joint legal memorandum

3  on January 15, 2003. Appendix A, "Advance Notice of Proposed Rulemaking on the Clean Water

4  Act Regulatory Definition of 'Waters of the United States,'" 68 Fed. Reg. 1991, 1996 (Jan. 15,

5  2003). The Business Intervenors also admit that the EPA issued a guidance memorandum entitled

6  "Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United*

7  *States* & *Carabell v. United States*" in December 2008. The remainder of Paragraph 42 consists of

8  characterizations and opinions to which no response is required.

9      43.    Paragraph 43 consists of characterizations and legal conclusions to which no

10  response is required. Paragraph 43 also characterizes certain administrative materials that are

11  publicly available, speak for themselves, are the best evidence of their contents, and to which no

12  response is required.

13      44.    Paragraph 44 consists of characterizations and legal conclusions to which no

14  response is required. Paragraph 44 also characterizes certain administrative materials that are

15  publicly available, speak for themselves, are the best evidence of their contents, and to which no

16  response is required.

17      45.    The Business Intervenors admit that the Agencies promulgated a rule in 2015

18  defining "WOTUS" for purposes of the CWA, which became effective on August 28, 2015. The

19  remainder of Paragraph 45 consists of characterizations and legal conclusions to which no response

20  is required.

21      46.    Paragraph 46 consists of characterizations, and legal conclusions to which no

22  response is required.  Paragraph 46 also characterizes and quotes from the *Federal Register*, which

23  is publicly available, speaks for itself, is the best evidence of its contents, and to which no response

24  is required.

25      47.    Paragraph 47 consists of characterizations and legal conclusions to which no

26  response is required. Paragraph 47 also characterizes and selectively quotes from public documents

27  that speak for themselves, are the best evidence of their contents, and to which no response is

28  required. To the extent a response is required, the Business Intervenors deny the allegations in

Paragraph 47.

48.     The Business Intervenors admit the President issued Executive Order 13778 entitled "Restoring the Rule of Law, Federalism, and Economic Growth by Reviewing the 'Waters of the United States' Rule," which is codified at 82 Fed. Reg. 12,497, in 2017. The remainder of Paragraph 48 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, and to which no response is required.

49.     The Business Intervenors admit the agencies promulgated the Repeal Rule on October 22, 2019, which repealed the earlier 2015 Rule. The remainder of Paragraph 49 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, and to which no response is required.

50.     Paragraph 50 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule. The Business Intervenors deny the remaining allegations in Paragraph 50.

51.     Paragraph 51 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

52.     Paragraph 52 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 52 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

53.     Paragraph 53 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 53 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

54.     The Business Intervenors admit that the 2020 Rule contains certain exclusions from the definition of WOTUS. The remainder of Paragraph 54 consists of characterizations and legal

conclusions to which no response is required. In addition, Paragraph 54 characterizes and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

55.     The Business Intervenors admit that the 2020 Rule excludes interstate waters as a separate category of WOTUS. The remainder of Paragraph 55 consists of opinions and legal conclusions to which no response is required.

56.     Paragraph 56 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 56 characterizes and cites from administrative materials that are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the Business Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule.

57.     Paragraph 57 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 57 characterizes and cites from publicly available sources, including administrative materials, which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the Business Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule. The Business Intervenors deny the remaining allegations in Paragraph 57.

58.     Paragraph 58 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 58.

59.     Paragraph 59 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 59 characterizes and selectively quotes from legal opinions and the *Federal Register*, which are publicly available, speak for themselves, are the best evidence of its contents, and to which no response is required.

60. Paragraph 60 consists of opinions, characterizations, and legal conclusions to which no response is required. Paragraph 60 also characterizes and selectively quotes from the *Federal Register*, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 60.

61. Paragraph 61 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 61.

62. Paragraph 62 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 62.

63. Paragraph 63 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 63.

64. Paragraph 64 characterizes and selectively quotes from public documents that speak for themselves, are the best evidence of their contents, and to which no response is required.

65. Paragraph 65 consists of opinions, characterizations and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 65.

66. The Business Intervenors admit that the agencies engaged with the EPA's Science Advisory Board ("SAB") during the development of the 2020 Rule, including meeting with the SAB prior to and following publication of the proposed 2020 Rule. They further admit that SAB issued a draft commentary on the proposed rule on December 31, 2019, and held a public meeting on the proposed rule on January 17, 2020. The Business Intervenors further admit that the agencies signed the final 2020 Rule on January 23, 2020. The remaining allegations in Paragraph 66 consist of opinions to which no response is required.

67. Paragraph 67 consists of characterizations and legal conclusions to which no response is required. Paragraph 67 also characterizes and selectively quotes from certain public

materials which speak for themselves, are the best evidence of their contents, and to which no response is required.

68.     Paragraph 68 consists of opinions and characterizations to which no response is required. Paragraph 68 further selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response it required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 68.

69.     Paragraph 69 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 69.

70.     Paragraph 70 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 70.

71.     Paragraph 71 consists of opinions, characterizations, and legal conclusions requiring no response. To the extent a response is required, the Business Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule. The Business Intervenors deny the remaining allegations in Paragraph 71.

72.     Paragraph 72 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 72 cites and selectively quotes from the *Federal Register*, which is publicly available, speaks for itself, and is the best evidence of its contents. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 72.

73.     Paragraph 73 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 73.

74.     Paragraph 74 consists of opinions and characterizations to which no response is required. Paragraph 74 also characterizes the *Federal Register*, which is publicly available, speaks for itself, and is the best evidence of its contents. To the extent a response is required, the Business Intervenors deny that the allegations in Paragraph 74.

75.     Denied.

76.     The Business Intervenors admit that the Plaintiffs' jurisdictions cover vast areas of the country, and that Plaintiffs are geographically situated along some of the Nation's waters. The Business Intervenors further admit that Plaintiffs have authority to address water pollution generated by sources within their borders, and that they do not have authority to directly regulate water pollution generated by sources outside of their borders. The Business Intervenors lack sufficient knowledge to respond to the remainder of the allegations in Paragraph 76.

77.     The Business Intervenors lack sufficient knowledge to respond to the allegation that the Plaintiffs rely on uniform nationwide pollution controls. The Business Intervenors deny that the Plaintiffs will suffer the harm under the 2020 Rule, and deny the remaining allegations in Paragraph 77.

78.     Paragraph 78 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent that a response is required, the Business Intervenors deny the allegations in Paragraph 78.

79.     Paragraph 79 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 79 characterizes and cites certain public documents that speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the Business Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some wet areas covered by those regimes would not be jurisdictional under the 2020 Rule. Further, to the extent a response is required, the Business Intervenors deny the remaining allegations in Paragraph 79.

80.     Paragraph 80 characterizes and selectively quotes from certain publicly available materials which speak for themselves, are the best evidence of their contents, and to which no response is required. The Business Intervenors lack sufficient knowledge to respond to the remaining allegations in Paragraph 80.

81.     Paragraph 81 consists of opinions and legal conclusions to which no response is required. The remainder of Paragraph 81 characterizes and selectively quotes from administrative

materials, which are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

82.     Paragraph 82 consists of characterizations and legal conclusions which require no response is required.

83.     Paragraph 83 consists of opinions, characterizations, and legal conclusions requiring no response. Paragraph 83 further characterizes and selectively quotes from certain publicly available documents which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the Business Intervenors deny that the 2020 Rule risks more damage from oil spills.

84.     The Business Intervenors lack sufficient knowledge to respond to the allegations in Paragraph 84 pertaining to the effect of the 2020 Rule on the Plaintiffs' regulatory programs, the internal governance or appropriation decisions of the Plaintiffs, or any reliance by the Plaintiffs on federal regulations. The Business Intervenors further deny that the agencies failed to consider the States' and Cities' purported reliance interests in the 2020 Rule, and deny that 2020 Rule abandons the agencies' long-standing position and policy.

85.     Paragraph 85 consists of opinions, speculation, and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 consists of opinions and speculation to which no response is required. To the extent a response is required, the Business Intervenors deny that the 2020 Rule will impair water recreation industries, deny that the 2020 will make water less desirable for fishing, boating, or swimming, and further deny the remaining allegations in Paragraph 86.

87.     The Business Intervenors admit that Plaintiffs own, operate, finance, or manage property within their borders. The remaining allegations in Paragraph 87 consist of opinions and legal conclusions to which no response is required. To the extent a response is required, the Business Intervenors deny that the 2020 Rule impairs Plaintiffs' proprietary interests, deny that the 2020 Rule will destroy habitat or reduce wildlife populations, and deny that the 2020 Rule will allow increased pollution or loss of wetland functions. The Business Intervenors lack sufficient

1    information to respond to the remaining allegations in Paragraph 87.

2          88.      The Business Intervenors deny Plaintiffs are entitled to the relief requested and deny

3    Plaintiffs will suffer any injury caused by the 2020 Rule.

4          The allegations following Paragraph 88 are legal statements of causes of action and a prayer

5    for relief to which no response is required.

6                                    **GENERAL DENIAL**

7          To the extent that any factual allegation in the Complaint has not been admitted or

8    specifically responded to, the Business Intervenors deny such allegation.

9                                       **DEFENSES**

10         1.      Plaintiffs have failed to state a claim for which relief can be granted with respect to

11   one or more of the claims set forth in the Complaint.

12         2.      The Business Intervenors reserve the right to raise any defense, including but not

13   limited to those found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by

14   the record in this case.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated this 21st day of May, 2020.

2

3                                              MAYER BROWN LLP

4                                              */s/ C. Mitchell Hendy*
                                               C. Mitchell Hendy (State Bar No. 282036)
5                                              350 Grand Ave, 25th Floor
                                               Los Angeles, CA 90071
6                                              Telephone: (213) 229 5142
                                               Facsimile: (213) 625-0248
7                                              Email: Mhendy@mayerbrown.com

8                                              Timothy S. Bishop* (IL 6198062)
                                               Brett E. Legner* (IL 6256268)
9                                              71 S. Wacker Drive
                                               Chicago, IL 60606
10                                             Telephone:  (312) 701 7829
                                               Facsimile:  (312) 706 8607
11                                             Email: tbishop@mayerbrown.com

12                                             Colleen M. Campbell* (D.C. 219082)
                                               1999 K Street NW 20006
13                                             Washington, DC
                                               Telephone: (202) 263 3413
14                                             Facsimile: (202) 263-3300
                                               ccampbell@mayerbrown.com

15                                             *Pro hac vice motion pending

16                                             *Attorneys for proposed Business-Intervenors
                                               Defendants*
17                                             American Farm Bureau Federation;
                                               American Petroleum Institute; American
18                                             Road and Transportation Builders
                                               Association; Chamber of Commerce of the
19                                             United States of America; Edison Electric
                                               Institute;  Leading Builders of America;
20                                             National Alliance of Forest Owners; National
                                               Association of Home Builders; National
21                                             Cattlemen's Beef Association; National Corn
                                               Growers Association; National Mining
22                                             Association; National Pork Producers
                                               Council; National Stone, Sand, and Gravel
23                                             Association; Public Lands Council; and U.S.
                                               Poultry & Egg Association

24

25

26

27

28

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Northern District of California on all parties registered for CM/ECF in the above-captioned matter.

Dated at Los Angeles, California, this 21st day of May, 2020.

*s/ C. Mitchell Hendy*