ANTHONY L. FRANÇOIS, No. 184100
afrancois@pacificlegal.org
CHARLES T. YATES, No. 327704
cyates@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Proposed Defendant-Intervenors
Chantell and Michael Sackett

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>                              Plaintiffs,<br><br>       v.<br><br>ANDREW R. WHEELER, as Administrator of the<br>U.S. Environmental Protection Agency, et al.,<br><br>                              Defendants,<br><br>and<br><br>CHANTELL and MICHAEL SACKETT,<br><br>                    Defendant-Intervenors. | No. 3:20-cv-03005-RS<br><br>**[PROPOSED] ANSWER OF<br>DEFENDANT-INTERVENORS<br>CHANTELL AND MICHAEL<br>SACKETT**<br><br>Judge: Honorable Richard Seeborg |

1     For their answer to the complaint of State of California by and through Attorney General

2 Xavier Becerra and California State Water Resources Control Board, State of New York, State of

3 Connecticut, State of Illinois, State of Maine, State of Maryland, State of Michigan, State of New

4 Jersey, State of New Mexico, State of North Carolina ex rel. Attorney General Joshua H. Stein,

5 State of Oregon, State of Rhode Island, State of Vermont, State of Washington, State of Wisconsin,

6 Commonwealths of Massachusetts and Virginia, the North Carolina Department of Environmental

7 Quality, the District of Columbia, and the City of New York (collectively "State Plaintiffs"),

8 Defendant-Intervenors Chantell Sackett and Michael Sackett ("The Sacketts") admit, deny, and

9 allege as follows:

10                                            **INTRODUCTION**

11     1.     The Sacketts admit the allegations in paragraph 1 to the extent that those named are

12 the parties to this lawsuit.

13     2.     The allegations in paragraph 2 purport to characterize the Navigable Waters

14 Protection Rule: Definition of "Waters of the United States" (2020 Rule), which speaks for itself

15 and is the best evidence of its contents. Any allegations contrary to the plain language and meaning

16 of the 2020 Rule are denied.

17     3.     The allegations in paragraph 3 purport to characterize the 2020 Rule and the Clean

18 Water Act which speak for themselves and are the best evidence of their contents. Any allegations

19 contrary to the plain language and meaning of these documents are denied. The allegations in

20 paragraph 3 also contain conclusions of law to which no answer is required; to the extent they may

21 be deemed allegations of fact, they are denied.

22     4.     The allegations in paragraph 4 purport to characterize the 2020 Rule and the 2015

23 "Clean Water Rule," which speak for themselves and are the best evidence of their contents. Any

24 allegations contrary to the plain language and meaning of these Rules are denied.

25     5.     The allegations in paragraph 5 purport to characterize the 2019 Rule, which speaks

26 for itself and is the best evidence of its contents. Any allegations contrary to the plain language and

27 meaning of the 2019 Rule are denied.

28 ///

6.      The allegations in paragraph 6 purport to characterize the 2020 Rule, the 2019 Rule, and the Clean Water Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 6 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegations in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.      The allegations in paragraph 8 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule and 33 U.S.C. § 1251(a), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.      The allegations in paragraph 6 purport to characterize the 2020 Rule, the 2015 Rule, the 2019 Rule, and the Clean Water Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 9 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis deny the same.

11.     The allegations in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     The allegations in paragraph 12 constitute Plaintiffs' characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, the Sacketts deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**JURISDICTION AND VENUE**

13.     The allegations in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

1

**INTRADISTRICT ASSIGNMENT**

2      15.      The allegations in paragraph 15 constitute conclusions of law to which no answer is

3   required; to the extent they may be deemed allegations of fact, they are denied.

4

**PARTIES**

5      16.      The Sacketts admit the allegations in the first, third, and fifth sentences of paragraph

6   16. The allegations in the fourth sentence paragraph 16 purport to characterize 33 U.S.C. § 1362(3),

7   which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

8   language and meaning of this provision are denied. The Sacketts lack information sufficient to form

9   a belief as to the truth of the allegations in the remainder of paragraph 16, and on that basis deny

10  the same

11     17.      The Sacketts admit the allegations in paragraph 17.

12     18.      The allegations in paragraph 18 constitute conclusions of law to which no answer is

13  required.

14     19.      The Sacketts admit the allegations in paragraph 19.

15     20.      The allegations in paragraph 20 constitute conclusions of law to which no answer is

16  required.

17

**STATUTORY AND REGULATORY FRAMEWORK**

18  **The Administrative Procedure Act**

19     21.      The allegations in paragraph 21 constitute conclusions of law to which no answer is

20  required; to the extent they may be deemed allegations of fact, they are denied.

21     22.      The allegations in paragraph 22 purport to characterize 5 U.S.C. § 551(5), which

22  speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

23  language and meaning of this provision are denied.

24     23.      The allegations in paragraph 23 purport to characterize the APA and 5 U.S.C. §

25  553(b), (c), which speak for themselves and are the best evidence of their contents. Any allegations

26  contrary to the plain language and meaning of these provisions are denied.

27  ///

28  ///

24.     The allegations in paragraph 24 purport to characterize 5 U.S.C. § 553(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

25.     The allegations in paragraph 25 purport to characterize 5 U.S.C. § 553(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied. The allegations in paragraph 25 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     The allegations in paragraph 26 constitute conclusions of law and Plaintiffs' characterization of the APA, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27.     The allegations in paragraph 27 constitute conclusions of law and Plaintiffs' characterization of the APA, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28.     The allegations in paragraph 28 constitute conclusions of law and Plaintiffs' characterization of the APA, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.     The allegations in paragraph 29 purport to characterize 5 U.S.C. § 706(2)(A), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied. The allegations in paragraph 29 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**The Clean Water Act**

30.     The allegations in paragraph 30 purport to characterize the Clean Water Act and 33 U.S.C. § 1251(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

///

///

31.     The allegations in paragraph 31 purport to characterize 33 U.S.C. §§ 1311(a), 1342, 1344, and 1362(7), (12), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

32.     The allegations in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33.     The allegations in paragraph 33 purport to characterize the Clean Water Act, S. Rep. No. 92-414 at 77 (1972), and 33 U.S.C. §§ 1311, 1342, and 1344, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

34.     The allegations in paragraph 34 purport to characterize the Clean Water Act and 33 U.S.C. § 1344 (a), (h), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

35.     The allegations in paragraph 35 purport to characterize the Clean Water Act, and 33 U.S.C. §§ 1342(a), (b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

36.     The allegations in paragraph 36 purport to characterize 33 U.S.C. § 1342(d), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

37.     The allegations in paragraph 37 purport to characterize 33 U.S.C. § 1313, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

38.     The allegations in paragraph 38 purport to characterize 33 U.S.C. § 1341(a)(1), (2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

39.     The allegations in paragraph 39 purport to characterize the Clean Water Act and 33 U.S.C. §§ 1321(b), (j)(5), (s), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

///

The allegations in paragraph 39 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40.     The allegations in the first sentence of paragraph 40 purport to characterize the Clean Water Act, and 33 U.S.C. § 1370(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The Sacketts lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and on that basis deny the same. The remaining allegations in paragraph 40 also contain conclusions of law to which no answer is required.

**Agency Regulations and Guidance Defining "Waters of the United States"**

41.     The allegations in paragraph 41 purport to characterize 42 Fed. Reg. 37, 144 (July 19, 1977); 45 Fed. Reg. 85,336 (Dec. 24, 1980); 47 Fed. Reg. 31,794 (July 22, 1982); 51 Fed. Reg. 41,206 (Nov. 13, 1986); and 53 Fed. Reg. 20,764 (June 6, 1988) (the 1980s Regulations), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

42.     The allegations in paragraph 42 purport to characterize the 2003 *SWANCC* Guidance, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

43.     The allegations in paragraph 43 purport to characterize the 2008 *Rapanos* Guidance, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

44.     The allegations in paragraph 44 purport to characterize the 2008 *Rapanos* Guidance, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

45.     The allegations in paragraph 45 purport to characterize 80 Fed. Reg. at 37,054 and 82 Fed. Reg. 34,899, 34,901. Which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

///

46.     The allegations in paragraph 46 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the second sentence of paragraph 46 also constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47.     The allegations in paragraph 47 purport to characterize the 2015 Rule and *U.S. EPA, Connectivity of Streams and Wetland to Downstream Waters: A Review and Synthesis of the Scientific Evidence (Final Report)*, EPA/600/R-14/475F (Washington, D.C. 2015) (2015 Connectivity Report), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

48.     The allegations in paragraph 48 purport to characterize 82 Fed. Reg. 12,497 (April 25, 2017) (Executive Order 13778), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 48 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49.     The allegations in paragraph 49 purport to characterize 84 Fed. Reg. 4,154 (Feb. 14, 2019) (the 2019 Rule), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

**The 2020 Rule**

50.     The allegations in paragraph 50 purport to characterize Executive Order No. 13778, the 2020 Rule, the 1980s Regulations, the *SWANCC* Guidance, the *Rapanos* Guidance, the 2015 Rule, and the 2019 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 50 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51.     The allegations in paragraph 51 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.  The allegations in Footnote 3 constitute conclusions of law

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52.    The allegations in paragraph 52 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

53.    The allegations in paragraph 53 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

54.    The allegations in paragraph 54 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

55.    The allegations in paragraph 55 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 55 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56.    The allegations in paragraph 56 purport to characterize the 2020 Rule, the *Rapanos* Guidance, the 2015 Rule, and the 2019 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

57.    The allegations in paragraph 57 purport to characterize the 2020 Rule and USACE Internal Communication, September 4-5, 2017, "Breakdown of Flow Regimes in NHD Streams Nationwide," which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 57 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

***The 2020 Rule's Deficiencies***

58.     The allegations in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59.     The allegations in paragraph 59 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

60.     The allegations in paragraph 60 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61.     The allegations in paragraph 61 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     The allegations in paragraph 62 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.     The allegations in paragraph 63 purport to characterize the 2015 Rule and its associated record, which speak for themselves f and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

64.     The allegations in paragraph 64 purport to characterize EPA's 2015 Connectivity Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

65.     The allegations in paragraph 65 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the 2020 Rule are further denied.

66.     The allegations in paragraph 66 purport to characterize 85 Fed. Reg. at 22,261, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

67.    The allegations in paragraph 67 and Footnote 7 purport to characterize the *SAB Draft Commentary on Proposed Final Rule* (Oct. 16, 2019) and *SAB Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under the Clean Water Act* (Feb. 27, 2020), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

68.    The allegations in paragraph 68 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

69.    The allegations in paragraph 69 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 69 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70.    The allegations in paragraph 70 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, the *Rapanos* Guidance, the 2015 Rule, and the 2019 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71.    The allegations in paragraph 71 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, the *Rapanos* Guidance, the 2015 Rule, and the 2019 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.    The allegations in paragraph 72 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.    The allegations in paragraph 73 purport to characterize the 2020 Rule and its associated record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

74.    The allegations in paragraph 74 purport to characterize the 2020 Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

**THE 2020 RULE HARMS THE STATES AND CITIES**

75.     The allegations in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 76, and on that basis deny the same. The allegations in the final sentence of paragraph 76 also contain conclusions of law to which no answer is required.

77.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 77, and on that basis deny the same.

78.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 78, and on that basis deny the same. The remaining allegations in paragraph 78 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

79.     The allegations in the first and second sentences of paragraph 79 purport to characterize the 2020 Rule and the 2019 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 79, and on that basis deny the same. The allegations in the final sentence of paragraph 79 purport to characterize EPA and Department of the Army, *Resource and Programmatic Assessment for the Navigable Waters Protection Rule: Definition of "Waters of the United States"* (Jan. 23, 2020), EPA-HQ-OW-2018-0149 (Resource and Programmatic Assessment), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

80.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 80, and on that basis deny the same. The remaining allegations in paragraph 80 purport to characterize the Agencies' Resource and Programmatic Assessment, and EPA and Department of the Army, *Economic Analysis for the Navigable Waters Protection Rule: "Definition of Waters of the United States"* (Jan 22, 2020), EPA-HQ-OW-2018-

0149, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

81.     The allegations in paragraph 81 purport to characterize the 2020 Rule and the Agencies' Resource and Programmatic Assessment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

82.     The allegations in paragraph 82 purport to characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

83.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 83, and on that basis deny the same. The remaining allegations in paragraph 83 purport to characterize the Agencies' Resource and Programmatic Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

84.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 84, and on that basis deny the same.

85.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 85, and on that basis deny the same.

86.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 86, and on that basis deny the same.

87.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 87, and on that basis deny the same.

88.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 88, and on that basis deny the same.

///

///

///

///

**FIRST CAUSE OF ACTION**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706**
**Arbitrary and Capricious and Not in Accordance with Law**
**Impermissible Interpretation of "Waters of the United States"**

89.     The Sacketts' responses to paragraphs 1 to 88 are incorporated herein by reference.

90.     The allegations in paragraph 90 constitute conclusions of law and Plaintiffs' characterization of 5 U.S.C. § 706(2)(A), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91.     The allegations in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92.     The allegations in paragraph 92 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93.     The allegations in paragraph 93 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

94.     The allegations in paragraph 94 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**SECOND CAUSE OF ACTION**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706**
**Arbitrary and Capricious and Not in Accordance with Law**
**Disregard of Scientific Evidence, Prior Agency**
**Factual Findings and Policy and Practice**

95.     The Sacketts' responses to paragraphs 1 to 94 are incorporated herein by reference.

96.     The allegations in paragraph 96 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.     The allegations in paragraph 97 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98.     The allegations in paragraph 98 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

99.     The allegations in paragraph 99 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule and 2015 Connectivity report, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

100.     The allegations in paragraph 100 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

101.     The allegations in paragraph 101 constitute conclusions of law and Plaintiffs' characterization of the 2020 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

102.     The allegations in paragraph 102 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**THIRD CAUSE OF ACTION**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706**
**Arbitrary and Capricious and Not in Accordance**
**with Law Failure to Consider Statutory**
**Objective and Impacts on Water Quality**

103.     The Sacketts' responses to paragraphs 1 to 102 are incorporated herein by reference.

104.     The allegations in paragraph 104 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

105.     The allegations in paragraph 105 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

106.     The allegations in paragraph 106 constitute conclusions of law and Plaintiffs' characterization of 33 U.S.C. § 1251(a), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

107.     The allegations in paragraph 107 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the statute are denied. The allegations in paragraph 107 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

108. The allegations in paragraph 108 purport to characterize the Clean Water Act and the 2020 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 108 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

109. The allegations in paragraph 109 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

110. The allegations in paragraph 110 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the statute are denied. The allegations in paragraph 110 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PLAINTIFFS' REQUEST FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Request for Relief, which requires no response. To the extent that a response may be deemed required, the Sacketts deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

The Sacketts hereby deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted or qualified herein.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of Plaintiffs' Complaint, and without admitting or acknowledging that the Sacketts have any burden to prove any of the following allegations, the Sacketts allege the following as separate and independent affirmative defenses as to all claims and claims for relief asserted by Plaintiffs.

///
///
///
///

**FIRST AFFIRMATIVE DEFENSE**

**(Commerce Clause/Tenth Amendment)**

1.      Under the Clean Water Act, the Army Corps of Engineers (Army) and Environmental Protection Agency (EPA) may only regulate discharges to "navigable waters." *See* 33 U.S.C. § 1344(a).

2.      The Navigable Waters Protection Rule defines "navigable waters" to exclude wetlands unless they abut other regulated waters, are flooded by other regulated waters, or are separated from other regulated waters only by natural or permeable artificial barriers (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1).

3.      When enacting the Clean Water Act, Congress had in mind only its traditional regulation of navigation. *SWANCC*, 531 U.S. at 172.

4.      *SWANCC* holds that isolated ponds are outside of the scope of the term "navigable waters" under the Clean Water Act, based in part on the absence of a clear statement in the Act that would extend regulation to such features, and the limits that the Commerce Clause and Tenth Amendment place on Congress' regulatory power. 531 U.S. at 174.

5.      "Nonregulated wetlands" routinely occur on private property, such as the Sacketts', that legally is or may be used for a wide variety of land uses and purposes, as an aspect of property ownership and affirmed under state and local law. These uses include but are not limited to farming, ranching, roads, ditches, wells, pipelines, tanks, reservoirs, ponds, windmills, power and telecommunications poles and related infrastructure, fencing, livestock pens and corrals, equipment and storage yards, loading facilities, parking areas, and buildings (including but not limited to barns, sheds, shops, warehouses, stores, garages, and homes). All of these are traditional and customary uses of real property and generally create no nuisance conditions.

6.      Property owners such as the Sacketts routinely put their real property to most if not all these uses, consistent with local and state regulation and permitting.

7.      Many of these uses coincide with areas that contain "nonregulated wetlands," and involve non-exempt discharges of dredged or fill material to those features.

///

8.      Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of "nonregulated wetlands" on private property such as described in the preceding paragraph would extend federal authority to and beyond the outer reaches of the Commerce Power. The Clean Water Act contains no clear statement of Congressional intent to regulate to such extent. *SWANCC*, 531 U.S. at 174. The agencies' interpreting of the Act in the Navigable Waters Protection Rule to exclude "nonregulated wetlands" is not an exercise of agency discretion, but instead is compelled by the Commerce Clause.

9.      Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of private property such as described in paragraphs 5-7 above would intrude extensively on local land use regulation and water resource regulation and allocation. The Tenth Amendment reserves government power over these questions to the states. *SWANCC*, 531 U.S. at 173 ("This concern is heightened where the administrative interpretation alters the federal-state framework by permitting federal encroachment upon a traditional state power."); *see also Rapanos*, 547 U.S. at 737-38. Clean Water Act regulation of such activities would amount to a federal veto power over local land use law, zoning, and permitting. The agencies' interpretation of the Clean Water Act to exclude "nonregulated wetlands" is not an exercise of agency discretion, but instead is compelled by the Tenth Amendment.

**SECOND AFFIRMATIVE DEFENSE**

**(Article I/Nondelegation Doctrine)**

10.      The Navigable Waters Protection Rule interprets "navigable waters" in the Clean Water Act to exclude wetlands unless they abut other regulated waters, are flooded by other regulated waters, or are separated from other regulated waters only by natural or permeable artificial barriers (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1). The Supreme Court has held that while the Clean Water Act regulates some waters that are not navigable-in-fact, it does not regulate all "waters" and that "navigable" must have some limiting meaning. *SWANCC*, 531 U.S. 171-72 (the Act regulates some waters not "deemed 'navigable' under the classical understanding of that term" but not all such waters) (quoting *Riverside Bayview Homes*, 474 U.S. at 133).

11.     The Act does not define "navigable." If the term does not have its ordinary meaning but instead has some broader or different meaning, then the statute unconstitutionally delegates to EPA and the Army the task of deciding, as a policy matter, what non-navigable wetlands the agencies will regulate. The agencies themselves see their work as largely one of identifying, balancing, and selecting among competing policy priorities. *See*, *e.g.*, 85 Fed. Reg. at 22,264, 22,270-71, 22,277, 22,290, 22,292, 22,300.

12.     In making this delegation, the Clean Water Act lacks any appropriately understood "intelligible principle" and provides no guidance or criteria to the agencies to circumscribe their policy decision defining "navigable."

13.     The Act identifies no fact-finding that the agencies must engage in to define "navigable."

14.     The Act provides no factors for the agencies to consider, let alone what weight to give to any such factors, in determining the meaning of "navigable."

15.     If "navigable" in the statute means something other than "navigable-in-fact," such that the exclusion of "nonregulated wetlands" from the definition of "navigable waters" is not compelled by the text of the Act and/or the Commerce Clause and Tenth Amendment, then the statute delegates unbounded discretion to the agencies to define the term, in violation of the non-delegation doctrine, and Article I of the Constitution (vesting "all legislative powers" in the Congress).

16.     If the regulation of "non-regulated wetlands" would violate Article I and the Non-Delegation Doctrine, then the Army and EPA's decision to exclude such "non-regulated wetlands" from the scope of the Navigable Waters Protection Rule cannot be legally invalid on any basis, nor can it be set aside or enjoined under the Administrative Procedure Act.

### THIRD AFFIRMATIVE DEFENSE

### (Void for Vagueness)

17.     The Navigable Waters Protection Rule interprets "navigable waters" in the Clean Water Act to exclude wetlands unless they abut other regulated waters, are flooded by other

///

1    regulated waters, or are separated from other regulated waters only by natural or permeable

2    artificial barriers (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1).

3        18.    The Act does not define "navigable." If the term does not have its ordinary meaning

4    but instead has some broader or different meaning, the Act gives no notice of that meaning or its

5    contours. The agencies themselves see their work as largely one of identifying, balancing, and

6    selecting among competing policy priorities, rather than elaborating a technical definition of some

7    commonly known term. *See, e.g.*, 85 Fed. Reg. at 22,264, 22,270-71, 22,277, 22,290, 22,292,

8    22,300; *see also Sackett v. EPA*, 566 U.S. 120, 133 (2012) (Alito, J., concurring) ("the words

9    themselves are hopelessly indeterminate.").

10       19.    The Due Process Clause of the U.S. Constitution requires that criminal statutes

11   provide adequate notice of the conduct which they proscribe to those who must comply. *United*

12   *States v. Lanier*, 520 U.S. 259, 265-67 (1997). The Clean Water Act imposes criminal penalties. 33

13   U.S.C. § 1319(c).

14       20.    The rule of lenity also requires that statutes with criminal penalties be interpreted in

15   the light most favorable to criminal defendants. *United States v. Granderson*, 511 U.S. 39, 54

16   (1994) ("[W]here text, structure, and history fail to establish that the Government's position is

17   unambiguously correct—we apply the rule of lenity and resolve the ambiguity in [the defendant's]

18   favor.").

19       21.    If the term "navigable" in the Act does not have the ordinary meaning of

20   "navigable," but at the same time does not encompass "all waters," then it is impossible for any

21   regulated party to know from the statute what waters are regulated unless and until the agencies

22   give some meaning to the term.

23       22.    A statute whose requirements are only knowable after they are "interpreted" by

24   enforcement officials is a classic violation of the void for vagueness doctrine. If "navigable" is

25   interpreted in a way that its meaning is unknown absent case by case agency interpretation, then

26   the statute fails to give constitutionally adequate notice of the conduct that it proscribes and is void-

27   for-vagueness under the Due Process Clause.

28   *///*

Answer of Defendant-Intervenors
No. 3:20-cv-03005-RS                                    20

23. If "navigable" as used in the Clean Water Act is void-for-vagueness, then the decision of the Army and EPA to exclude "nonregulated wetlands" from the scope of the Navigable Waters Protection Rule cannot be legally unsound under any basis, nor can it be set aside or enjoined under the Administrative Procedure Act.

**RESERVATION OF DEFENSES**

24. The Sacketts reserve the right to amend this Answer and to assert additional defenses.

**PRAYER FOR RELIEF**

Defendant-Intervenors pray that Plaintiffs take nothing by their Complaint, and that the Court award Defendant-Intervenors their costs and attorneys' fees, and any other relief the Court may deem just and proper.

DATED: May 21, 2020.

Respectfully submitted,

ANTHONY L. FRANÇOIS
CHARLES T. YATES

By _____/s/ Anthony L. François_____
         ANTHONY L. FRANÇOIS

Attorneys for Defendant-Intervenors
Chantell and Michael Sackett