| | |
|---|---|
| Bradley A. Benbrook (SBN 177786) | CHRISTOPHER M. CARR |
| Benbrook Law Group | *Attorney General of Georgia* |
| 400 Capitol Mall, Ste 2530 | Andrew A. Pinson |
| Sacramento, CA 95814 | *Solicitor General* |
| Tel: (916) 447-4900 | Ross W. Bergethon |
| Fax: (916) 447-4904 | *Deputy Solicitor General* |
| Email: brad@benbrooklawgroup.com | Drew F. Waldbeser |
| *Counsel for State Intervenors* | *Assistant Solicitor General* |
| | Office of the Georgia Attorney General |
| PATRICK MORRISEY | 40 Capitol Square, S.W. |
| *West Virginia Attorney General* | Atlanta, Georgia 30334 |
| Lindsay S. See* | Tel: (404) 651-9453 |
| *Solicitor General* | Fax: (404) 656-2199 |
| Benjamin E. Fischer* | Email: apinson@law.ga.gov |
| Thomas T. Lampman* | *Counsel for Intervenor State of Georgia* |
| *Assistant Solicitors General* | |
| West Virginia Office of the Attorney General | (Add'l Counsel Listed on Signature Page) |
| 1900 Kanawha Blvd. East | |
| Building 1, Room E-26 | |
| Tel: (304) 558-2021 | |
| Fax: (304) 558-0140 | |
| Email: lindsay.s.see@wvago.gov | |
| *Counsel for Intervenor State of West Virginia* | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, *et al.*,<br>    *Plaintiffs,*<br>v.<br><br>Andrew Wheeler, *et al.*,<br>    *Defendants.* | Case No. 3:20-cv-3005-RS<br><br>**STATE INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE IN SUPPORT OF DEFENDANTS**<br><br>Hr'g Date:    July 9, 2020<br>Hr'g Time:    1:30pm<br>Dep't:    San Francisco Courthouse, Courtroom 3, 17th Floor<br>Judge:    Honorable Richard Seeborg<br>Action Filed:    May 1, 2020 |

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................................. ii

Notice of Motion ...................................................................................................................... 1

Motion and Memorandum to Intervene in Support of Defendants ................................................ 1

Background................................................................................................................................ 2

    A.   Statutory Background .................................................................................................... 2

    B.   The 2015 Rule. ............................................................................................................... 2

    C.   The 2020 Rule ............................................................................................................... 3

Interests and Grounds for Intervention ...................................................................................... 4

    A.   The application is timely. .............................................................................................. 4

    B.   The State Intervenors have a significant protectable interest in ensuring the proper interpretation of the federal government's jurisdiction over their sovereign lands and waters. ........................................................................................................................... 5

    C.   The disposition of this action could impede the State Intervenors' ability to protect their interests................................................................................................................................ 6

    D.   The existing parties will not adequately represent the interests of the State Intervenors. ..... 7

    E.   In the alternative, the Court should permit intervention under Rule 24(b). ........................... 8

Conclusion ................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bond v. United States*,
    564 U.S. 211 (2011) ............................................................................................... 8

*Day v. Apoliona*,
    505 F.3d 963 (9th Cir. 2007) .............................................................................. 4, 5

*Georgia v. McCarthy*,
    Case No. 2:15-cv-79 (S.D. Ga. June 8, 2018) ....................................................... 6

*Georgia v. Wheeler*,
    418 F. Supp. 3d 1336 (S.D. Ga. 2019) .................................................................. 3

*Hodel v. Va. Surface Mining & Reclamation Ass'n Inc.*,
    452 U.S. 264 (1981) ............................................................................................... 6

*Kansas v. United States*,
    249 F.3d 1213 (10th Cir. 2001) ......................................................................... 6, 7

*Kootenai Tribe of Idaho v. Veneman*,
    313 F.3d 1094 (9th Cir. 2002) .............................................................................. 8

*North Dakota, et al.* v. *EPA, et al.*,
    127 F. Supp. 3d 1047 (D. N.D. 2015) .................................................................... 3

*North Dakota v. U.S. Envtl. Prot. Agency*,
    Case No. 3:15-cv-59 ............................................................................................... 6

*Rapanos v. United States*,
    547 U.S. 715 (2006) ..................................................................................... 2, 3, 5, 7

*Seneca-Cayuga Tribe of Okla. v. Oklahoma*,
    874 F.2d 709 (10th Cir. 1989) .............................................................................. 7

*Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs* (*SWANCC*),
    531 U.S. 159 (2001) ............................................................................................... 2

*Tarrant Reg'l Water Dist. v. Hermann*,
    569 U.S. 614 (2013) ............................................................................................... 5

*Texas v. EPA*,
    Case No. 3:15-cv-162 (S.D. Tex. Sept. 12, 2018) .............................................. 3, 7

*Wyandotte Nation v. Sebelius*,
    443 F.3d 1247 (10th Cir. 2006) ............................................................................ 7

**Statutes**

33 U.S.C. § 1251 ...................................................................................................................5

33 U.S.C. § 1311 ...................................................................................................................2

33 U.S.C. § 1313 ...................................................................................................................2

33 U.S.C. § 1319 ...................................................................................................................2

33 U.S.C. § 1341 ...................................................................................................................5

33 U.S.C. § 1342 ...................................................................................................................2

33 U.S.C. § 1344 ...................................................................................................................2

33 U.S.C. § 1362 ...................................................................................................................2

33 U.S.C. § 1365 ...................................................................................................................2

**Other Authorities**

80 Fed. Reg. 37,054 (June 29, 2015)......................................................................................2

82 Fed. Reg. 34,899 (July 17, 2017) ......................................................................................3

84 Fed. Reg. 56,626 (Oct. 22, 2019) ......................................................................................3

84 Fed. Reg. 4154 (Feb. 14, 2019) .....................................................................................3, 7

85 Fed. Reg. 22,250 (Apr. 21, 2020).............................................................................*passim*

Army, *Economic Analysis of the EPA-Army Clean Water* (May 20, 2015),
  https://www.regulations.gov/document?D=EPA-HQ-OW-2011-0880-20866 ........................6

Exec. Order No. 13778, 82 Fed. Reg. 12,497 (Feb. 28, 2017)........................................................3

Federal Rule of Civil Procedure 24 ................................................................................ 1, 4, 8

Local Rule 7-1(b) ...................................................................................................................1

U.S. Envtl. Protection Agency, *NPDES Program Authorizations* (July 2019),
  *available at* https://www.epa.gov/sites/production/files/2020-
  04/documents/npdes_authorized_states_2020_map.pdf ............................................................5

**NOTICE OF MOTION**

Pursuant to Local Rule 7-1(b) and consistent with this Court's May 27, 2020 Order Regarding Motions to Intervene and Motions for Leave to Submit Amicus Briefs (Doc. 80), the States of Georgia, West Virginia, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming ("State Intervenors") respectfully request leave to submit without oral argument this Motion to Intervene in Support of Defendants in the above-captioned case.

In the alternative, the State Intervenors notice that on July 9, 2020, at 1:30pm, or as soon as this matter may be heard before the Honorable Richard Seeborg in the above-titled Court, located at the San Francisco Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, the State Intervenors will, and hereby do, move for the same relief.

The State Intervenors hereby move for leave to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b).

The State Intervenors submit in support this notice of motion and accompanying motion to intervene in support of defendants; proposed opposition to plaintiffs' motion for preliminary injunction; and proposed answer. The State Intervenors consulted with counsel for the plaintiffs and the defendants; the defendants take no position and the plaintiffs reserve the right to oppose.

**MOTION AND MEMORANDUM TO INTERVENE IN SUPPORT OF DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), the State Intervenors respectfully move to intervene in support of Defendants in this action concerning "The Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) (to be codified at 33 C.F.R. pt. 328). In the alternative, the State Intervenors move for leave to intervene pursuant to Federal Rule of Civil Procedure 24(c).

# BACKGROUND

## A. Statutory Background

The statutory term "waters of the United States" limits the geographic reach of federal regulatory jurisdiction under the Clean Water Act. Most notably, the Act's key permitting programs for discharges of pollutants, 33 U.S.C. § 1342 (section 402), and "dredged or fill material," *id.* § 1344 (section 404), require permits for discharges into "navigable waters," which the Act defines as "the waters of the United States, including the territorial seas," *Id.* § 1362(7). And the Act requires states to develop water quality standards—which designate the use for which a given body of water is to be protected, and then set criteria that must be met to safely allow that use—for "waters of the United States" within their borders. *See id.* § 1313. For farmers, developers, homeowners, and landowners, whether their land includes a feature covered under the Act determines whether they must first obtain a federal permit—a process that can take years and often costs tens or hundreds of thousands of dollars—to develop or use their property. *See Rapanos v. United States*, 547 U.S. 715, 722 (2006) (plurality op.) (citing 33 U.S.C. §§ 1362(12), 1362(6)). And unauthorized discharges can subject an individual to fines and other civil or criminal penalties. 33 U.S.C. §§ 1311(a), (f), 1319, 1365.

Recent Supreme Court decisions addressing the agencies' attempts to define the "waters of the United States" subject to federal jurisdiction have rebuffed them as too expansive. *See Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs* (*SWANCC*), 531 U.S. 159, 174 (2001) (rejecting assertion of federal jurisdiction over isolated ponds based on mere ecological connection to jurisdictional waters); *Rapanos*, 547 U.S. at 739, 742 (plurality op.) (rejecting assertion of jurisdictions beyond "relatively permanent, standing or continuously flowing bodies of water" and "wetlands with a continuous surface connection to" those waters); *id.* at 776 (Kennedy, J., concurring) (rejecting assertion of jurisdiction over all "wetlands (however remote) possessing a surface-water connection with a continuously flowing stream (however small)").

## B. The 2015 Rule.

In June 2015, the agencies issued a final rule defining "waters of the United States." 80 Fed. Reg. at 37,054 (June 29, 2015) (2015 Rule). Many of the State Intervenors, among others,

challenged that rule as contrary to the CWA, the Administrative Procedure Act, and the Constitution. Reflecting the strength of these challenges, the rule was enjoined—and in some cases, declared unlawful—by multiple federal courts. *See*, *e.g.*, *Georgia v. Wheeler*, 418 F. Supp. 3d 1336, 1383 (S.D. Ga. 2019); *North Dakota, et al*. v. *EPA, et al.*, 127 F. Supp. 3d 1047 (D. N.D. 2015); Order, *Texas v. EPA*, Case No. 3:15-cv-162 (S.D. Tex. Sept. 12, 2018) (Doc. 140).

While this litigation was ongoing, the President issued an Executive Order in early 2017 directing the agencies to review the prior rule. Exec. Order No. 13778, 82 Fed. Reg. 12,497 (Feb. 28, 2017). The federal agencies ultimately approached this goal in two steps: (1) rescinding the old rule and re-codifying the pre-existing rules, then (2) issuing a new rule defining "waters of the United States" consistent with the CWA and its underlying cooperative federalism framework. *See*, *e.g.*, Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899 (July 17, 2017). Many of the State Intervenors submitted comments in support of these proposed actions. *See*, *e.g.*, State of West Virginia et al., Comments On The Proposed Rule Entitled Revised Definition of "Waters of the United States," 84 Fed. Reg. 4154 (Feb. 14, 2019) (joined by West Virginia, Alabama, Arkansas, Georgia, Idaho, Indiana, Kansas, Louisiana, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Tennessee, Texas, and Utah).

### C. The 2020 Rule

In October 2019, the Environmental Protection Agency and Army Corps of Engineers ("the agencies") published a final rule repealing the 2015 Clean Water Rule. Definition of "Waters of the United States"—Recodification of Pre-existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019). The agencies then published a second rule formally clarifying the definition of "waters of the United States" under the Clean Water Act. *See* The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) (to be codified at 33 C.F.R. 328) ("2020 Rule"). In the 2020 Rule, the agencies concluded that the 2015 rule did not reflect the CWA's proper legal limits and adopted, instead, an approach that largely tracks Justice Scalia's plurality opinion in *Rapanos*. *Id*. at 22,265. The agencies also recognized that it was

inappropriate to push the statute's jurisdictional limits without a clear statement from Congress authorizing the encroachment into traditional state prerogatives. *Id*. at 22,260, 22,272.

On May 1, 2020, the plaintiffs filed this action challenging the 2020 Rule, seeking declaratory and injunctive relief. Doc. 1. The plaintiffs argued that the agencies acted arbitrarily and capriciously in repealing the 2015 rule and asked this Court to vacate and set aside the 2020 Rule. *Id.* at 21, 22. On May 18, 2020, the plaintiffs moved for a nationwide preliminary injunction. Doc. 30.

## INTERESTS AND GROUNDS FOR INTERVENTION

Intervention should be permitted as of right because the State Intervenors "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the [State Intervenors'] ability to protect [their] interest," and "existing parties [do not] adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has interpreted this standard as requiring State Intervenors to show that: (1) "the application is timely"; (2) they have "a significant protectable interest relating to the . . . subject of the action"; (3) the action may "impede or impair" their ability to protect their interests; and (4) existing parties "may not adequately represent . . . [their] interests." *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). The State Intervenors easily fulfill all four of these factors.

### A. The application is timely.

The Rules of Civil Procedure do not set a deadline for intervention, but plaintiffs filed their complaint on May 1, 2020, and the State Intervenors are filing this motion just 31 days after that date and before any the federal defendants have filed any answer or responsive pleading. Perhaps more relevant, this motion is being filed just 14 days after plaintiffs filed a motion for a preliminary injunction seeking nationwide relief—a remedy that would have significant consequences for all States. Intervention at this early stage also would not delay this action as the State Intervenors are simultaneously filing an answer and proposed response to plaintiffs' motion for preliminary injunction.

### B. The State Intervenors have a significant protectable interest in ensuring the proper interpretation of the federal government's jurisdiction over their sovereign lands and waters.

The State Intervenors have clear and substantial protectable interests at stake in this action. The "property" that is the subject of this action, particularly given the plaintiffs' request for nationwide relief, includes the sovereign lands and waters within the State Intervenors' borders that is potentially subject to federal jurisdiction under the CWA. *Day*, 505 F.3d at 965. Further, the "regulation of land use" that is the consequence of deeming waters "waters of the United States" is a "quintessential state and local power." *Rapanos*, 547 U.S. at 738 (plurality op.); *see also* 33 U.S.C. § 1251(b). It follows that regulating and protecting intrastate waters is an important element of state sovereignty. *Tarrant Reg'l Water Dist. v. Hermann*, 569 U.S. 614, 632 (2013) (citing *United States v. Alaska*, 521 U.S. 1, 5 (1997)). These interests are at the heart of this action, which seeks to expand the scope of federal regulatory jurisdiction over the States' lands and waters.

Moreover, the scope of the term "waters of the United States" does not just set federal jurisdiction over waters within the States: it sets the scope of the States' responsibilities under the CWA. That Act was built on a cooperative federalism framework. Congress enacted the CWA with a policy to "recognize, preserve, and protect the primary responsibilities and rights of states to prevent, reduce, and eliminate pollution" and to "plan the development and use … of land and water resources." 33 U.S.C. § 1251(b). And as contemplated by the Act, the large majority of states have assumed authority to administer the CWA's core permitting regime, *see* U.S. Envtl. Protection Agency, *NPDES Program Authorizations* (July 2019), *available at* https://www.epa.gov/sites/production/files/2020-04/documents/npdes_authorized_states_2020_map.pdf. The States are also required to issue water-quality certifications for every federal permit issued within their borders. *See* 33 U.S.C. § 1341(a). The scope of those programs depends on what counts as "waters of the United States," and the scope of that term thus determines what regulatory duties and costs the States must absorb.

These substantial effects of the definition of "waters of the United States" on the State Intervenors' interests drove their efforts to challenge the 2015 Rule, which attempted to render the "vast majority of the nation's water features" subject to federal jurisdiction. U.S. EPA & Department of the Army, *Economic Analysis of the EPA-Army Clean Water* at 11 (May 20, 2015) (Docket ID: EPA-HQ-OW-2011-0880-20866), https://www.regulations.gov/document?D=EPA-HQ-OW-2011-0880-20866. This kind of encroachment on the States' sovereign power to regulate their water resources lacked statutory or even constitutional justification. *See*, *e.g.*, *Hodel v. Va. Surface Mining & Reclamation Ass'n Inc.*, 452 U.S. 264, 286-87 (1981) (explaining that a federal rule violates States' Tenth Amendment powers when it addresses matters that are indisputably attributes of state sovereignty, and when compliance with the rule would directly impair States' ability to structure integral operations); *see also*, *e.g.*, *Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001). The 2020 Rule, by contrast, better respects the States' traditional regulatory authority over their lands and waters by returning federal regulators to their appropriate lane. The State Intervenors thus have substantial interests that are threatened by the plaintiffs' action, which seeks to re-impose expansive federal jurisdiction in this area of traditional state authority. If the plaintiffs have interests in this action, the State Intervenors undoubtedly have a protectable interest, too.

**C.  The disposition of this action could impede the State Intervenors' ability to protect their interests.**

The risk this action poses to the State Intervenors' interests is readily apparent. Many of the State Intervenors challenged the 2015 Rule because its expansive assertion of jurisdiction threatened to saddle them and their citizens with substantial costs and infringed their traditional sovereign authority over their lands and waters. *See* Order, *North Dakota v. U.S. Envtl. Prot. Agency*, Case No. 3:15-cv-59 (N.D. Aug. 27, 2015 (ECF No. 70) (enjoining 2015 Rule in Alaska, Arizona, Arkansas, Colorado, Idaho, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, South Dakota, and Wyoming); Order, *Georgia v. McCarthy*, Case No. 2:15-cv-79 (S.D. Ga. June 8, 2018) (ECF No. 174) (enjoining the 2015 Rule in Alabama, Florida, Georgia, Indiana, Kansas, Kentucky, North Carolina, South Carolina, Utah, West Virginia, and

Wisconsin); Order, *Texas v. EPA*, Case No. 3:15-cv-162 (S.D. Tex. Sept. 12, 2018) (ECF No. 140) (enjoining the 2015 Rule in Louisiana, Mississippi, and Texas). And many of the State Intervenors also supported and continue to support the agencies' promulgation of the 2020 Rule as a necessary and important clarification of federal jurisdiction over their sovereign lands and waters. *See* 84 Fed. Reg. 4154; Macy Decl. ¶ 8; Parfitt Decl. ¶ 3; Singletary Decl. ¶ 4; Swonke Decl. ¶¶ 7–8. Now, the plaintiffs challenge the 2020 Rule as "arbitrary, capricious, and not in accordance with law" and seek to have it set aside and vacated. Doc. 1, at 24. Further, and most pressing, the plaintiffs seek universal injunctive relief in their motion for a preliminary injunction. If the plaintiffs secure their requested relief, the consequences will extend to the State Intervenors, too, even though they support implementation of the 2020 Rule and strongly oppose the plaintiffs' requested "relief." *See, e.g.*, *Seneca-Cayuga Tribe of Okla. v. Oklahoma*, 874 F.2d 709, 716 (10th Cir. 1989) (explaining that the "prospect of significant interference with … self-government" weighs against injunctive relief); *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1255 (10th Cir. 2006); *Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001). And aside from intervening in this case to defend against that challenge, there is no other ready recourse for the State Intervenors to combat an injunction issued by this Court that applies within their geographic boundaries.

**D. The existing parties will not adequately represent the interests of the State Intervenors.**

Unlike the plaintiffs, the State Intervenors believe the 2020 Rule strikes a reasonable balance between the roles of federal regulators and the States in protecting land and water resources. The State Intervenors view the 2020 Rule as a substantial improvement over the prior rule. The new rule builds on Justice Scalia's plurality opinion in *Rapanos*, 85 Fed. Reg. at 22314, which the State Intervenors will argue best comports with the text and purposes of the CWA— and at a minimum avoids serious constitutional concerns. *Rapanos*, 547 U.S. at 737-38 (plurality op.). The 2020 Rule's approach also preserves the longstanding role of the States as primary regulators of intrastate lands and waters by allowing for federal jurisdiction over only relatively permanent bodies of water, and leaving within state control those areas that benefit the most

from regulation according to "local policies 'more sensitive to the diverse needs of a heterogeneous society.'" *Bond v. United States*, 564 U.S. 211, 221 (2011). The Court should hear from States on both sides of the issue before ruling on this important question.

The defendants—officials and agencies of the federal government—will not adequately represent the State Intervenors' interests, either. Although the defendants will also urge the Court to reject the Complaint, their rationale could differ substantively from the bases the State Intervenors intend to advance. The State Intervenors' interests could also differ from those of the agencies when it comes to proper interpretation of the CWA's cooperative federalism framework, for example. The defendants also cannot respond to the plaintiffs' arguments in the same manner that the State Intervenors can: as same-level sovereigns in our federal form of government. Further, the State Intervenors will be able to explain their own regulatory programs better than other litigants. And if the Court holds that the 2020 Rule is unlawful, the plaintiffs may seek a remedy that would increase the federal defendants' power and impose irreparable economic harms on the State Intervenors. Given this dynamic, the State Intervenors' interests are not adequately represented by any of the existing parties.

### E. In the alternative, the Court should permit intervention under Rule 24(b).

Finally, in the event this Court does not grant intervention as a matter of right, the Court should permit the State Intervenors to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), which provides: "On timely motion, the court may permit anyone to intervene who … has a claim or defense with the main action a common question of law or fact." The State Intervenors' motion is timely and will not delay these proceedings, as explained above. Moreover, their position in support of the 2020 Rule plainly involves common questions of law and fact with this action. Their direct opposition to plaintiffs' claims satisfies the "common question" requirement for permissive intervention. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002). The State Intervenors therefore satisfy the requirements for permissive intervention to protect their important interests in this case.

## CONCLUSION

For the reasons stated above, the State Intervenors request that the Court grant their motion to intervene as of right, or, in the alternative, grant leave for State Intervenors to intervene.

Respectfully submitted.

/s/ *Bradley A. Benbrook*
Bradley A. Benbrook (SBN 177786)
Benbrook Law Group
400 Capitol Mall, Ste 2530
Sacramento, CA 95814
Tel: (916) 447-4900
Fax: (916) 447-4904
Email: brad@benbrooklawgroup.com
*Counsel for State Intervenors*

PATRICK MORRISEY
   *West Virginia Attorney General*

/s/ Lindsay S. See
Lindsay S. See*
   *Solicitor General*
Benjamin E. Fischer*
Thomas T. Lampman*
   *Assistant Solicitors General*
West Virginia Office of the Attorney General
1900 Kanawha Blvd. East
Building 1, Room E-26
Tel: (304) 558-2021
Fax: (304) 558-0140
Email: lindsay.s.see@wvago.gov
*Counsel for Intervenor State of West Virginia*

KEVIN G. CLARKSON
   *Attorney General of Alaska*

/s/ *Jennifer Currie*
Jennifer Currie
   *Senior Assistant Attorney General*
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994
Tel: (907) 269-5100
Fax: (907) 276-3697
Email: Jennifer.currie@alaska.gov
*Counsel for Intervenor State of Alaska*

CHRISTOPHER M. CARR
   *Attorney General of Georgia*

/s/ *Andrew A. Pinson*
Andrew A. Pinson
   *Solicitor General*
Ross W. Bergethon*
   *Deputy Solicitor General*
Drew F. Waldbeser*
   *Assistant Solicitor General*
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Tel: (404) 651-9453
Fax: (404) 656-2199
Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

STEVE MARSHALL
   *Attorney General of Alabama*

/s/ *A. Barrett Bowdre*
A. Barrett Bowdre
   *Deputy Solicitor General*
Office of the Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130
Telephone: (334) 353-8892
Fax: (334) 353-8400
E-mail: barrett.bowdre@AlabamaAG.gov
*Counsel for Intervenor State of Alabama*

LESLIE RUTLEDGE
   *Attorney General of Arkansas*

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs*
   *Assistant Solicitor General*
Office of the Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
Tel: (501) 682-3661
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov
*Counsel for Intervenor State of Arkansas*

LAWRENCE WASDEN
  *Attorney General of Idaho*

/s/ *Mark Cecchini-Beaver (with permission)*
Mark Cecchini-Beaver
  *Deputy Attorney General*
Office of the Attorney General
Environmental Quality Section
1410 N. Hilton, 2nd Floor
Boise, ID 83706
Tel: (208) 373-0494
Fax: (208) 373-0481
Email: Mark.Cecchini-Beaver@deq.idaho.gov
*Counsel for Intervenor State of Idaho*

DEREK SCHMIDT
  *Attorney General of Kansas*

/s/ *Jeffrey A. Chanay*
Jeffrey A. Chanay*
  *Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3rd Floor
Topeka, Kansas 66612
Tel: (785) 368-8435
Email: jeff.chanay@ag.ks.gov
*Counsel for Intervenor State of Kansas*

JEFF LANDRY
  *Attorney General of Louisiana*

/s/ *Elizabeth B. Murrill*
Elizabeth B. Murrill*
  *Solicitor General*
Joseph Scott St. John*
  *Deputy Attorney General*
Louisiana Department of Justice
1885 N. 3rd St.
Baton Rouge, LA 70802
Tel: (225) 456-7544
Email: MurrillE@ag.louisiana.gov
*Counsel for Intervenor State of Louisiana*

/s/ *Thomas M. Fisher*
Thomas M. Fisher
  *Solicitor General of Indiana*
Office of the Indiana Attorney General
302 W. Washington Street, IGCS, 5th Floor
Indianapolis, Indiana
Tel: (317) 233-8292
Fax: (317) 233-8292
Email: tom.fisher@atg.in.gov
*Counsel for Intervenor State of Indiana*

DANIEL CAMERON
  *Attorney General of Kentucky*

/s/ *Carmine Iaccarino*
Carmine Iaccarino*
  *Executive Director, Office of Civil & Environmental Law*
Office of the Attorney General
700 Capitol Avenue
Frankfort, Kentucky 40601
Tel: (502) 696-5650
Email: Carmine.Iaccarino@ky.gov
*Counsel for Intervenor Commonwealth of Kentucky*

LYNN FITCH
  *Attorney General of Mississippi*

/s/ *Kristi H. Johnson*
Kristi H. Johnson
  *Solicitor General*
Office of the Attorney General
P.O. Box 220
Jackson, Mississippi 39205
Tel: (601) 359-5563
Email: Kristi.Johnson@ago.ms.gov
*Counsel for Intervenor State of Mississippi*

TIMOTHY C. FOX
  *Attorney General of Montana*

/s/ *Melissa Schlichting*
Melissa Schlichting
  *Deputy Attorney General*
Office of the Attorney General
215 North Sanders / P.O. Box 201401
Helena, MT 59620-1401
Tel: (406) 444-3602
Email: MSchlichting@mt.gov
*Counsel for Intervenor State of Montana*

| | |
|---|---|
| ERIC S. SCHMITT<br>   *Attorney General of Missouri*<br><br>/s/ *Julie Marie Blake*<br>Julie Marie Blake\*<br>   *Deputy Solicitor General*<br>Office of the Attorney General<br>P.O. Box 899<br>Jefferson City, MO 65102<br>Tel: (573) 751-3321<br>Fax: (573) 751-0774<br>Email: Julie.Blake@ago.mo.gov<br>   *Counsel for Intervenor State of Missouri*<br><br>DOUGLAS J. PETERSON<br>   *Attorney General*<br><br>/s/ *James A. Campbell*<br>James A. Campbell\*<br> *Solicitor General*<br>Justin D. Lavene\*<br> *Assistant Attorney General*<br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>Email: justin.lavene@nebraska.gov<br>Email: jim.campbell@nebraska.gov<br>Tel: (402) 471-2682<br>*Counsel for Intervenor State of Nebraska*<br><br>DAVE YOST<br>   *Attorney General of Ohio*<br><br>/s/ *Benjamin M. Flowers*<br>Benjamin M. Flowers<br>   *Solicitor General*<br>Office of Ohio Attorney General<br>30 E. Broad St., 17th Floor<br>Columbus, OH 43215<br>Tel: (614) 728-7511<br>Email: bflowers@ohioattorneygeneral.gov<br>*Counsel for Intervenor State of Ohio*<br><br>ALAN WILSON<br>   *Attorney General*<br><br>/s/ *James Emory Smith, Jr.*<br>James Emory Smith, Jr.\*<br>   *Deputy Solicitor General*<br>Office of the Attorney General<br>1000 Assembly Street, Room 519<br>Columbia, South Carolina 29201<br>Tel: (803) 734-3680<br>Email: esmith@scag.gov<br>*Counsel for Intervenor State of South Carolina* | WAYNE STENEHJEM<br>   *Attorney General of North Dakota*<br><br>/s/ *Margaret I. Olson*<br>Margaret I. Olson\*<br>   *Assistant Attorney General*<br>North Dakota Office of Attorney General<br>500 N. 9th Street<br>Bismarck, ND 58501<br>Tel: (701) 328-3640<br>Fax: (701) 328-4300<br>Email: maiolson@nd.gov<br>*Counsel for Intervenor State of North Dakota*<br><br>MIKE HUNTER<br>   *Attorney General of Oklahoma*<br><br>/s/ *Mithun Mansinghani*<br>Mithun Mansinghani<br>   *Solicitor General*<br>Oklahoma Office of the Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105<br>Phone: (405) 522-4392<br>Fax: (405) 521-4518<br>Email: Mithun.Mansinghani@oag.ok.gov<br>*Counsel for Intervenor State of Oklahoma*<br><br>JASON R. RAVNSBORG<br>   *Attorney General*<br><br>/s/ *Ann F. Mines Bailey*<br>Ann F. Mines Bailey\*<br>   *Assistant Attorney General*<br>State of South Dakota<br>1302 E. Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Tel: (605) 773-3215<br>Fax: (605)773-4106<br>Email: ann.mines@state.sd.us<br>*Counsel for Intervenor State of South Dakota*<br><br>KEN PAXTON<br>   *Attorney General of Texas*<br><br>/s/ *Kyle D. Hawkins*<br>Kyle D. Hawkins<br>   *Solicitor General*<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>Tel: (512) 936-1700<br>Fax: (512) 474-2697<br>Email: Kyle.Hawkins@oag.texas.gov<br>   *Counsel for Intervenor State of Texas* |

| | |
|---|---|
| HERBERT H. SLATERY III<br>   *Attorney General and Reporter of Tennessee*<br><br>/s/ *Elizabeth P. McCarter*<br>Elizabeth P. McCarter<br>   *Senior Assistant Attorney General*<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Tel: (515) 532-2582<br>Email: lisa.mccarter@ag.tn.gov<br>*Counsel for Intervenor State of Tennessee*<br><br>SEAN D. REYES<br>   *Attorney General of Utah*<br><br>/s/ *Daniel Burton*<br>Daniel Burton\*<br>   *Chief Policy Counsel*<br>Office of the Attorney General<br>Utah State Capitol Complex<br>350 North State Street, Suite 230<br>Salt Lake City, Utah 84114-2320<br>Tel: (801) 538-9600<br>Email: danburton@agutah.gov<br>*Counsel for Intervenor State of Utah* | BRIDGET HILL<br>   *Attorney General of Wyoming*<br><br>/s/ *James C. Kaste*<br>James C. Kaste<br>   *Deputy Attorney General*<br>Office of the Attorney General<br>2320 Capitol Avenue<br>Cheyenne, WY 82002<br>Tel: (307) 777-6946<br>Fax: (307) 777-3542<br>Email: james.kaste@wyo.gov<br>*Counsel for Intervenor State of Wyoming* |

\*Application for Admission Pro Hac Vice Pending or Forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, I served this motion to intervene in support of defendants by filing it with this Court's ECF system.

/s/ *Andrew A. Pinson*
Andrew A. Pinson