Bradley A. Benbrook (SBN 177786)
Benbrook Law Group
400 Capitol Mall, Ste 2530
Sacramento, CA 95814
Tel: (916) 447-4900
Fax: (916) 447-4904
Email: brad@benbrooklawgroup.com
*Counsel for Intervening States*

PATRICK MORRISEY
   *West Virginia Attorney General*
Lindsay S. See*
   *Solicitor General*
Benjamin E. Fischer*
Thomas T. Lampman*
   *Assistant Solicitors General*
West Virginia Office of the Attorney General
1900 Kanawha Blvd. East
Building 1, Room E-26
Tel: (304) 558-2021
Fax: (304) 558-0140
Email: lindsay.s.see@wvago.gov
*Counsel for Intervenor State of West Virginia*

CHRISTOPHER M. CARR
   *Attorney General of Georgia*
Andrew A. Pinson
   *Solicitor General*
Ross W. Bergethon
   *Deputy Solicitor General*
Drew F. Waldbeser
   *Assistant Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Tel: (404) 651-9453
Fax: (404) 656-2199
Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

(Add'l Counsel Listed on Signature Page)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, *et al.*,<br>    *Plaintiffs,*<br>v.<br>Andrew Wheeler, *et al.*,<br>    *Defendants.* | Case No. 3:20-cv-3005-RS<br><br>**[PROPOSED] STATE INTERVENORS' ANSWER**<br><br>Hr'g Date: June 18, 2020<br>Hr'g Time: 1:30pm<br>Dep't: San Francisco Courthouse, Courtroom 3, 17th Floor<br>Judge: Honorable Richard Seeborg<br>Action Filed: May 1, 2020 |

Intervenor-Defendants, the States of Georgia, West Virginia, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming (the "State Intervenors"), through undersigned counsel, answer the complaint in this action as follows:

1. Paragraph 1 characterizes Plaintiffs' lawsuit and does not require a response. To the extent a response is required, the State Intervenors admit that the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers (collectively, the "agencies") published a rule entitled "The Navigable Waters Protection Rule: Definition of 'Waters of the United States'" ("2020 Rule") on April 21, 2020. *See* 85 Fed. Reg. 22,250 (Apr. 21, 2020). The State Intervenors deny that the Plaintiffs are entitled to the relief they seek.

2. Paragraph 2 consists of opinions and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors admit that the 2020 Rule defines the term "waters of the United States" for purposes of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*

3. Paragraph 3 consists of characterizations, opinions, and legal conclusions to which no response is required. Paragraph 3 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

4. Paragraph 4 consists of opinions and legal conclusions to which no response is required. Paragraph 4 also characterizes and cites the Federal Register, which is publicly available, speaks for itself, and is the best evidence of its contents.

5. The State Intervenors admit the following allegations in Paragraph 5: The agencies promulgated a rule, "Definition of 'Waters of the U.S.'"—Recodification of Pre-Existing Rules," 84 Fed Reg. 56,626, on October 22, 2019 ("Repeal Rule"). The Repeal Rule repeals an earlier regulation, "Clean Water Rule: Definition of 'Waters of the U.S.,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), and restores the legal status quo that existed prior to the 2015 Rule. The

remainder of Paragraph 5 consists of characterizations and legal conclusions to which no response is required.

6. Paragraph 6 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors admit that the 2020 Rule replaces the 2019 Rule with a revised definition of "waters of the United States" for purposes of the CWA. They further admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule. The State Intervenors deny the remaining allegations in Paragraph 6.

7. Paragraph 7 consists of opinions, characterizations, and legal conclusions to which no response is required. Paragraph 7 also characterizes and cites to a legal opinion, which is publicly available, speaks for itself, and is the best evidence of its contents.

8. Paragraph 8 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 8.

9. Paragraph 9 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 9.

10. Paragraph 10 consists of opinions and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny that the 2020 Rule exposes the Plaintiffs to pollution, places Plaintiffs at a competitive disadvantage, or injures the Plaintiffs' sovereign or proprietary interests. The State Intervenors lack sufficient information to respond to the allegation regarding the ability of the Plaintiffs to manage their regulatory programs, and deny the remaining allegations in Paragraph 10.

11. Paragraph 11 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 11.

12. Paragraph 12 consists of a characterization of the Plaintiffs' lawsuit and the relief sought therein. To the extent a response is required, the State Intervenors deny Plaintiffs are entitled to the relief sought in Paragraph 12.

13. Admitted.

14. Admitted.

15. Admitted.

16. The State Intervenors admit that the State Plaintiffs are sovereign states of the United States of America. They further admit that the North Carolina Department of Environmental Quality is an executive agency of the State of North Carolina, that the District of Columbia is a municipal corporation and is the local government for the territory constituting the permanent seat of the government of the United States, and that the City of New York is a municipal corporation and political subdivision of the State of New York. The State Intervenors lack sufficient information or knowledge to admit or deny the truth of the remaining allegations in Paragraph 16.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required. Paragraph 22 also quotes from 5 U.S.C. § 551(5), which speaks for itself, is the best evidence of its contents, and to which no response is required.

23. Paragraph 23 states a legal conclusion to which no response is required. Paragraph 23 also selectively quotes from statutory authority, which is publicly available, speaks for itself, and is the best evidence of its contents.

24. Paragraph 24 states a legal conclusion to which no response is required.

25. Paragraph 25 consists of legal conclusions to which no response is required. Paragraph 25 also quotes 5 U.S.C. § 553(c), which is publicly available, speaks for itself, and to which no response is required.

26. Paragraph 26 states a legal conclusion to which no response is required.

27. Paragraph 27 states a legal conclusion to which no response is required.

28. Paragraph 28 states a legal conclusion to which no response is required.

29. Paragraph 29 states a legal conclusion to which no response is required. Paragraph 29 also quotes from 5 U.S.C. § 706(2)(A), which is publicly available, speaks for itself, and to which no response is required.

30. Paragraph 30 states a legal conclusion to which no response is required. In addition, Paragraph 30 quotes from 33 U.S.C. § 1251(a), which is publicly available, speaks for itself, and to which no response is required.

31. Paragraph 31 consists of opinions and legal conclusions to which no response is required. Paragraph 31 also selectively quotes from statutory authority (33 U.S.C. §§ 1311(a), 1342, 1344, 1362(7), 1362(12)), which is publicly available, speaks for itself, and to which no response is required.

32. Paragraph 32 consists of characterizations, opinions, and legal conclusions to which no response is required. Paragraph 32 also characterizes and selectively quotes from legal opinions that speak for themselves, are the best evidence of their contents, and to which no response is required.

33. Paragraph 33 consists of characterizations and legal conclusions to which no response in required. Paragraph 33 also characterizes and selectively quotes from statutory authority and legislative history, which are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

34. Paragraph 34 consists of characterizations and legal conclusions to which no response in required. Paragraph 34 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

35. Paragraph 35 consists of characterizations and legal conclusions to which no response in required. Paragraph 35 also characterizes and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

36. Paragraph 36 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 36 cites statutory authority, which is publicly available, speaks for itself, and is the best evidence of its contents.

37. Paragraph 37 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 37 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

38. Paragraph 38 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 38 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

39. Paragraph 39 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 39 cites statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

40. Paragraph 40 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 40 cites and selectively quotes from statutory authority, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

41. Paragraph 41 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 41 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

42. The State Intervenors admit that the agencies issued a joint legal memorandum on January 15, 2003. Appendix A, "Advance Notice of Proposed Rulemaking on the Clean Water Act Regulatory Definition of 'Waters of the United States,'" 68 Fed. Reg. 1991, 1996 (Jan. 15, 2003). The State Intervenors also admit that the EPA issued a guidance memorandum entitled "Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United States & Carabell v. United States*" in December 2008. The remainder of Paragraph 42 consists of characterizations and opinions to which no response is required.

43. Paragraph 43 consists of characterizations and legal conclusions to which no response is required. Paragraph 43 also characterizes certain administrative materials that are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

44. Paragraph 44 consists of characterizations and legal conclusions to which no response is required. Paragraph 44 also characterizes certain administrative materials that are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

45. The State Intervenors admit that the Agencies promulgated a rule in 2015 defining "waters of the United States" for purposes of the CWA, which became effective on August 28, 2015. The remainder of Paragraph 45 consists of characterizations and legal conclusions to which no response is required.

46. Paragraph 46 consists of characterizations, and legal conclusions to which no response is required. Paragraph 46 also characterizes and quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

47. Paragraph 47 consists of characterizations and legal conclusions to which no response is required. Paragraph 47 also characterizes and selectively quotes from public documents that speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 47.

48.     The State Intervenors admit the President issued Executive Order 13778 entitled "Restoring the Rule of Law, Federalism, and Economic Growth by Reviewing the 'Waters of the United States' Rule," which is codified at 82 Fed. Reg. 12,497, in 2017. The remainder of Paragraph 48 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, and to which no response is required.

49.     The State Intervenors admit the agencies promulgated the Repeal Rule on October 22, 2019, which repealed the earlier 2015 Rule. The remainder of Paragraph 49 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, and to which no response is required.

50.     Paragraph 50 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule. The State Intervenors deny the remaining allegations in Paragraph 50.

51.     Paragraph 51 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

52.     Paragraph 52 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 52 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

53.     Paragraph 53 consists of characterizations and legal conclusions to which no response is required. In addition, Paragraph 53 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

54.     The State Intervenors admit that the 2020 Rule contains certain exclusions from the definition of "waters of the United States." The remainder of Paragraph 54 consists of

characterizations and legal conclusions to which no response is required. In addition, Paragraph 54 characterizes and selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required.

55. The State Intervenors admit that the 2020 Rule excludes interstate waters as a separate category of "waters of the United States." The remainder of Paragraph 55 consists of opinions and legal conclusions to which no response is required.

56. Paragraph 56 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 56 characterizes and cites from administrative materials that are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the State Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule.

57. Paragraph 57 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 57 characterizes and cites from publicly available sources, including administrative materials, which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the State Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule. The State Intervenors deny the remaining allegations in Paragraph 57.

58. Paragraph 58 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 58.

59. Paragraph 59 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 59 characterizes and selectively quotes from legal opinions and the Federal Register, which are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

60. Paragraph 60 consists of opinions, characterizations, and legal conclusions to which no response is required. Paragraph 60 also characterizes and selectively quotes from the Federal Register, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 60.

61. Paragraph 61 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 61.

62. Paragraph 62 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 62.

63. Paragraph 63 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 63.

64. Paragraph 64 characterizes and selectively quotes from public documents that speak for themselves, are the best evidence of their contents, and to which no response is required.

65. Paragraph 65 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 65.

66. The State Intervenors admit that the agencies engaged with the EPA's Science Advisory Board ("SAB") during the development of the 2020 Rule, including meeting with the SAB prior to and following publication of the proposed 2020 Rule. They further admit that SAB issued a draft commentary on the proposed rule on December 31, 2019, and held a public meeting on the proposed rule on January 17, 2020. The State Intervenors further admit that the agencies signed the final 2020 Rule on January 23, 2020. The remaining allegations in Paragraph 66 consist of opinions to which no response is required.

67. Paragraph 67 consists of characterizations and legal conclusions to which no response is required. Paragraph 67 also characterizes and selectively quotes from certain public

materials which speak for themselves, are the best evidence of their contents, and to which no response is required.

68. Paragraph 68 consists of opinions and characterizations to which no response is required. Paragraph 68 further selectively quotes from the Federal Register, which is publicly available, speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 68.

69. Paragraph 69 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 69.

70. Paragraph 70 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 70.

71. Paragraph 71 consists of opinions, characterizations, and legal conclusions requiring no response. To the extent a response is required, the State Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule. The State Intervenors deny the remaining allegations in Paragraph 71.

72. Paragraph 72 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 72 cites and selectively quotes from the Federal Register, which is publicly available, speaks for itself, and is the best evidence of its contents. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 72.

73. Paragraph 73 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 73.

74. Paragraph 74 consists of opinions and characterizations to which no response is required. Paragraph 74 also characterizes the Federal Register, which is publicly available,

speaks for itself, and is the best evidence of its contents. To the extent a response is required, the State Intervenors deny that the allegations in Paragraph 74.

75. Denied.

76. The State Intervenors admit that the Plaintiffs' jurisdictions cover vast areas of the country, and that Plaintiffs are geographically situated along some of the Nation's waters. The State Intervenors further admit that the Plaintiffs have authority to address water pollution generated by sources within their borders, and that they do not have authority to directly regulate water pollution generated by sources outside of their borders. The State Intervenors lack sufficient knowledge to respond to the remainder of the allegations in Paragraph 76.

77. The State Intervenors lack sufficient knowledge to respond to the allegation that the Plaintiffs rely on uniform nationwide pollution controls. The State Intervenors deny that the Plaintiffs will suffer the harm under the 2020 Rule, and deny the remaining allegations in Paragraph 77.

78. Paragraph 78 consists of opinions, characterizations, and legal conclusions to which no response is required. To the extent that a response is required, the State Intervenors deny the allegations in Paragraph 78.

79. Paragraph 79 consists of opinions, characterizations, and legal conclusions to which no response is required. In addition, Paragraph 79 characterizes and cites certain public documents that speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the State Intervenors admit that coverage of the 2020 Rule is different from that of the 2015 Rule as well as the pre-2015 regulatory regime, and further admit that some features covered by those regimes would not be jurisdictional under the 2020 Rule. Further, to the extent a response is required, the State Intervenors deny the remaining allegations in Paragraph 79.

80. Paragraph 80 characterizes and selectively quotes from certain publicly available materials which speak for themselves, are the best evidence of their contents, and to which no response is required. The State Intervenors lack sufficient knowledge to respond to the remaining allegations in Paragraph 80.

81. Paragraph 81 consists of opinions and legal conclusions to which no response is required. The remainder of Paragraph 81 characterizes and selectively quotes from administrative materials, which are publicly available, speak for themselves, are the best evidence of their contents, and to which no response is required.

82. Paragraph 82 consists of characterizations and legal conclusions to which no response is required.

83. Paragraph 83 consists of opinions, characterizations, and legal conclusions requiring no response. Paragraph 83 further characterizes and selectively quotes from certain publicly available documents which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, the State Intervenors deny that the 2020 Rule risks more damage from oil spills.

84. The State Intervenors lack sufficient knowledge to respond to the allegations in Paragraph 84 pertaining to the effect of the 2020 Rule on the Plaintiffs' regulatory programs, the internal governance or appropriation decisions of the Plaintiffs, or any reliance by the Plaintiffs on federal regulations. The State Intervenors further deny that the agencies failed to consider the Plaintiffs' purported reliance interests in the 2020 Rule, and deny that 2020 Rule abandons the agencies' long-standing position and policy.

85. Paragraph 85 consists of opinions, speculation, and legal conclusions to which no response is required. To the extent a response is required, the State Intervenors deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 consists of opinions and speculation to which no response is required. To the extent a response is required, the State Intervenors deny that the 2020 Rule will impair water recreation industries, deny that the 2020 Rule will make water less desirable for fishing, boating, or swimming, and further deny the remaining allegations in Paragraph 86.

87. The State Intervenors admit that Plaintiffs own, operate, finance, or manage property within their borders. The remaining allegations in Paragraph 87 consist of opinions and legal conclusions to which no response is required. To the extent a response is required, the State

Intervenors deny that the 2020 Rule impairs Plaintiffs' proprietary interests, deny that the 2020 Rule will destroy habitat or reduce wildlife populations, and deny that the 2020 Rule will allow increased pollution or loss of wetland functions. The State Intervenors lack sufficient information to respond to the remaining allegations in Paragraph 87.

88. The State Intervenors deny Plaintiffs are entitled to the relief requested and deny Plaintiffs will suffer any injury caused by the 2020 Rule.

The allegations following Paragraph 88 are legal statements of causes of action and a prayer for relief to which no response is required.

**GENERAL DENIAL**

If any factual allegation in the Complaint has not been admitted or specifically responded to, the State Intervenors deny such allegation.

**DEFENSES**

1. Plaintiffs have failed to state a claim for which relief can be granted with respect to one or more of the claims set forth in the Complaint.

2. The State Intervenors reserve the right to raise any defense, including but not limited to those found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this case.

Respectfully submitted.

/s/ *Bradley A. Benbrook*
Bradley A. Benbrook (SBN 177786)
Benbrook Law Group
400 Capitol Mall, Ste 2530
Sacramento, CA 95814
Tel: (916) 447-4900
Fax: (916) 447-4904
Email: brad@benbrooklawgroup.com
*Counsel for State Intervenors*

PATRICK MORRISEY
    *West Virginia Attorney General*

/s/ *Lindsay S. See*
Lindsay S. See*
    *Solicitor General*
Benjamin E. Fischer*
Thomas T. Lampman*
    *Assistant Solicitors General*
West Virginia Office of the Attorney General
1900 Kanawha Blvd. East
Building 1, Room E-26
Tel: (304) 558-2021
Fax: (304) 558-0140
Email: lindsay.s.see@wvago.gov
*Counsel for Intervenor State of West Virginia*

KEVIN G. CLARKSON
    *Attorney General of Alaska*

/s/ *Jennifer Currie*
Jennifer Currie
    *Senior Assistant Attorney General*
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994
Tel: (907) 269-5100
Fax: (907) 276-3697
Email: Jennifer.currie@alaska.gov
*Counsel for Intervenor State of Alaska*

CHRISTOPHER M. CARR
    *Attorney General of Georgia*

/s/ *Andrew A. Pinson*
Andrew A. Pinson
    *Solicitor General*
Ross W. Bergethon*
    *Deputy Solicitor General*
Drew F. Waldbeser*
    *Assistant Solicitor General*
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Tel: (404) 651-9453
Fax: (404) 656-2199
Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

STEVE MARSHALL
    *Attorney General of Alabama*

/s/ *A. Barrett Bowdre*
A. Barrett Bowdre
    *Deputy Solicitor General*
Office of the Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130
Telephone: (334) 353-8892
Fax: (334) 353-8400
E-mail: barrett.bowdre@AlabamaAG.gov
*Counsel for Intervenor State of Alabama*

LESLIE RUTLEDGE
    *Attorney General of Arkansas*

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs*
    *Assistant Solicitor General*
Office of the Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
Tel: (501) 682-3661
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov
*Counsel for Intervenor State of Arkansas*


LAWRENCE WASDEN
   *Attorney General of Idaho*

/s/ *Mark Cecchini-Beaver (with permission)*
Mark Cecchini-Beaver
   *Deputy Attorney General*
Office of the Attorney General
Environmental Quality Section
1410 N. Hilton, 2nd Floor
Boise, ID 83706
Tel: (208) 373-0494
Fax: (208) 373-0481
Email: Mark.Cecchini-Beaver@deq.idaho.gov
*Counsel for Intervenor State of Idaho*

DEREK SCHMIDT
   *Attorney General of Kansas*

/s/ *Jeffrey A. Chanay*
Jeffrey A. Chanay*
   *Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3rd Floor
Topeka, Kansas 66612
Tel: (785) 368-8435
Email: jeff.chanay@ag.ks.gov
*Counsel for Intervenor State of Kansas*

JEFF LANDRY
   *Attorney General of Louisiana*

/s/ *Elizabeth B. Murrill*
Elizabeth B. Murrill*
   *Solicitor General*
Joseph Scott St. John*
   *Deputy Attorney General*
Louisiana Department of Justice
1885 N. 3rd St.
Baton Rouge, LA 70802
Tel: (225) 456-7544
Email: MurrillE@ag.louisiana.gov
*Counsel for Intervenor State of Louisiana*

/s/ *Thomas M. Fisher*
Thomas M. Fisher
   *Solicitor General of Indiana*
Office of the Indiana Attorney General
302 W. Washington Street, IGCS, 5th Floor
Indianapolis, Indiana
Tel: (317) 233-8292
Fax: (317) 233-8292
Email: tom.fisher@atg.in.gov
*Counsel for Intervenor State of Indiana*

DANIEL CAMERON
   *Attorney General of Kentucky*

/s/ *Carmine Iaccarino*
Carmine Iaccarino*
   *Executive Director, Office of Civil & Environmental Law*
Office of the Attorney General
700 Capitol Avenue
Frankfort, Kentucky 40601
Tel: (502) 696-5650
Email: Carmine.Iaccarino@ky.gov
*Counsel for Intervenor Commonwealth of Kentucky*

LYNN FITCH
   *Attorney General of Mississippi*

/s/ *Kristi H. Johnson*
Kristi H. Johnson
   *Solicitor General*
Office of the Attorney General
P.O. Box 220
Jackson, Mississippi 39205
Tel: (601) 359-5563
Email: Kristi.Johnson@ago.ms.gov
*Counsel for Intervenor State of Mississippi*

TIMOTHY C. FOX
   *Attorney General of Montana*

/s/ *Melissa Schlichting*
Melissa Schlichting
   *Deputy Attorney General*
Office of the Attorney General
215 North Sanders / P.O. Box 201401
Helena, MT 59620-1401
Tel: (406) 444-3602
Email: MSchlichting@mt.gov
*Counsel for Intervenor State of Montana*

| | |
|---|---|
| ERIC S. SCHMITT<br>  *Attorney General of Missouri*<br><br>/s/ *Julie Marie Blake*<br>Julie Marie Blake*<br>  *Deputy Solicitor General*<br>Office of the Attorney General<br>P.O. Box 899<br>Jefferson City, MO 65102<br>Tel: (573) 751-3321<br>Fax: (573) 751-0774<br>Email: Julie.Blake@ago.mo.gov<br>*Counsel for Intervenor State of Missouri*<br><br>DOUGLAS J. PETERSON<br>  *Attorney General*<br><br>/s/ *James A. Campbell*<br>James A. Campbell*<br>  *Solicitor General*<br>Justin D. Lavene*<br>  *Assistant Attorney General*<br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509<br>Email: justin.lavene@nebraska.gov<br>Email: jim.campbell@nebraska.gov<br>Tel: (402) 471-2682<br>*Counsel for Intervenor State of Nebraska*<br><br>DAVE YOST<br>  *Attorney General of Ohio*<br><br>/s/ *Benjamin M. Flowers*<br>Benjamin M. Flowers<br>  *Solicitor General*<br>Office of Ohio Attorney General<br>30 E. Broad St., 17th Floor<br>Columbus, OH 43215<br>Tel: (614) 728-7511<br>Email: bflowers@ohioattorneygeneral.gov<br>*Counsel for Intervenor State of Ohio*<br><br>ALAN WILSON<br>  *Attorney General*<br><br>/s/ *James Emory Smith, Jr.*<br>James Emory Smith, Jr.*<br>  *Deputy Solicitor General*<br>Office of the Attorney General<br>1000 Assembly Street, Room 519<br>Columbia, South Carolina 29201<br>Tel: (803) 734-3680<br>Email: esmith@scag.gov<br>*Counsel for Intervenor State of South Carolina* | WAYNE STENEHJEM<br>  *Attorney General of North Dakota*<br><br>/s/ *Margaret I. Olson*<br>Margaret I. Olson*<br>  *Assistant Attorney General*<br>North Dakota Office of Attorney General<br>500 N. 9th Street<br>Bismarck, ND 58501<br>Tel: (701) 328-3640<br>Fax: (701) 328-4300<br>Email: maiolson@nd.gov<br>*Counsel for Intervenor State of North Dakota*<br><br>MIKE HUNTER<br>  *Attorney General of Oklahoma*<br><br>/s/ *Mithun Mansinghani*<br>Mithun Mansinghani<br>  *Solicitor General*<br>Oklahoma Office of the Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105<br>Phone: (405) 522-4392<br>Fax: (405) 521-4518<br>Email: Mithun.Mansinghani@oag.ok.gov<br>*Counsel for Intervenor State of Oklahoma*<br><br>JASON R. RAVNSBORG<br>  *Attorney General*<br><br>/s/ *Ann F. Mines Bailey*<br>Ann F. Mines Bailey*<br>  *Assistant Attorney General*<br>State of South Dakota<br>1302 E. Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Tel: (605) 773-3215<br>Fax: (605)773-4106<br>Email: ann.mines@state.sd.us<br>*Counsel for Intervenor State of South Dakota*<br><br>KEN PAXTON<br>  *Attorney General of Texas*<br><br>/s/ *Kyle D. Hawkins*<br>Kyle D. Hawkins<br>  *Solicitor General*<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>Tel: (512) 936-1700<br>Fax: (512) 474-2697<br>Email: Kyle.Hawkins@oag.texas.gov<br>*Counsel for Intervenor State of Texas* |

HERBERT H. SLATERY III
   *Attorney General and Reporter of Tennessee*

/s/ *Elizabeth P. McCarter*
Elizabeth P. McCarter
 *Senior Assistant Attorney General*
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202
Tel: (515) 532-2582
Email: lisa.mccarter@ag.tn.gov
*Counsel for Intervenor State of Tennessee*

SEAN D. REYES
   *Attorney General of Utah*

/s/ *Daniel Burton*
Daniel Burton*
   *Chief Policy Counsel*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street, Suite 230
Salt Lake City, Utah 84114-2320
Tel: (801) 538-9600
Email: danburton@agutah.gov
*Counsel for Intervenor State of Utah*

BRIDGET HILL
   *Attorney General of Wyoming*

/s/ *James C. Kaste*
James C. Kaste
   *Deputy Attorney General*
Office of the Attorney General
2320 Capitol Avenue
Cheyenne, WY 82002
Tel: (307) 777-6946
Fax: (307) 777-3542
Email: james.kaste@wyo.gov
*Counsel for Intervenor State of Wyoming*

*Application for Admission Pro Hac Vice Pending or Forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, I served this proposed answer by filing it with this Court's ECF system.

/s/ *Andrew A. Pinson*
Andrew A. Pinson