1 XAVIER BECERRA
Attorney General of California
2 SARAH E. MORRISON
ERIC KATZ
3 Supervising Deputy Attorneys General
CATHERINE M. WIEMAN, SBN 222384
4 TATIANA K. GAUR, SBN 246227
ROXANNE J. CARTER, SBN 259441
5 JESSICA BARCLAY-STROBEL, SBN 280361
BRYANT B. CANNON, SBN 284496
6 Deputy Attorneys General
  300 South Spring Street, Suite 1702
7  Los Angeles, CA  90013
  Telephone:  (213) 269-6329
8  Fax:  (916) 731-2128
  E-mail:  Tatiana.Gaur@doj.ca.gov
9 *Attorneys for Plaintiff State of California, by and
through Attorney General Xavier Becerra and
10 California State Water Resources Control Board*

11 *[Additional Parties and Counsel Listed on
Signature Page]*

LETITIA JAMES
Attorney General of the State of New York
PHILIP BEIN
Senior Counsel
TIMOTHY HOFFMAN*
Senior Counsel
  Office of the Attorney General
  Environmental Protection Bureau
  28 Liberty Street
  New York, NY 10005
  Telephone: (716) 853-8465
  Fax: (716) 853-8579
  Email: Timothy.Hoffman@ag.ny.gov
*Attorneys for Plaintiff State of New York*

12 IN THE UNITED STATES DISTRICT COURT

13 FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 STATE OF CALIFORNIA, BY AND THROUGH
ATTORNEY GENERAL XAVIER BECERRA AND
15 CALIFORNIA STATE WATER RESOURCES CONTROL
BOARD, STATE OF NEW YORK, STATE OF
16 CONNECTICUT, STATE OF ILLINOIS, STATE OF
MAINE, STATE OF MARYLAND, STATE OF
17 MICHIGAN, STATE OF NEW JERSEY, STATE OF NEW
MEXICO, STATE OF NORTH CAROLINA *EX REL.*
18 ATTORNEY GENERAL JOSHUA H. STEIN, STATE OF
OREGON, STATE OF RHODE ISLAND, STATE OF
19 VERMONT, STATE OF WASHINGTON, STATE OF
WISCONSIN, COMMONWEALTHS OF
20 MASSACHUSETTS AND VIRGINIA, THE NORTH
CAROLINA DEPARTMENT OF ENVIRONMENTAL
21 QUALITY, THE DISTRICT OF COLUMBIA, AND THE
CITY OF NEW YORK,

22                                          Plaintiffs,

23        v.

24 ANDREW R. WHEELER, AS ADMINISTRATOR OF
THE UNITED STATES ENVIRONMENTAL
25 PROTECTION AGENCY; UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY; R. D.
26 JAMES, AS ASSISTANT SECRETARY OF THE ARMY
FOR CIVIL WORKS; AND UNITED STATES ARMY
27 CORPS OF ENGINEERS,

28                                         Defendants.

Case No. 3:20-cv-03005-RS

**PLAINTIFFS' OPPOSITION TO
MOTIONS TO INTERVENE BY:
(1) BUSINESS ORGANIZATIONS
(ECF No. 43); AND (2) CHANTELL
AND MICHAEL SACKETT (ECF
No. 45)**

Action Filed: May 1, 2020

[No hearing per Court Order, ECF No.
80]

1

**TABLE OF CONTENTS**

2

Page

3   INTRODUCTION .................................................................................................................... 1

4   ARGUMENT ........................................................................................................................... 2

5   I.   Intervention as of Right Must Be Denied Because the Proposed Intervenors
Have Failed to Establish that the Agencies Will Not Adequately Represent
Their Interests................................................................................................................ 2

6   A.   The Proposed Intervenors Cannot Satisfy the First Factor Because
They Have Not Identified Any Potentially Meritorious Arguments
7   They Will Raise that the Agencies Will Neglect. .................................... 3

8   1.   The Business Organizations Do Not Identify Any
Arguments They Will Make that the Agencies Will Neglect. ........ 3

9   2.   The Sacketts Have Similarly Failed to Identify Any
Arguments They Will Make But the Agencies Will Neglect. ........ 7

10   B.   The Proposed Intervenors Cannot Satisfy the Second Factor
Because They Have Not Established that the Agencies May Be
11   Unwilling to Defend the 2020 Rule in the Future.................................... 8

12   1.   Business Organizations' Speculation About the Agencies'
Potential Unwillingness to Defend the 2020 Rule Fails to
13   Support Intervention........................................................................ 8

14   2.   The Sacketts' Argument Based on Speculation About the
"Vicissitudes of Agency Politics" Similarly Fails to Support
15   Intervention. ................................................................................... 9

16   C.   The Proposed Intervenors Fail to Meet the Third Factor Because
They Do Not Offer Necessary Elements to This Litigation...................... 9

17   1.   The Business Organizations Should Be Denied Intervention
Because Their Participation Would Be Redundant......................... 9

18   2.   The Sacketts Similarly Have Failed to Show They Will
Raise Any Potentially Meritorious Arguments that the
19   Agencies Will Neglect. ................................................................ 10

20   II.   The Proposed Intervenors Also Have Failed to Meet Their Burden to Show
They Are Entitled to Permissive Intervention..................................................... 12

21   III.   If Intervention Is Granted, the Court Should Impose Conditions to Avoid
Delay and Prejudice to Plaintiffs........................................................................ 13

22   CONCLUSION .................................................................................................................... 14

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Arakaki v. Cayetano*
   324 F.3d 1078 (9th Cir. 2003)...........................................................................2, 10, 13

*Army Corps of Eng'rs v. Hawkes Co.*
   136 S. Ct. 1807 (2016)..............................................................................................7, 11

*California ex rel. Lockyer v. United States*
   450 F.3d 436 (9th Cir. 2006)........................................................................3, 7, 10, 11

*Camp v. Pitts*
   411 U.S. 138 (1973)................................................................................................11, 13

*Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*
   642 F.3d 728 (9th Cir. 2011)...........................................................................3, 9, 11, 14

*Ellis v. Bradbury*
   No. C-13-1266 MMC, 2013 WL 4777201 (N.D. Cal. Sept. 6, 2013) .....................14

*Forest Conservation Council v. U.S. Forest Serv.*
   66 F.3d 1495 (9th Cir. 1995).........................................................................................5

*Freedom from Religion Found., Inc. v. Geithner*
   644 F.3d 836 (9th Cir. 2011).................................................................................2, 8, 9

*League of United Latin Am. Citizens v. Wilson*
   131 F.3d 1297 (9th Cir. 1997)............................................................................. *passim*

*Motor Vehicle Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*
   463 U.S. 29 (1983) ......................................................................................................10

*Nat. Res. Def. Council v. EPA*
   735 F.3d 873 (9th Cir. 2013)......................................................................................11

*Nw. Forest Res. Council v. Glickman*
   82 F.3d 825 (9th Cir. 1996).......................................................................................2, 6

*People of State of California v. Tahoe Reg'l Planning Agency*
   792 F.2d 775 (9th Cir. 1986)............................................................................4, 10, 12

*Perry v. Proposition 8 Official Proponents*
   587 F.3d 947 (9th Cir. 2009)............................................................................. *passim*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3    *Prete v. Bradbury*
         438 F.3d 949 (9th Cir. 2006)............................................................2, 9
4

5    *Rapanos v. United States*
         547 U.S. 715 (2006) ...................................................................3, 4, 7, 10
6

     *S.C. Coastal Conservation League v. Pruitt*
7        No. 18-CV-330-DCN, 2018 WL 2184395 (D.S.C. May 11, 2018).............................6

8    *Sackett v. EPA*
         566 U.S. 120 (2012) ......................................................................7, 11
9

10   *Sierra Club, Inc. v. EPA*
         358 F.3d 516 (7th Cir. 2004)..............................................................8
11

     *Sierra Club v. Espy*
12       18 F.3d 1202 (5th Cir. 1994)..............................................................5

13   *Spangler v. Pasadena City Bd. Of Ed.*
         552 F.2d 1326 (9th Cir. 1977).............................................................12
14

15   *Utah Ass'n of Counties v. Clinton*
         255 F.3d 1246 (10th Cir. 2001)............................................................11
16

     *Wilderness Soc. v. U.S. Forest Serv.*
17       630 F.3d 11373 (9th Cir. 2011)............................................................5

18   **STATUTES**

19   Clean Water Act............................................................................ *passim*

20   **COURT RULES**

21   Fed. R. Civ. P.
         Rule 24 ..................................................................................14
22       Rule 24(a)................................................................................1
         Rule 24(a)(2) ............................................................................2
23       Rule 24(b) ...............................................................................1, 12

24
     **OTHER AUTHORITIES**
25
     Executive Order 13778 ....................................................................4
26

27   *The Navigable Waters Protection Rule: Definition of "Waters of the United*
         *States,"* 85 Fed. Reg. 22,250 (Apr. 21, 2020)....................................1, 3, 4, 5, 7, 10, 11

28

# INTRODUCTION

Plaintiffs oppose the motions to intervene filed by the Business Organizations[1] and the Sacketts (collectively, Proposed Intervenors) in this challenge to *The Navigable Waters Protection Rule: Definition of "Waters of the United States,"* 85 Fed. Reg. 22,250 (Apr. 21, 2020)[2] (2020 Rule).  The motions to intervene should be denied because the Business Organizations and the Sacketts each have failed to meet their burden to show that intervention to defend the 2020 Rule alongside the defendant Agencies (Agencies) is warranted.

Proposed Intervenors cannot show they are entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure because they have not presented evidence to rebut the presumption that their interests are adequately represented by the Agencies.  In fact, Proposed Intervenors have failed to demonstrate that they meet any of the three factors the Ninth Circuit uses to determine the inadequacy of representation requirement.

Proposed Intervenors similarly fail to demonstrate they should be allowed leave to intervene permissively under Rule 24(b) of the Federal Rules of Civil Procedure.  The same infirmities in the Proposed Intervenors' motions that require denying intervention as of right also demonstrate that this Court should exercise its discretion to deny their alternative requests for permissive intervention, particularly given that Plaintiffs would be unduly prejudiced if intervention by the Proposed Intervenors is allowed.

Accordingly, Plaintiffs respectfully request that this Court deny the motions to intervene filed by the Proposed Intervenors.  If the Court is inclined to rule otherwise, then Plaintiffs respectfully request that only one motion be granted because intervention by the Business Organizations and the Sacketts would be needlessly duplicative given that they purport to

---

[1] The Business Organizations are the American Farm Bureau Federation; American Petroleum Institute; American Road and Transportation Builders Association; Chamber of Commerce of the United States of America; Edison Electric Institute; Leading Builders of America; National Alliance of Forest Owners; National Association of Home Builders; National Cattlemen's Beef Association; National Corn Growers Association; National Mining Association; National Pork Producers Council; National Stone, Sand, and Gravel Association; Public Lands Council; and U.S. Poultry & Egg Association.  ECF No. 43 at 1.
[2] The 2020 Rule is available at https://www.federalregister.gov/documents/2020/04/21/2020-02500/the-navigable-waters-protection-rule-definition-of-waters-of-the-united-states.

1   represent the same interests.  Alternatively, if this Court is inclined to grant intervention to both

2   the Business Organizations and the Sacketts, Plaintiffs request that the Court issue an order

3   requiring the intervenors to file consolidated briefs and providing other safeguards to mitigate the

4   prejudice to Plaintiffs and the burden on judicial resources.

5                                              **ARGUMENT**

6   **I.    INTERVENTION AS OF RIGHT MUST BE DENIED BECAUSE THE PROPOSED
        INTERVENORS HAVE FAILED TO ESTABLISH THAT THE AGENCIES WILL NOT
7       ADEQUATELY REPRESENT THEIR INTERESTS.**

8            Proposed Intervenors seek to intervene as of right under Rule 24(a)(2) of the Federal Rules

9   of Civil Procedure, which has several "requirements," including that a proposed intervenor's

10  "interest must not be adequately represented by existing parties."  *Arakaki v. Cayetano*, 324 F.3d

11  1078, 1083 (9th Cir. 2003). The Ninth Circuit applies a three-factor test to determine whether

12  "existing parties adequately represent" a proposed intervenors' interest. *Id.* at 1086.  This test

13  considers: "(1) whether the interest of a present party is such that it will undoubtedly make all of

14  a proposed intervenor's arguments; (2) whether the present party is capable and willing to make

15  such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the

16  proceeding that other parties would neglect." *Id.*  The burden to establish these factors is on the

17  proposed intervenor.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)

18  (*NFRC*).

19          Where, as here, the "ultimate objective for both defendant and intervenor-defendants is

20  upholding the validity of" a government action, "a presumption arises that [the government]

21  defendant is adequately representing intervenor-defendants' interests." *Prete v. Bradbury*, 438

22  F.3d 949, 957 (9th Cir. 2006); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836,

23  841 (9th Cir. 2011) (where proposed intervenors "presented no evidence that would lead us to

24  doubt that the federal defendants' ultimate objective is to uphold the challenged" government

25  action, the "presumption of adequate representation applies").  This "presumption can be rebutted

26  only by 'a compelling showing to the contrary.'" *Freedom from Religion*, 644 F.3d at 841

27  (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009)).

28          Here, the presumption of adequate representation applies and Proposed Intervenors have

2

1    not overcome it.  The Proposed Intervenors and the Agencies share the goal of defending the

2    2020 Rule to ensure a narrower definition of "waters of the United States" than in prior rules.

3    *See, e.g.,* Business Organizations' Motion (ECF No. 43) at 5, 13 (seeking to defend 2020 Rule to

4    oppose a "return to a broader definition of WOTUS and greater federal regulation" under 2015

5    Rule); Sacketts' Motion to Intervene (ECF No. 45) at 10 (arguing that the 2020 Rule's narrower

6    definition of "adjacent wetlands" must be upheld because it is mandated by the controlling

7    plurality opinion in *Rapanos v. United States*, 547 U.S. 715 (2006) (*Rapanos*)); 85 Fed. Reg. at

8    22,266, 22,273, 22,289, 22,309, 22,278-79 (rejecting the "waters of the United States" definition

9    in the 2015 Rule and relying on the *Rapanos* plurality opinion to narrow the definitions of

10   "waters of the United States" and "adjacent wetlands" in the 2020 Rule).  The Proposed

11   Intervenors have failed to make the "very compelling showing" required to rebut this presumption

12   of adequate representation, and the Court should deny leave to intervene.  *Dep't of Fair*

13   *Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 740 (9th Cir. 2011).

14            **A.    The Proposed Intervenors Cannot Satisfy the First Factor Because They**
                     **Have Not Identified Any Potentially Meritorious Arguments They Will**
15                   **Raise that the Agencies Will Neglect.**

16                **1.    The Business Organizations Do Not Identify Any Arguments They**
                        **Will Make that the Agencies Will Neglect.**
17

18            Where intervenors have been able to "overcome" the presumption of adequate

19   representation, they have done so "through the presentation of direct evidence that the United

20   States will take a position that actually compromises" the government action the intervenors seek

21   to defend.  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 445 (9th Cir. 2006)

22   (*Lockyer*).  For example, in *Lockyer*, which the Business Organizations cite, the government's

23   neglect of the intervenors' arguments was "not just a theoretical possibility; it ha[d] already done

24   so" on summary judgment.  *Id.* at 444.

25            The Business Organizations do not identify with specificity *any* argument they will raise if

26   allowed to intervene in this action, much less an argument they will raise that the Agencies may

27   neglect.  Nor do the Business Organizations present any evidence that the Agencies will take a

28   position that contradicts the Business Organizations' position.  In fact, as the Business

3

1    Organizations admit, by limiting the "scope of the agencies' jurisdiction," the 2020 Rule adopts

2    an interpretation of the Clean Water Act (CWA) advocated by the Business Organizations in their

3    comments submitted to the Agencies during the rulemaking process.  ECF No. 43 at 12-14.

4    Further, the Business Organizations note that, in other litigation, they have "argued against a

5    definition of WOTUS that violates the Constitution and unlawfully expands the agencies'

6    regulatory jurisdiction under the CWA, and explained the need for regulatory predictability and

7    consistency."  ECF No. 43 at 13.  But those arguments are made by the Agencies in the 2020

8    Rule, which states that interpreting "waters of the United States" narrowly so as to curtail the

9    Agencies' jurisdiction is required by "Constitutional and statutory limitations," 85 Fed. Reg. at

10   22,262, 22,273, and the need for "greater regulatory predictability."  85 Fed. Reg. at 22,252,

11   22,270, 22,272-22,273, 22,317-18, 22,331.  Moreover, the Agencies have repeated those

12   arguments in their opposition to Plaintiffs' preliminary injunction.  ECF No. 106 at 13, 19, 22, 37.

13          Nor do the Business Organizations point to evidence that "the government [is] less than

14   enthusiastic about" mounting a defense, as intervenors have done in cases where intervention was

15   granted.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)

16   (*LULAC*).  Here, as in cases where intervention has been denied, the Executive Branch "issued an

17   executive order" and has offered "outspoken support for" the government action challenged,

18   demonstrating the federal government's willingness to defend its actions.  *Id.*; 85 Fed. Reg. at

19   22,259, 22,261, 22,270 (discussing President Trump's Executive Order 13778 "direct[ing]" the

20   Agencies to "rescind[] or revis[e]" the 2015 Rule and to interpret the "waters of the United

21   States" consistent with the *Rapanos* plurality opinion, which the Agencies did by promulgating

22   the 2020 Rule).

23          The Business Organizations' generalized assertions that the Agencies, "as neutral

24   regulatory bodies, cannot represent the interests of the regulated business community with the

25   same perspective and vigor" are insufficient to overcome the presumption of adequacy of

26   representation by the Agencies.  ECF No. 43 at 6; *see People of State of California v. Tahoe Reg'l

27   Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (proposed intervenor's assertion that it

28   would "argue[] its interests more vigorously than existing parties d[id] not amount to a showing

4

1    of inadequate representation of its interests"). Regardless, the Agencies continue to "vigorously

2    defend[]" the 2020 Rule, as shown in their opposition[3] to Plaintiffs' "motion for a preliminary

3    injunction." *LULAC*, 131 F.3d at 1305.

4         Similarly unavailing is the Business Organizations' assertion that intervention as of right is

5    required because the "interest of private business is just one among many varied and often

6    competing constituencies represented by the agencies." ECF No. 43 at 16. Protecting the ability

7    of private entities, such as the Business Organizations, to use and enjoy their private property,

8    ECF No. 43 at 12, is one of the reasons the Agencies adopted a narrow interpretation of the Clean

9    Water Act's scope in the 2020 Rule. 85 Fed. Reg. at 22,270 (adopting 2020 Rule to avoid

10   "troubling questions regarding the Government's power to cast doubt on the full use and

11   enjoyment of private property"). While the Business Organizations cite *Forest Conservation*

12   *Council v. U.S. Forest Service*, that case is inapposite because there the intervenors were not

13   private businesses but rather the State of Arizona and one of its counties, which intervened to

14   protect their "non-economic interests, such as the environmental health of, and wildfire threats to,

15   *state* lands." 66 F.3d 1489, 1497 (9th Cir. 1995). The Court found intervention warranted

16   because the federal government "is not charged with a duty to represent these asserted interests"

17   by state and county governments. *Id.* at 1499, *abrogated on other grounds by Wilderness Soc. v.*

18   *U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (emphasis added).

19        The Business Organizations' reliance on two out-of-circuit cases to argue that they can

20   "satisfy" their burden by simply asserting that the "government must represent the broad public

21   interest, not just the economic concerns" of a particular industry is misplaced. ECF No. 43 at 16.

22   These cases do not actually stand for that proposition and, regardless, are distinguishable. First,

23   unlike the Business Organizations here, the intervenors in *Sierra Club v. Espy* were allowed to

24   intervene *after* the government issued a letter interpreting a preliminary injunction broadly to bar

25   future activities directly interfering with intervenors' interests. 18 F.3d 1202, 1204 (5th Cir.

26   1994). The court did not rely on general assertions by the intervenors but rather on specific

27   evidence, holding that the intervenors had "demonstrated, through [the government's] letter …

28        [3]ECF No. 106 at 13, 19, 22, 37.

5

1   that the government's representation of their interest is inadequate." *Id.* at 1207–08. Here, in

2   contrast, the Business Organizations point to no evidence that the Agencies will adopt a position

3   that is contrary to the Business Organizations' interests. Rather, as the Business Organizations

4   concede, the 2020 Rule adopts a narrow interpretation of the Clean Water Act that limits the

5   "scope of the agencies' jurisdiction," consistent with the Business Organizations' comments

6   during the rulemaking and in a manner that "benefit[s] their members." ECF No. 43 at 12-14.

7   Second, the Business Organizations cite dicta from an unpublished South Carolina district court

8   case which held it was "unnecessary" to decide "whether the standards for mandatory

9   intervention [as of right] are satisfied." *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-

10  330-DCN, 2018 WL 2184395, at *9 (D.S.C. May 11, 2018). That decision does not address,

11  much less justify, intervention as of right under the Ninth Circuit's three-factor test.

12        Finally, the Business Organizations' participation in other lawsuits against or involving the

13  EPA does not prove that the Agencies are inadequate representatives in the present case. ECF

14  No. 43 at 13-15. The Ninth Circuit has upheld the denial of intervention even where the proposed

15  defendant-intervenor not only had "sued the government numerous times" but "disagreed" as to

16  the correct position to take in opposing injunctive relief. *NFRC*, 82 F.3d at 838 (9th Cir. 1996).

17  The Court denied intervention because the government and the intervenor were both "seeking the

18  same limited interpretation" of a statute. *Id.*; *see also Perry*, 587 F.3d at 951 (affirming denial of

19  intervention notwithstanding proposed intervenors' other "lawsuits" challenging similar law to

20  that at issue in case where intervention was sought).[4] The same is true here, where the Business

21  Organizations and the Agencies are seeking to defend the 2020 Rule's narrow interpretation of

22  "waters of the United States."

23        For these reasons, the Business Organizations have failed to meet their burden to show that

24  the Agencies will not adequately represent their interests under the first factor of the Ninth

25  Circuit's test.

26  _____

27        [4] The Business Organizations note that some unspecified subset of them have "been
     involved in some" cases challenging prior rules interpreting the Clean Water Act that were issued
     in 2015 and 2019. ECF No. 43 at 3-4 & n.2. But they have not identified any case granting them
28  intervention as of right under the Ninth Circuit standard applicable here.

6

1    **2.    The Sacketts Have Similarly Failed to Identify Any Arguments They**
     **Will Make But the Agencies Will Neglect.**

2

3        The abovementioned Ninth Circuit authority likewise forecloses the Sacketts' argument that

4    their lawsuit against the EPA renders the Agencies inadequate representatives.  ECF No. 45 at 9.

5    As with the Business Organizations, the limited interpretation of "waters of the United States"

6    urged by the Sacketts is in line with the Agencies' position.  ECF No. 45 at 5, 10; 85 Fed. Reg. at

7    22,266, 22,273, 22,289, 22,309, 22,278-79.

8        Nor is there any merit to the Sacketts' suggestion that the Agencies are inadequate

9    representatives because they have "a variety of regulatory interests," whereas the Sacketts have

10   an interest as "private landowners" in being able to "develop, use, and enjoy their residential

11   property."  ECF No. 45 at 9.  In fact, the Agencies specifically cited the Sacketts' ongoing

12   litigation against the EPA to argue that the 2020 Rule is needed to provide regulatory certainty

13   and protect property owners, such as the Sacketts, from "the significant civil and criminal

14   penalties associated with the CWA."  85 Fed. Reg. at 22,270 (citing *Sackett v. EPA*, 566 U.S.

15   120, 132 (2012) (Alito, J., concurring) and *Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807,

16   1816-17 (2016) (Kennedy, J., concurring)).  Accordingly, the Agencies' interest in construing the

17   Clean Water Act narrowly to protect property owners—including the Sacketts specifically—

18   aligns with the Sacketts' interests in being able to develop their property without the need to

19   obtain a Clean Water Act permit.  *See* ECF No. 45 at 7.

20       The Sacketts do identify one argument they will make that the Agencies will not: an

21   argument that the 2020 Rule is compelled by "the controlling plurality opinion in *Rapanos*."  ECF

22   No. 45 at 10.  However, "just because the government theoretically may offer" a different defense

23   than the proposed defendant-intervenor "does not mean that the [latter] has overcome the

24   presumption of adequacy of representation."  *Lockyer*, 450 F.3d at 444.  Rather, "the proposed

25   intervenor must demonstrate a likelihood that the government will abandon or concede a

26   *potentially meritorious* reading of the statute."  *Id.* at 444 (emphasis added).  As discussed in

27   Section I.C.2 below, the Sacketts' argument (that the *Rapanos* plurality opinion compelled the

28   Agencies to issue the 2020 Rule) was rejected by the Agencies and therefore cannot now be a

7

Plaintiffs' Opposition to Motions to Intervene by Business Organizations (ECF No. 43) and
Chantell and Michael Sackett (ECF No. 45) (3:20-cv-03005-RS)

1   basis to uphold the 2020 Rule.  Accordingly, the Sacketts failed to establish inadequacy of

2   representation under the first factor of the Ninth Circuit's test.

3         **B.**    **The Proposed Intervenors Cannot Satisfy the Second Factor Because They**
    **Have Not Established that the Agencies May Be Unwilling to Defend the**
4              **2020 Rule in the Future.**

5              **1.**    **Business Organizations' Speculation About the Agencies' Potential**
    **Unwillingness to Defend the 2020 Rule Fails to Support Intervention.**
6

7         The Business Organizations assert, without authority, that they are entitled to intervene

8   because "there is a risk that a change in Administration or policy could undermine the agencies'

9   resolve to defend the merits."  ECF No. 43 at 16.  This "prospect of inadequate representation on

10  the part of *future* defendants in *future* years is purely speculative" and so cannot support

11  intervention here.  *LULAC*, 131 F.3d at 1304.  If "speculation about the effects of a change of

12  administration were sufficient to meet movant's burden of demonstrating inadequate

13  representation, then proposed intervenors could *always* satisfy" that requirement "if the defendant

14  were a [ ] government entity."  *Id.* at 1307.

15        The Business Organizations next argue that they are entitled to intervene because there is

16  "no guarantee that the agencies" will appeal an adverse ruling, citing *Sierra Club, Inc. v. EPA*,

17  358 F.3d 516 (7th Cir. 2004).  ECF No. 43 at 16.[5]  But the Ninth Circuit has rejected that

18  argument as well.  *Freedom from Religion*, 644 F.3d at 842.  After all, "if the mere possibility that

19  the federal defendants might decline to appeal were sufficient to rebut the presumption of

20  adequacy, then nearly every case involving a federal defendant would be subject to intervention

21  as of right."  *Id.*  Unable to offer any "evidence that the government is not willing and able to

22  appeal," the Business Organizations have "fail[ed] to make a 'compelling showing' that would

23  rebut the presumption that the federal government will adequately represent [their] interests."  *Id.*

24  _____

25       [5] The Business Organizations' citation to this out-of-circuit case is all the more curious
    because it *denied* intervention to proposed defendant-intervenors on grounds that would likewise
    here bar not only intervention but even amici status.  *Sierra Club*, 358 F.3d at 518.  There, the

26  court held that a proposed defendant-intervenor, the Illinois State Chamber of Commerce, lacked
    the requisite "interest relating to the property or transaction which is the subject of the action"

27  because "its concern" was simply "a political or programmatic one: the Chamber favors more
    business and less environmental regulation. That does not justify intervention. Indeed, it does not

28  necessarily justify even a filing as amicus curiae."  *Id.*

1    (quoting *Perry*, 587 F.3d at 951).

2          **2.     The Sacketts' Argument Based on Speculation about the**
              **"Vicissitudes of Agency Politics" Similarly Fails to Support**
3             **Intervention.**

4          The abovementioned authority likewise forecloses the Sacketts' argument that intervention

5    is necessary because of the Agencies' purported "institutional interest in preserving their

6    judgment, power and discretion" and the "vicissitudes of agency politics" that has resulted in the

7    2020 Rule "revers[ing] earlier rules issued by the very same agencies."  ECF No. 45 at 10.  The

8    Sacketts fail to explain how the Agencies' "institutional interests" or "inconsistent positions" on

9    the scope of the Clean Water Act's jurisdiction show that the Agencies are "unable to mount an

10   effective defense."  *Prete*, 438 F.3d at 957.  In any event, the Sacketts' speculative "fears that the

11   federal defendants might" take a position contrary to the Sacketts is not enough to meet their

12   burden where there is "no evidence that the federal defendants actually *have*" done so in this

13   litigation.  *Freedom from Religion*, 644 F.3d at 842 (presumption of adequate representation was

14   not overcome when proposed intervenor failed to present evidence that the federal government

15   would argue a narrower interpretation of the challenged statute); *Prete*, 438 F.3d at 958 (error to

16   grant intervention because, absent "evidence," it was not "sufficient to meet their burden of a

17   'compelling showing'" for intervenors to argue that government defendant "may be inclined" to

18   offer an argument contrary to that advanced by intervenors).  Accordingly, the Sacketts' "vague

19   speculation falls far short of a 'very compelling showing'" required to rebut the presumption of

20   adequate representation. *Lucent Technologies*, 642 F.3d at 740.

21         **C.     The Proposed Intervenors Fail to Meet the Third Factor Because They Do**
              **Not Offer Necessary Elements to This Litigation.**
22

23         **1.     The Business Organizations Should Be Denied Intervention Because**
              **Their Participation Would Be Redundant.**

24         The Business Organizations have not shown that they will offer necessary elements the

25   Agencies will neglect and, therefore, should be denied leave to intervene.  Indeed, having failed

26   to articulate *any* arguments they will make if allowed to intervene, the Business Organizations

27   have not shown that their (unspecified) arguments are necessary to this litigation.  In fact, as

28   detailed above in Section I.A.1, the Business Organizations admit that the 2020 Rule embraces

9

1    the position that they advocated in comments submitted during the rulemaking, and the 2020 Rule

2    itself relies on the same arguments the Business Organizations claim to have made in other

3    litigation.  Accordingly, far from offering necessary elements to this case, the Business

4    Organizations' "intervention would be redundant."  *People of State of California v. Tahoe Reg'l*

5    *Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (affirming denial of intervention).

6              **2.    The Sacketts Similarly Have Failed to Show They Will Raise Any**
                      **Potentially Meritorious Arguments that the Agencies Will Neglect.**
7

8              Even where the government "may not defend" a case "in the exact manner that" a proposed

9    intervenor would, this does not mean the intervenor offers the requisite "*necessary* elements to

10   the proceeding."  *Perry*, 587 F.3d at 954 (9th Cir. 2009) (quoting *Arakaki,* 324 F.3d at 1086).

11   Rather, "to make a 'very compelling showing' of the government's inadequacy, a proposed

12   intervenor must demonstrate a likelihood that the government will abandon or concede a

13   *potentially meritorious* reading of the statute."  *Lockyer*, 450 F.3d at 444 (emphasis added).

14             The sole argument the Sacketts claim the Agencies will neglect is foreclosed by well-

15   established law barring post-hoc justifications of agency rules.  The Sacketts contend that the

16   Agencies will not defend the 2020 Rule's "redefinition of 'adjacent wetlands'" by making the

17   Sacketts' preferred argument: that this redefinition "is legally compelled by Supreme Court

18   precedent – the controlling plurality opinion in *Rapanos*."  ECF No. 45 at 10.  But in the 2020

19   Rule, the Agencies specifically rejected the argument that they are compelled to apply the

20   *Rapanos* plurality opinion.  85 Fed. Reg. at 22,273 ("The agencies disagree with commenters'

21   suggestion that the Executive Order requires the agencies to rely exclusively on Justice Scalia's

22   opinion in *Rapanos*.").  Instead, in forging the 2020 Rule, the Agencies claim they "looked to the

23   text and structure of the CWA, as informed by its legislative history and Supreme Court

24   *guidance*, and took into account the agencies' expertise, policy choices, and scientific principles."

25   85 Fed. Reg. at 22,252 (emphasis added).  Because an agency's actions can be upheld only on the

26   basis of the agency's contemporaneous justifications and cannot be supported by a rationale the

27   Agencies themselves rejected, the 2020 Rule cannot be defended with the Sacketts' argument,

28   which is nothing more than a post-hoc rationalization.  *See Motor Vehicle Ass'n of U.S., Inc. v.*

10

1   *State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[A]n agency's action must be upheld, if

2   at all, on the basis articulated by the agency itself."); *see also Nat. Res. Def. Council v. EPA*, 735

3   F.3d 873, 884 (9th Cir. 2013) (a court's review must "begin[] and end[] with the reasoning that

4   the agency relied upon in making the decision"; courts cannot "revise [an agency's]

5   assumptions"); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point of judicial review

6   should be the administrative record already in existence, not some new record made initially in

7   the reviewing court"). The Sacketts cannot defend the 2020 Rule with an argument that the

8   Agencies rejected, and the Sacketts have not identified any other arguments that they will make

9   but the Agencies will neglect. Therefore, the Sacketts have failed to meet their burden to show

10  that they will offer "potentially meritorious" arguments that are necessary elements to this

11  litigation. *Lucent Technologies*, 642 F.3d at 740-741 (quoting *Lockyer*, 450 F.3d at 443–44).

12        The Sacketts' reliance on out-of-circuit authority to argue that, as "private landowners,"

13  they "provide an important perspective which is currently absent from the case" is unavailing.

14  ECF No. 45 at 10-11 (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir.

15  2001)). The Ninth Circuit has rejected intervention notwithstanding that the intervenor "offer[ed]

16  a 'unique perspective' on the validity of" the challenged government action. *LULAC*, 131 F.3d at

17  1305 n.3.

18        Moreover, the perspective the Sacketts purport to offer is one which the Agencies

19  specifically promoted in adopting the 2020 Rule. In explaining their reasons for adopting the

20  2020 Rule, the Agencies quoted the Sacketts' case against EPA to decry "the uncertain reach of

21  the Clean Water Act and the draconian penalties imposed" for violations on property owners and

22  the "troubling questions regarding the Government's power to cast doubt on the full use and

23  enjoyment of private property." 85 Fed. Reg. at 22,270 (quoting *Sackett*, 566 U.S. at 132 (Alito,

24  J., concurring) and *Hawkes*, 136 S. Ct. at 1816-17 (Kennedy, J., concurring)).

25        In short, "the real differences between" the Sacketts and the Agencies "boil down to

26  strategy calls," namely, whether the Agencies should advance an argument that they previously

27  rejected and which is precluded by well-established law. *Perry*, 587 F.3d at 954. The Sacketts

28  cite no authority holding that intervention as of right is required under such circumstances, and

11

1    Ninth Circuit law is squarely to the contrary.  *See League of United Latin Am. Citizens v. Wilson*,

2    131 F.3d 1297, 1306 (9th Cir. 1997) (upholding denial of intervention where differences between

3    proposed intervenors and government amounted to "a disagreement over litigation strategy or

4    legal tactics").

5         Given that the Proposed Intervenors have not satisfied any prongs of the Ninth Circuit's

6    three-factor test for inadequate representation, the Court should deny their requests to intervene as

7    of right.

8    **II.   THE PROPOSED INTERVENORS ALSO HAVE FAILED TO MEET THEIR BURDEN TO
          SHOW THEY ARE ENTITLED TO PERMISSIVE INTERVENTION.**

9

10        The same infirmities in the Proposed Intervenors' motions that require denying intervention

11   as of right also demonstrate that permissive intervention is unwarranted.  Even where a motion

12   for intervention is timely and the proposed intervenor's claim or defense "shares with the main

13   action a common question of law or fact," permissive intervention is unwarranted where it would

14   "unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. Rule. Civ.

15   Proc. 24(b).  The Ninth Circuit considers a number of factors to determine whether permissive

16   intervention should be granted, including: (1) "whether the intervenors' interests are adequately

17   represented by other parties"; (2) the "legal position they seek to advance and its relation to the

18   merits of the case"; (3) "whether intervention will prolong or delay the litigation" or otherwise

19   prejudice the original parties; and (4) whether the proposed intervenor will "significantly

20   contribute to full development of the underlying factual issues in the suit."  *Spangler v. Pasadena

21   City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

22        As to the first factor, the Ninth Circuit has repeatedly upheld the denial of permissive

23   intervention where, as here, the proposed "intervenors' interests are adequately represented by

24   other parties."  *Perry*, 587 F.3d at 955; *Tahoe Reg'l Planning Agency*, 792 F.2d at 779.

25        The second and third factors also counsel against intervention.  As explained above in

26   Section I.C.2, the sole argument the Sacketts would raise if allowed to intervene must fail as a

27   matter of law.  In addition, as set forth in Section I.A.1, the Business Organizations have not

28   identified any arguments they would raise if allowed to intervene, and the arguments they have

12

1    made in their comments and other litigation are duplicative of those the Agencies advanced in the

2    2020 Rule and in opposing Plaintiffs' preliminary injunction motion.  Given that the Proposed

3    Intervenors would present redundant or meritless arguments, their intervention would "consume

4    additional time and resources of both the Court and the parties" and the ensuing "delay

5    occasioned by intervention outweigh[s] the value added by the [Proposed Intervenors']

6    participation in the suit."  *Perry*, 587 F.3d at 955–956.

7        Finally, as to the fourth factor, the Proposed Intervenors will not significantly contribute to

8    the development of the factual issues in the suit because they have provided no grounds for

9    expanding the evidence in this case beyond the administrative record.  *See Camp*, 411 U.S. at 142

10   ("the focal point of judicial review should be the administrative record already in existence, not

11   some new record made initially in the reviewing court").

12       For these reasons, the Court should exercise its discretion and deny permissive intervention

13   by the Proposed Intervenors.

14   **III.    IF INTERVENTION IS GRANTED, THE COURT SHOULD IMPOSE CONDITIONS TO
         AVOID DELAY AND PREJUDICE TO PLAINTIFFS.**

15

16       If this Court is inclined to grant intervention, Plaintiffs request that the Court only grant one

17   of the two motions to intervene because both the Business Organizations and the Sacketts purport

18   to represent the same interests.  The Ninth Circuit has upheld the denial of intervention to one

19   intervenor where the government or "a similarly situated intervenor" was "capable and willing to

20   make all of [the proposed intervenor's] arguments."  *Arakaki*, 324 F.3d at 1086–87.  Here, the

21   only "perspective" the Sacketts claim to offer that is purportedly "absent from the case" is that of

22   "private landowners."  ECF No. 45 at 10.  But that perspective is adequately represented by not

23   only the Agencies (as described above) but also the Business Organizations, who claim to

24   "represent countless businesses that *own* and/or use land for a broad variety of business

25   purposes."  ECF No. 43 at 2 (emphasis added).  Given that each Proposed Intervenor has the

26   burden to show it offers "*necessary* elements to the proceeding," not merely different "litigation

27   strategy or tactics," allowing intervention by both would be needlessly duplicative.  *Perry*, 587

28   F.3d at 954.

13

1    That said, if this Court is inclined to allow intervention by both the Sacketts and the

2    Business Organizations, their similar interests warrant an order requiring that:

3    • The Sacketts and the Business Organizations shall file consolidated briefing in this

4    matter, including briefing for any motions they file or in response to any motions

5    filed by Plaintiffs or other participants in this litigation.

6    • To avoid duplicative arguments by intervenors, their consolidated briefs on

7    summary judgment or any other matters shall not exceed the page limit allotted by

8    the Local Rules for a single party.  Alternatively, if intervenors are allowed to file

9    separate briefs, the total combined pages for those separate briefs shall not exceed

10    the total pages permitted by the Local Rules for a single party.

11    • The page limits for Plaintiffs' briefing, including motions, shall be enlarged so that

12    the total pages of Plaintiffs' briefs are equal to the sum of the pages available to the

13    intervenors and the Agencies.

14    • Plaintiffs shall have an additional week to respond to briefs filed by intervenors.[6]

15    Such reasonable limits on intervention will promote fairness, avoid duplication, and reduce the

16    burden on the Court and Plaintiffs.  *See Lucent Technologies*, 642 F.3d at 741 (upholding

17    limitations on permissive intervention that barred "duplicative motions or oppositions" and any

18    "request for attorney's fees"); *Ellis v. Bradbury*, No. C-13-1266 MMC, 2013 WL 4777201, at *2

19    (N.D. Cal. Sept. 6, 2013) (requirement to file a "joint motion" is a reasonable condition on

20    intervention); Fed. R. Civ. P. 24, Advisory Committee Notes to 1966 Amendments ("An

21    intervention of right under the amended rule may be subject to appropriate conditions or

22    restrictions responsive among other things to the requirements of efficient conduct of the

23    proceedings.").

24                                    **CONCLUSION**

25    For the foregoing reasons, Plaintiffs respectfully request that this Court deny the motions to

26    intervene filed by the Business Organizations (ECF No. 43) and the Sacketts (ECF No. 45).

27    Plaintiffs further request that, in the event the Court does grant leave to intervene to one or both

28    _____
     [6] Plaintiffs reserve the right to seek additional enlargement of time or page limits.

14

of the Proposed Intervenors, the Court impose reasonable conditions on such intervention to

minimize the presentation of duplicative arguments.

Dated:  June 4, 2020                                 Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
SARAH E. MORRISON
ERIC KATZ
Supervising Deputy Attorneys General
CATHERINE M. WIEMAN
ROXANNE J. CARTER
JESSICA BARCLAY- STROBEL
BRYANT B. CANNON
Deputy Attorneys General

/s/ Tatiana K. Gaur

TATIANA K. GAUR
Deputy Attorney General
*Attorneys for Plaintiff State of California,
by and through Attorney General Xavier
Becerra and California State Water
Resources Control Board*

For the STATE OF NEW YORK
LETITIA JAMES
Attorney General of the State of New York
Philip Bein
Senior Counsel

 /s/ Timothy Hoffman

Timothy Hoffman*
Senior Counsel
Office of the Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
Telephone: (716) 853-8465
Fax: (716) 853-8579
Email: Timothy.Hoffman@ag.ny.gov

For the STATE OF CONNECTICUT
WILLIAM TONG
Attorney General

 /s/ Matthew I. Levine

Matthew I. Levine*
David H. Wrinn*
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
P.O. Box 120
Hartford, CT  06141-0120
Telephone: (860) 808-5250
Email: Matthew.Levine@ct.gov
Email: David.Wrinn@ct.gov

15

For the STATE OF ILLINOIS
KWAME RAOUL
Attorney General

 /s/ Jason E. James
Jason E. James (appearance *pro hac vice*)
Assistant Attorney General
Matthew J. Dunn
Chief, Environmental Enforcement/Asbestos
Litigation Division
Office of the Attorney General
Environmental Bureau
69 West Washington, 18th Floor
Chicago, IL 60602
Telephone: (312) 814-0660
Email: jjames@atg.state.il.us

For the STATE OF MAINE
AARON M. FREY
Maine Attorney General

 /s/ Jillian R. O'Brien
Jillian R. O'Brien, Cal. SBN 251311
Assistant Attorney General
6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Email: Jill.OBrien@maine.gov

For the STATE OF MARYLAND
BRIAN E. FROSH
Attorney General of Maryland

 /s/ Joshua M. Segal
Joshua M. Segal*
Special Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6446
Email: jsegal@oag.state.md.us

For the STATE OF MICHIGAN
DANA NESSEL
Attorney General of Michigan

 /s/ Daniel P. Bock
Daniel P. Bock (appearance *pro hac vice*)
 Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
Email: bockd@michigan.gov

16

1  For the STATE OF NEW JERSEY
   GURBIR S. GREWAL
2  Attorney General

3    /s/ Lisa Morelli
   _____
4  Lisa Morelli, Cal. SBN 137092
   Deputy Attorney General
5  Environmental Practice Group
   Division of Law
6  R.J. Hughes Justice Complex
   25 Market Street, P.O. Box 093
7  Trenton, New Jersey 08625
   Telephone: (609)376-2745
8  Email: Lisa.Morelli@law.njoag.gov

9

10 For the STATE OF NORTH CAROLINA ex rel.
   Attorney General Joshua H. Stein and for the
11 NORTH CAROLINA DEPARTMENT OF
   ENVIRONMENTAL QUALITY
12 JOSHUA H. STEIN
   Attorney General
13 Daniel S. Hirschman
   Senior Deputy Attorney General
14
     /s/ Amy L. Bircher
15 _____
   Amy L. Bircher*
16 Special Deputy Attorney General
   Marc Bernstein
17 Special Deputy Attorney General
   North Carolina Department of Justice
18 P.O. Box 629
   Raleigh, NC 27602
19 Telephone: (919) 716-6400
   Email: abircher@ncdoj.gov
20

For the STATE OF NEW MEXICO
HECTOR BALDERAS
Attorney General of New Mexico

  /s/ William Grantham
_____
William Grantham (appearance *pro hac vice*)
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, New Mexico 87102
Telephone: (505) 717-3520
Email: wgrantham@nmag.gov

For the STATE OF OREGON
ELLEN F. ROSENBLUM
Attorney General of the State of Oregon

  /s/ Paul Garrahan
_____
Paul Garrahan (appearance *pro hac vice*)
Attorney-in-Charge, Natural Resources
Section
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301-4096
Telephone: (503) 947-4593
Fax:  (503) 378-3784
Email: paul.garrahan@doj.state.or.us

21

22

23

24

25

26

27

28

17

For the STATE OF RHODE ISLAND
PETER F. NERONHA
Attorney General

 /s/ Alison B. Hoffman
Alison B. Hoffman (appearance *pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: AHoffman@riag.ri.gov

For the STATE OF VERMONT
THOMAS J. DONOVAN, JR.
Attorney General of Vermont

 /s/ Laura B. Murphy
Laura B. Murphy (appearance *pro hac vice*)
Assistant Attorney General
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3186
Email: laura.murphy@vermont.gov

For the STATE OF WASHINGTON
ROBERT W. FERGUSON
Attorney General

 /s/ Ronald L. Lavigne
Ronald L. Lavigne (appearance *pro hac vice*)
Senior Counsel
Office of the Attorney General
2425 Bristol Court SW, 2nd Fl.
Olympia, WA 98504
Telephone: (305) 586-6751
Email: ronald.lavigne@atg.wa.gov

For the STATE OF WISCONSIN
JOSHUA L. KAUL
Wisconsin Attorney General

 /s/ Gabe Johnson-Karp
Gabe Johnson-Karp (appearance *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707
Telephone: (608) 267-8904
Email: johnsonkarpg@doj.state.wi.us

18

For the COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
Attorney General

 /s/ Seth Schofield
Seth Schofield (appearance *pro hac vice*)
Senior Appellate Counsel
David S. Frankel (appearance *pro hac vice*)
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Flr.
Boston, MA 02108
Telephone: (617) 963-2436 / 2294
Email: seth.schofield@mass.gov
Email: david.frankel@mass.gov

For the COMMONWEALTH OF VIRGINIA
MARK R. HERRING
Attorney General
Donald D. Anderson
Deputy Attorney General
Paul Kugelman, Jr.
Senior Assistant Attorney General
Chief, Environmental Section

 /s/ David C. Grandis
David C. Grandis*
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 225-2741
Email: dgrandis@oag.state.va.us


For the DISTRICT OF COLUMBIA
KARL A. RACINE
Attorney General

 /s/ Brian Caldwell
Brian Caldwell*
Assistant Attorney General
Social Justice Section
Office of the Attorney General
for the District of Columbia
441 Fourth Street N.W., Ste # 600-S
Washington, D.C. 20001
Telephone: (202) 727-6211
Telephone: (202) 445-1952 (m)
Email: brian.caldwell@dc.gov

For the CITY OF NEW YORK
JAMES E. JOHNSON
Corporation Counsel of the City of New York

 /s/ Nathan Taylor
Nathan Taylor*
New York City Law Department
100 Church Street, Rm 6-144
New York, NY  10007
Telephone: (646) 940-0736 (m)
Telephone: (212) 356-2315
Email: NTaylor@law.nyc.gov


 *Application for admission pro hac vice forthcoming

19

# CERTIFICATE OF SERVICE

Case Name:     **State of California, et al. v. Andrew R. Wheeler, et al.**

Case No.:     **3:20-cv-03005-RS**

I hereby certify that on <u>June 4, 2020,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE BY:
(1) BUSINESS ORGANIZATIONS (ECF No. 43); AND (2) CHANTELL AND MICHAEL SACKETT (ECF No. 45)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 4, 2020,</u> at Los Angeles, California.

| | |
|---|---|
| Ernestina Provencio | /s/ Ernestina Provencio |
| Declarant | Signature |

LA2020300885
Certificate of Service.docx