ANTHONY L. FRANÇOIS, No. 184100
EMail: afrançois@pacificlegal.org
CHARLES T. YATES, No. 327704
EMail: cyates@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Proposed Defendant-Intervenors
Chantell and Michael Sackett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW R. WHEELER, as Administrator of the U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No. 3:20-cv-03005-RS<br><br>**REPLY OF PROPOSED DEFENDANT-INTERVENORS CHANTELL AND MICHAEL SACKETT IN SUPPORT OF MOTION TO INTERVENE**<br><br>Action Filed: 5/1/2020<br><br>[No hearing per Court Order, ECF no. 80] |

Reply iso Motion to Intervene
No. 3:20-cv-03005-RS

**INTRODUCTION**

The Sacketts respectfully request the Court grant their motion to intervene on or before June 18, 2020. The Sacketts also respectfully request that the Court order their proposed opposition to California, et al.'s motion for preliminary injunction filed nun pro tunc to June 1, 2020.

**ARGUMENT**

In its opposition to intervention, California concedes all elements of the Ninth Circuit test for intervention except for one. ECF No. 142. By failing to argue otherwise, California concedes that the Sacketts' motion is timely, that they have a significant interest in this litigation based on their ownership and use of private land which EPA claims contains regulated wetlands under the Clean Water Act, and that disposition of this case plainly threatens to impair and impede these interests. *Id.* California only contends that EPA and the Army adequately represent the Sacketts' interests. Their arguments are unavailing.

**I.  EPA and the Army Will Not Adequately Represent the Sacketts' Interests and the Sacketts Are Entitled to Intervention as of Right Under Rule 24(a)**

The Sacketts' have met their "minimal" burden in showing that EPA and the Army do not adequately represent their interests. *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003; *see also Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ("it is sufficient to show that representation *may* be inadequate") (emphasis in the original). The Sacketts interests are plainly not adequately represented by EPA and the Army. *See Arakaki,* 324 F.3d at 1086 ("The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."). The Sacketts comfortably meet each factor of the Ninth Circuit test and easily overcome any presumption that EPA and the Army might adequately represent their interests. *Id.*

**A.  EPA and the Army Will Neglect the Sacketts' Argument for Upholding the 2020 Rule**

It is not merely a "theoretical possibility" that EPA and the Army will neglect the Sacketts' arguments. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006); *see* ECF

No. 142 at 11 (citing *Lockyer*). In fact, EPA and the Army "ha[ve] already done so." *Lockyer*, 450 F.3d at 444. In *Lockyer*, the court found inadequate representation when, on summary judgment, the government had already offered a different construction of the challenged provision to that of the proposed intervenors. *Id.* Likewise, in their opposition to preliminary injunctive relief, EPA and the Army defend the Navigable Waters Protection Rule's definition of "adjacent wetlands" by arguing for *Chevron* deference. ECF No. 106 at 20-26. The Sacketts have, by contrast, argued that the Rule's definition of "adjacent wetlands" is legally compelled by Supreme Court precedent—the controlling plurality opinion in *Rapanos v. United States*. *See* ECF No. 45-2. The Sacketts have argued that the Clean Water Act and Supreme Court precedent, properly understood, not only permits the Agencies' new regulatory definition of "adjacent wetlands," but requires it. *Id.* In other words, the decision to reduce the scope of regulated wetlands was legally compelled by *Rapanos* and was not an exercise of discretionary agency interpretation under *Chevron*.

In its opposition to intervention, California expressly concedes that EPA and the Army have specifically rejected the Sacketts' position on *Rapanos*. ECF No. 142 at 11-12, 14-15. California turns the Ninth Circuit requirement on its head by arguing that the Agencies' confirmed rejection of the Sacketts' position somehow results in an adequate representation of the Sacketts' interests by the Agencies. ECF No. 142 at 11-12, 14-15. California's argument that the Sacketts' potential defense is not "meritorious" is unavailing and misstates the argument. *Id*. The Sacketts argue that binding Supreme Court precedent and a plain reading of the Clean Water Act compel the Rule's redefinition of "adjacent wetlands." ECF No. 45-2. This argument is not a prohibited "post-hoc rationalization" for an agency rule. *See Motor Vehicle Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983). Where, as here, the agencies' choice was compelled by statute, there is no application for the general principle in *SEC v. Chenery Corp.*, that an agency may not defend a decision on new grounds not set forth in its original decision. To apply the *Chenery* doctrine would be meaningless. *See Koyo Seiko Co. v. United States*, 95 F.3d 1094, 1099-1102 (D.C. Cir. 1996) (affirming a Department of Commerce antidumping proceeding in which the "plain language of the statute compel[led] the conclusion."). *See generally* Kevin M. Stack, *The Constitutional Foundations of* Chenery, 2017 Yale L.J. 952, 965-66; *id*. at 966 ("As Judge Friendly

1  put it, '[W]hen agency action is statutorily compelled, it does not matter that the agency which
2  reached the decision required by law did so on a debatable or even a wrong ground, for remand in
3  such a case would be but a useless formality.'") (citing Henry J. Friendly, Chenery *Revisited:*
4  *Reflections on the Reversal and Remand of Administrative Orders*, 1969 Duke L.J. 199, 210). Thus,
5  there are no grounds for California's assertion that the Sacketts have not raised a "meritorious"
6  defense.

7  Furthermore, it would not be appropriate for the Court to make a final ruling on the merits
8  of the Sacketts' arguments at this stage of the proceedings. *Cf. Sw. Ctr. for Biological Diversity v.*
9  *Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001) (collecting cases) (adopting a "rule requiring acceptance
10 of the proposed intervenor's well-pleaded allegations."). The Court may agree or disagree with the
11 Sacketts' arguments under the Clean Water Act and *Rapanos*, but this is not a question appropriate
12 for resolution when ruling on intervention. *Cf. id.* California has not cited any authority for the
13 proposition that a Court should make an ultimate decision as to the merits of an intervenor's
14 proposed arguments, when deciding on a motion to intervene. Many intervenors have been allowed
15 party status without ultimately prevailing on the merits. As even cited by California, the Ninth
16 Circuit has held intervention appropriate where "the proposed intervenor" has "demonstrate[d] a
17 likelihood that the government will abandon or concede a *potentially* meritorious reading of the
18 statute." *Lockyer*, 450 F.3d at 444 (emphasis added); ECF No. 142 at 11-12. This is precisely what
19 EPA and the Army Corps did by rejecting the Sacketts' argument that the Rule's reduced definition
20 of "adjacent wetlands" is compelled by the Clean Water Act. ECF No. 106 at 20-26; 85 Fed. Reg.
21 22,250, 22,273 (Apr. 21, 2020). Whether the "*potentially* meritorious" position abandoned by EPA
22 and the Army should prevail on the merits, as against the other parties' arguments, will be decided
23 once the Sacketts have been admitted as parties and California addresses those arguments.

24  **B.  EPA and the Army Are Not Willing or Able to Make Such Arguments**

25  As discussed above, the federal defendants "actually have" taken a position contrary to that
26 of the Sacketts. *Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 842 (9th Cir. 2011);
27 *compare* ECF No. 45-2 at 5 (arguing that the Rule's definition is compelled by the Clean Water
28 Act) *with* ECF No. 106 at 20-26 (arguing that the definition is permitted under *Chevron* deference);

Reply iso Motion to Intervene                                3
No. 3:20-cv-03005-RS

*see also* 85 Fed. Reg. at 22,273 (rejecting the suggestion that the *Rapanos* plurality controls). There is nothing "speculative" about this assertion. ECF No. 142 at 13.

The Sacketts have been litigating against EPA for the past twelve years. ECF No. 48 ¶ 12. That litigation is pending in the Ninth Circuit. *Id.*; *Sackett v. EPA*, no. 19-35469 (9th Cir.). Throughout, EPA has argued for deference to its interpretations of "navigable waters" and "adjacent wetlands." United States Combined Memorandum at 10, 19, *Sackett v. EPA*, No. 2:08-cv-00185-EJL (D. Id. Nov. 20, 2015), ECF 105-1 (arguing for deference to EPA interpretation of adjacent wetland regulations). In their defense of the 2020 Rule, the Agencies continue to argue for deference. ECF No. 106 at 20-26. The Sacketts' argument goes beyond a mere concern that the Agencies' defense of the Rule will not be "effective." *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006). Instead, the Sacketts' concern is that in defending the Rule on the discretionary grounds stated in their opposition to preliminary injunction, EPA is protecting its litigation position against the Sacketts that the prior version of the regulations at issue were also a valid exercise of discretionary agency decision making. ECF No. 106 at 20-26. These, and not any speculation whether the Agencies will change their mind yet again about their definition of adjacent wetlands, are the "vicissitudes of agency politics" alluded to in the Sacketts' motion. ECF No. 45 at 10. Although the Navigable Waters Protection Rule taking effect on June 22, 2020, is in the interests of both the Sacketts and the Agencies, that alignment is almost accidental, because their underlying interests diverge substantially. For the Sacketts, the Rule going into effect will mean their property is no longer subject to Army permitting and EPA enforcement. In other words, it will relieve them of their existing adverse party relationship with EPA. For the Agencies, the Rule going into effect would just be an affirmation of their discretion to define and redefine regulated "navigable waters," including their discretion to return to their old definition of "adjacent wetlands" and reimpose their authority over the Sacketts' property. ECF No. 106 at 20-26; *see also* 85 Fed. Reg. at 22,263 (describing the rule's changes to the scope of wetland regulation as an exercise of agency judgment and discretion). This demonstrates both that the Agencies cannot adequately represent the Sacketts' interests, and why their unique argument in this case (that the reduction in wetland regulation is legally compelled) should be heard. In a very real sense, even though the Sacketts

and EPA are on the same side of the "v" in this case, they stand on that side somewhat adversely to each other. EPA and the Army will not adequately represent the Sacketts' interests in this litigation.

### C. The Sacketts Offer Necessary Elements to the Proceeding that EPA and the Army Will Neglect

As such, by offering a "potentially meritorious" argument under the Clean Water Act, which has been expressly "abandoned or conceded" by the Agencies, the Sacketts bring a "point of view to the litigation not presented by either the plaintiffs or the defendants." *Lockyer*, 450 F.3d at 445. They have, by definition, offered "necessary elements to the proceeding." *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

Contrary to California's assertions, the difference in interest between the Sacketts and the Agencies is far more than a matter of "litigation strategy." ECF no. 142 at 15-16; *Lockyer*, 450 F.3d at 444-45 (where an intervenors' arguments "go to the heart of the defense of" a challenged provision, "far more" than a difference in "litigation strategy" is implicated). The Sacketts' "narrow and parochial" goal is to defend their freedom to build a home on a 2/3-acre residential lot in Idaho. ECF No. 48 at ¶ 3; *See Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1189 (9th Cir. 1998) (favoring intervention where intervenor's interests are "potentially more narrow and parochial" than those "of the public at large"). The Agencies on the other hand have reported a number of "broad[]" interests in promulgating the rule, including to "protect navigable waters from pollution while providing an implementable approach to determining regulatory jurisdiction under the CWA." 85 Fed. Reg. at 22,262; *see Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1495, 1499 (9th Cir. 1995) (noting that the government is more focused on "broader" public interests) (collecting cases).

The Ninth Circuit holds that "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" *Citizens for Balanced Use*, 647 F.3d at 899 (quoting *WildEarth Guardians v. U.S. Forest Serv.,* 573 F.3d 992, 996 (10th Cir. 2009)). In that case, the Ninth Circuit rejected a contention that the government adequately represented the interests of the

intervenors where there were "fundamentally differing points of view . . . on the litigation as a whole." *Id*. The "differing point of view" between the Sacketts and EPA, who are adverse parties in other litigation on this exact subject, is almost a truism.

Further, as an "essential element" to the litigation, the Sacketts are more than just interested parties who might offer a general "perspective" as to the challenged action.[1] The Sacketts are currently litigating the exact question of whether EPA has the discretion to assert Clean Water Act authority over their vacant lot. ECF No. 48 at ¶¶ 6-12. Indeed, the outcome of this Court's decision on the pending motion for preliminary injunctive relief will, due to the likely timeframe in which it will be decided and then reviewed, have a precedential impact on the outcome of the Sacketts' case against EPA, which is not yet fully briefed and unlikely to be argued for some time. 28 U.S.C. § 1292(a) (interlocutory review for preliminary injunctions); Ninth Cir. R. 3-3 (expedited review of preliminary injunction appeals).

Finally, California stretches credulity at least a little by arguing that the Agencies' citation to principles of law contained in Supreme Court opinions means that they are somehow "promot[ing]" the Sacketts' perspective or interests.[2] ECF No. 142 at 11, 15-16. If, after 13 years of preventing the Sacketts from building a home on their lot, EPA has some special solicitude for the Sacketts, then this is news to them.

**II.   In the Alternative, the Sacketts Are Entitled**

  **to Permissive Intervention under Rule 24(b)**

///

---

[1] One of the Ninth Circuit cases that California cites for adequacy of representation is really instead about the "timeliness factor" of the analysis. *See* ECF No. 142 at 15 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 n.3 (9th Cir. 1997) (holding that the "unique perspective" of a public interest group did not excuse the group's waiting 27 months to apply for intervention). That decision declined to reach adequacy of representation. *Id.* at 1307 ("[i]n light of our conclusion regarding timeliness, we need not, and do not, address the remaining three factors of the intervention-as-of-right standard."). But California concedes that the Sacketts' motion is timely. So *League of Latin Am. Citizens* is not authority to deny the Sacketts' intervention.

[2] EPA and the Army cite *Sackett v EPA* twice in the 89 pages of text accompanying the final rule: once with a "*see*" signal and once with a "*see also*" signal. *See* 85 Fed. Reg. 22,257, 22,270. In both instances, the citation is included as part of a broader survey of Supreme Court precedent containing principles of law pertinent to Clean Water Act regulation. *See* 85 Fed. Reg. 22,257.

As noted in California's brief, the Ninth Circuit considers a number of factors to determine whether permissive intervention should be granted. ECF No. 142 at 16; *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (setting forth a non-exhaustive list of seven factors to guide the district court's discretion).

Although this is a non-exhaustive list used primarily to guide the district court's discretionary decision-making, the four factors which California discusses pose no barrier to the Court exercising its "broad" discretion to permit the Sacketts' intervention. *Id*. First, as discussed, there are no other parties adequately representing their interests. Second, the Sacketts' legal position certainly "relates" to the merits of the case—the preliminary injunction briefing has already proven the Sacketts' argument that the Navigable Waters Protection Rule is compelled by Supreme Court precedent and a plain reading of the statute is not "redundant." Further, the Sacketts' intervention poses no "delay" at all, let alone the sort of delay that might outweigh the substantial risk of inadequate representation of their interests. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955-956 (9th Cir. 2009). The Sacketts' proposed opposition to preliminary injunction, at 15 pages, was already substantially shorter than the 40 pages permitted and was served on California 11 days prior to the Agencies' brief. ECF No. 45-2. The Sacketts' participation poses no delay or prejudice. The fourth factor is "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit." *Spangler*, 552 F.2d at 1329. The non-exhaustive list is merely intended to guide the Court's discretion. *Spangler*, 552 F.2d at 1329. In only discussing four factors, California concedes that not all factors always apply. Factual development of the evidentiary record is not relevant in agency record review cases, such as this one, where no party will expand the evidence beyond that contained in the Agencies' administrative record. *Id.*

### III. The Business Intervenors Do Not Adequately Represent the Sacketts' Interests and Any Conditions Imposed on the Sacketts' Intervention Would Not Be Appropriate

#### A. The Business Intervenors' Do Not Adequately Represent the Sacketts' Interests

///

The three "adequacy of representation" factors likewise show that should the Business Intervenors be admitted as parties, they would not adequately represent the Sacketts' interests either.[3] Therefore, irrespective of the Business Intervenors' separate motion to intervene, the Sacketts should be admitted as parties to this litigation.

First, the interests of the Business Intervenors are not "such that it will undoubtedly make all of a proposed intervenor's arguments." *Citizens for Balanced Use*, 647 F.3d at 898. Indeed, the Business Intervenors do not make the Sacketts' arguments. In their proposed opposition to preliminary injunction, the Business Intervenors take the position that neither the plurality nor the concurrence in *Rapanos* is controlling precedent. ECF No. 94 at 21-25 (arguing that the *Marks* analysis cannot be applied to *Rapanos*). The Business Intervenors therefore argue that although the Navigable Waters Protection Rule (including its definition of "adjacent wetlands") is "[p]ermissible" under the Clean Water Act, it is not compelled. ECF No. 94 at 21. This is a substantially different position than the Sacketts', not just a different argument, and should the Business Intervenors be successful, EPA would be left in a position to continue using its discretion to regulate the Sacketts by reverting to older regulations defining "adjacent wetlands."

Second, it goes without saying that the Business Intervenors are not "capable and willing to make" the Sacketts' arguments. *Citizens for Balanced Use*, 647 F.3d at 898. By arguing that although the 2020 Rule is a "[p]ermissible" construction of the Act, but not compelled, the Business Intervenors have expressly proven their *un*willingness to make the Sacketts' arguments. *Compare* ECF No. 94 at 21-25 *with* ECF No. 45-2 at 1.

Third, the Sacketts "offer . . . necessary elements to the proceeding that" the Business Intervenors would neglect. *Citizens for Balanced Use*, 647 F.3d at 898. The Business Intervenors are a group of national trade associations who advocated for the 2020 Rule on behalf of their industry members. ECF No. 43 at 20-21. The Sacketts are a couple in Idaho who own a modestly sized vacant lot and want to build a home on it. ECF No. 48 at ¶ 3. Their interests in this case are

---

[3] Applicants are not suggesting that the Business Intervenors' motion falls short. Rather, the outcome of that motion should not affect this motion, given the unique and specific interests asserted by the Sacketts.

Reply iso Motion to Intervene        8
No. 3:20-cv-03005-RS

not those of business landowners or housing developers. *Id*. Again, the Sacketts have a "narrow and parochial" interest in a specific plot of land in Idaho. *See Californians for Safe & Competitive Dump Truck Transp.*, 152 F.3d at 1189. This narrow, parochial interest is not represented by the Business Intervenors' interest in the nationwide application of the 2020 Rule to over ten unrelated industry sectors. *See* ECF No. 43 Further, the Sacketts are involved in ongoing litigation with EPA and the outcome of this litigation will have an immediate effect on that case. ECF No. 48 ¶ 12-14. The discretion that EPA defends to redefine "adjacent wetlands" will continue to have a very real impact on the Sacketts. The Business Intervenors' arguments do not to protect these interests.

Thus, California fails to show how the Business Intervenors could or would represent the Sacketts' interests. *Arakaki*, 324 F.3d at 1086-87. The Business Intervenors are in no shape or form "similarly situated" to the Sacketts. *See* ECF No. 43. Further, the Business Intervenors have declined to make *any* let alone *all* of the Sacketts' arguments. *See* ECF No. 94.

### B.  Consolidated Briefing Is Not Appropriate

For the same reasons the Business Intervenors cannot represent the Sacketts' interests, any order consolidating the intervenors' briefing would likewise be inappropriate. As discussed above, each set of intervenors takes a contrary view of the key legal question of the significance of the *Rapanos* decision. *Compare* ECF No. 45-2 at 5 *and* ECF No. 94 at 21-25 (taking differing approaches on the application of the *Marks* analysis to *Rapanos* and whether the new Rule is "compelled" as opposed to merely "permitted" by the Act). Furthermore, the Business Intervenors seek intervention to defend the Rule in its entirety. ECF No. 43. The Sacketts seek intervention only as to the specific portion of the rule which effects their Idaho property: the definition of "adjacent wetlands" under the Act. ECF No. 45 at 7. Given these fundamental differences, it would be untenable to consolidate briefing.

### C.  Page Limits Are Not Appropriate

The standard page limits should be available to each group of parties. California and the Agencies have already agreed that this litigation is suitable for *expanded* page limits and the Court has agreed. ECF No. 24. Thus, the request that the Sacketts be subject to *reduced* page limits is a tall request. Furthermore, the Sacketts have already submitted their proposed opposition to

California's preliminary injunction motion, which at 15 pages is much shorter than any of the briefs submitted. ECF No. 45-2. When it comes time to brief summary judgment, the Court can set briefing limits appropriately.

Further, the Sacketts do not intend to submit briefing outside of the issues they have already briefed—the interpretation of the Clean Water Act and applicable case law. The Sacketts will not use their briefing to defend the rule as an acceptable exercise of agency discretion and they will not be briefing whether the Agencies complied with APA decision making rules, whether they complied with notice and comment requirements, and whether they adequately documented or explained the change in position. *See* ECF No. 45 (limiting the scope of intervention). The Sacketts position on the dispositive issues in this case are more or less already set forth in their proposed opposition to preliminary injunction.

Of course, the Sacketts have no objection to California being granted adequate pages and time in order to address their arguments.

**IV.   The Sacketts Respectfully Request a Ruling on Their Motion to Intervene On or Before June 18, 2020**

As the briefing in this case has made clear, the Sacketts have a significant property interest that would be substantially and immediately impaired should a preliminary injunction be entered on or after June 18, 2020, without their participation as parties. *See* ECF Nos. 45 & 78. The Sacketts respectfully request that their motion to intervene be submitted without delay and decided on or before June 18, 2020, to ensure their full participation in the litigation going forward. The Sacketts further respectfully request that the Court order their proposed opposition to preliminary injunction be filed nun pro tunc to June 1, 2020, since California was served it on May 21 and discussed it in their opposition to intervention. *See* ECF No. 142.

## CONCLUSION

For the foregoing reason, the Sacketts respectfully request the Court grant their motion to intervene on or before June 18, 2020 and order their proposed opposition to preliminary injunction filed nun pro tunc to June 1, 2020.

DATED:  June 5, 2020.

|   |   |
|---|---|
| | Respectfully submitted, |
| | ANTHONY L. FRANÇOIS |
| | CHARLES T. YATES |
| | Pacific Legal Foundation |
| | |
| | By     /s/ Anthony L. François |
| |         ANTHONY L. FRANÇOIS |
| | Attorneys for Proposed Defendant-Intervenors Chantell and Michael Sackett |