Bradley A. Benbrook (SBN 177786)
Benbrook Law Group
400 Capitol Mall, Ste 2530
Sacramento, CA 95814
Tel: (916) 447-4900
Fax: (916) 447-4904
Email: brad@benbrooklawgroup.com
*Counsel for Intervening States*

PATRICK MORRISEY
   *West Virginia Attorney General*
Lindsay S. See
   *Solicitor General*
Thomas T. Lampman
   *Assistant Solicitor General*
West Virginia Office of the Attorney General
1900 Kanawha Blvd. East
Building 1, Room E-26
Tel: (304) 558-2021
Fax: (304) 558-0140
Email: lindsay.s.see@wvago.gov
*Counsel for Intervenor State of West Virginia*

CHRISTOPHER M. CARR
   *Attorney General of Georgia*
Andrew A. Pinson
   *Solicitor General*
Drew F. Waldbeser
   *Assistant Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Tel: (404) 651-9453
Fax: (404) 656-2199
Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

(Add'l Counsel Listed on Signature Page)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, *et al.*,<br>         Plaintiffs,<br>v.<br>Andrew Wheeler, *et al.*,<br>         Defendants. | Case No. 3:20-cv-3005-RS<br><br>**STATE INTERVENORS' ADDITIONAL BRIEFING IN RESPONSE TO JUNE 12 ORDER**<br><br>Hr'g Date:   June 18, 2020<br>Hr'g Time:   1:30 PM<br>Dep't:   San Francisco Courthouse, Courtroom 3, 17th Floor<br>Judge:   Honorable Richard Seeborg<br>Action Filed:   May 1, 2020 |

**STATE INTERVENORS' ADDITIONAL BRIEFING IN RESPONSE TO JUNE 12 ORDER**

On June 12, 2020, this Court asked the parties to brief whether a section of the Administrative Procedure Act (APA), 5 U.S.C. § 705, "ha[s] any effect on the considerations otherwise applicable when evaluating the propriety of a so-called 'nationwide injunction.'" Doc. 163. It does not: that provision's text and the case law applying it make clear that it does not change the analysis in this Circuit for determining whether nationwide relief is appropriate.

The propriety of nationwide injunctions continues to be in dispute across the country. But here, the parties agree that, at the least, a court may not issue a preliminary injunction broader than "necessary" to provide "complete relief" to the plaintiffs. *See* Doc. 30 at 49–50 (Plaintiffs contending that "a plaintiff is entitled to the injunctive relief necessary to afford her 'complete relief' from the harms at issue" (quoting *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Security*, 908 F.3d 476, 511 (9th Cir. 2018)). This tailoring rule is consistently applied in the Ninth Circuit to determine whether nationwide relief is permitted. For example, the Ninth Circuit held that a district court abused its discretion in ordering a nationwide preliminary injunction against enforcement of two interim final rules because "[t]he scope of the [preliminary injunction] must be no broader and no narrower than necessary to redress the injury shown by the plaintiff states." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). And just last year, the Ninth Circuit applied the same rule in granting a stay of a nationwide preliminary injunction pending appeal. *See East Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1028 (9th Cir. 2019). Although the "case present[ed] a *rule* that applies nationwide," the Court held that any preliminary injunction must be "narrowly tailored to remedy the specific *harm* shown." *Id.* at 1029 (emphases added) (citation omitted). Applying that principle, the Court stayed the nationwide relief in favor of a more limited injunction pending appeal because the "limited record" before that Court did not support the district court's conclusion that nationwide relief was necessary to remedy the plaintiffs' harm. *Id.* at 1030.

This tailoring rule must also be applied to stays of the effective date of an agency action granted under 5 U.S.C. § 705. This is clear from the text of that provision alone, which states that

the reviewing court may "postpone the effective date of an agency action" only "to the extent *necessary* to prevent irreparable injury," and "[o]n such conditions as may be *required*." *Id.* (emphases added). So, just as "[t]he scope of [a preliminary injunction] must be no broader and no narrower than necessary to redress the injury shown by the plaintiff states," *California*, 911 F.3d at 584, a stay of the effective date of agency action must extend no further than what is "necessary to prevent irreparable injury." 5 U.S.C. § 705; *see also Texas v. EPA*, 829 F.3d 405, 435 (5th Cir. 2016) (explaining that the reviewing court "ha[s] the power to stay the agency's action 'to the extent necessary to prevent irreparable injury'" but staying a rule "in its entirety" because EPA had waived any argument about the scope of the stay) (citation omitted).

In keeping with this textual limitation, courts in the Ninth Circuit have consistently required tailoring of preliminary relief in cases brought under the APA, whether plaintiffs seek nationwide preliminary injunctions, nationwide stays of agency action under § 705, or both, as the Plaintiffs do here. *See, e.g.*, *California*, 911 F.3d at 584 (vacating nationwide preliminary injunction in favor of an injunction limited to the plaintiff states because "[t]he scope of the [preliminary injunction] must be no broader and no narrower than necessary to redress the injury shown by the plaintiff states"); *City & Cty. of San Francisco v. U.S. Citizenship & Immigration Servs.*, 408 F. Supp. 3d 1057, 1127–30 (N.D. Cal. 2019) (rejecting dual request for nationwide preliminary injunction and stay under § 705 and granting a more limited preliminary injunction, explaining that a nationwide injunction is not "appropriate simply because this case presents a rule that applies nationwide" and the plaintiffs "failed to sufficiently tie [the record] evidence to the need for an injunction beyond their borders" (quoting *City & Cty. of San Francisco v. Trump*, 897 F.3d 1225, 1244 (9th Cir. 2018)) (cleaned up)), *appeal dismissed sub nom. La Clinica de La Raza, Inc. v. Trump*, No. 19-17483, 2020 WL 1170719 (9th Cir. Feb. 4, 2020); *Washington v. United States Dep't of Homeland Sec.*, 408 F. Supp. 3d 1191, 1212 (E.D. Wash. 2019) (before granting § 705 stay and nationwide preliminary injunction against public charge rule, explaining that "the primary consideration [in deciding whether to grant nationwide relief] is whether the injunctive relief is sufficiently narrow in scope to be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court" (cleaned up)).

Finally, the history of § 705 confirms that relief granted under that section must be tailored to the plaintiffs' harm. As the Supreme Court has explained, § 705 "was primarily intended to reflect existing law under the *Scripps-Howard* doctrine, … not to fashion new rules of intervention for District Courts." *Sampson v. Murray*, 415 U.S. 61, 69 n.15 (1974). The *Scripps-Howard* doctrine simply recognized "the traditional authority of reviewing courts to grant stays" pending review of administrative orders. *Id.* at 76; *see also id.* at 72–74 (describing and citing *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4 (1942)). In other words, § 705 merely codified the equitable authority of reviewing courts to grant stays pending review of administrative action. This is why, as the Plaintiffs acknowledge, the analysis for determining whether a § 705 stay is warranted is essentially the same as the analysis for determining whether a preliminary injunction is warranted. Doc. 30 at 19; *see also Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (stating the "traditional test for stays," which tracks the "factors governing preliminary injunctions" and "contemplates individualized judgments in each case") (cleaned up); *Washington*, 408 F. Supp. 3d at 1211 (citing *Nken* as controlling the § 705 stay analysis); *Casa De Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760, 770 (D. Md. 2019) (explaining that "[c]ourts apply the same factors regarding a motion for a preliminary injunction discussed above to an application for a Section 705 stay" and collecting circuit cases to that effect).[1] So the tailoring rule that has long been a part of determining the proper scope of equitable relief is retained in § 705 too. *See, e.g.*, *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (citing "the rule that injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs"); *Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987) ("Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown."). Statutory history thus confirms what the text already says: a § 705 stay must be

---

[1] The only difference between the two analyses is that, "[f]or a stay, the traditional test articulates the third factor in slightly different terms: 'whether issuance of the stay will substantially injure the other parties.'" *Washington*, 408 F. Supp. 3d at 1211 (quoting *Nken*, 556 U.S. at 419). That factor cuts directly against a nationwide stay in this case. As the State Intervenors explained in their opposition to the motion for a preliminary injunction, nationwide relief would impose significant harms on non-plaintiff states without providing any additional benefit to the Plaintiff States. Doc. 107-1 at 45–47.

limited in scope to what is necessary to prevent the irreparable harm the Plaintiffs are able to establish in a given case.

## CONCLUSION

For the reasons above, a stay under § 705 may extend no further than necessary to prevent the irreparable harm the Plaintiffs are able to establish in the record. Applied here, that tailoring rule forecloses a nationwide stay for the same reasons it forecloses a nationwide injunction. At the very least, as the State Intervenors explained in their opposition, the Plaintiffs have not demonstrated in the record that irreparable harm caused by the 2020 Rule is likely to flow from the 23 State Intervenors to any of the 17 Plaintiff States, and certainly not while this lawsuit is pending. Several of the State Intervenors are not "upstream" at all from any of the Plaintiff States, and for any that may be, the Plaintiffs offer, at best, generalized speculation that new development or other activity will send enough pollution across their borders to cause irreparable harm in the time it will take to litigate this case. And even that speculation fails to account for the wide array of independent state-law protections that would likely prevent the Plaintiffs' hypothetical harms. If this Court grants a preliminary injunction or § 705 stay (and the State Intervenors maintain that neither is justified), such relief should not extend beyond the Plaintiffs' States.

Respectfully submitted.

/s/ *Bradley A. Benbrook*
Bradley A. Benbrook (SBN 177786)
Benbrook Law Group
400 Capitol Mall, Ste 2530
Sacramento, CA 95814
Tel: (916) 447-4900
Fax: (916) 447-4904
Email: brad@benbrooklawgroup.com
*Counsel for State Intervenors*

PATRICK MORRISEY
   *West Virginia Attorney General*

/s/ *Lindsay S. See*
Lindsay S. See
   *Solicitor General*
Thomas T. Lampman
   *Assistant Solicitors General*
West Virginia Office of the Attorney General
1900 Kanawha Blvd. East
Building 1, Room E-26
Tel: (304) 558-2021
Fax: (304) 558-0140
Email: lindsay.s.see@wvago.gov
*Counsel for Intervenor State of West Virginia*

KEVIN G. CLARKSON
   *Attorney General of Alaska*

/s/ *Jennifer Currie*
Jennifer Currie
   *Senior Assistant Attorney General*
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994
Tel: (907) 269-5100
Fax: (907) 276-3697
Email: Jennifer.currie@alaska.gov
*Counsel for Intervenor State of Alaska*

CHRISTOPHER M. CARR
   *Attorney General of Georgia*

/s/ *Andrew A. Pinson*
Andrew A. Pinson
   *Solicitor General*
Drew F. Waldbeser
   *Assistant Solicitor General*
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Tel: (404) 651-9453
Fax: (404) 656-2199
Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

STEVE MARSHALL
   *Attorney General of Alabama*

/s/ *A. Barrett Bowdre*
A. Barrett Bowdre
   *Deputy Solicitor General*
Office of the Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130
Telephone: (334) 353-8892
Fax: (334) 353-8400
E-mail: barrett.bowdre@AlabamaAG.gov
*Counsel for Intervenor State of Alabama*

LESLIE RUTLEDGE
   *Attorney General of Arkansas*

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs
   *Assistant Solicitor General*
Office of the Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
Tel: (501) 682-3661
Fax: (501) 682-2591
Email: Dylan.Jacobs@ArkansasAG.gov
*Counsel for Intervenor State of Arkansas*

LAWRENCE WASDEN
   *Attorney General of Idaho*

/s/ *Mark Cecchini-Beaver*
Mark Cecchini-Beaver
   *Deputy Attorney General*
Office of the Attorney General
Environmental Quality Section
1410 N. Hilton, 2nd Floor
Boise, ID 83706
Tel: (208) 373-0494
Fax: (208) 373-0481
Email: Mark.Cecchini-Beaver@deq.idaho.gov
*Counsel for Intervenor State of Idaho*


DEREK SCHMIDT
   *Attorney General of Kansas*

/s/ *Jeffrey A. Chanay*
Jeffrey A. Chanay
   *Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3rd Floor
Topeka, Kansas 66612
Tel: (785) 368-8435
Email: jeff.chanay@ag.ks.gov
*Counsel for Intervenor State of Kansas*


JEFF LANDRY
   *Attorney General of Louisiana*

/s/ *Elizabeth B. Murrill*
Elizabeth B. Murrill
   *Solicitor General*
Joseph Scott St. John
   *Deputy Attorney General*
Louisiana Department of Justice
1885 N. 3rd St.
Baton Rouge, LA 70802
Tel: (225) 456-7544
Email: MurrillE@ag.louisiana.gov
*Counsel for Intervenor State of Louisiana*


/s/ *Thomas M. Fisher*
Thomas M. Fisher
   *Solicitor General of Indiana*
Office of the Indiana Attorney General
302 W. Washington Street, IGCS, 5th Floor
Indianapolis, Indiana
Tel: (317) 233-8292
Fax: (317) 233-8292
Email: tom.fisher@atg.in.gov
*Counsel for Intervenor State of Indiana*


DANIEL CAMERON
   *Attorney General of Kentucky*

/s/ *Carmine G. Iaccarino*
Carmine G. Iaccarino
   *Executive Director, Office of Civil & Environmental Law*
Office of the Attorney General
700 Capitol Avenue
Frankfort, Kentucky 40601
Tel: (502) 696-5650
Email: Carmine.Iaccarino@ky.gov
*Counsel for Intervenor Commonwealth of Kentucky*


LYNN FITCH
   *Attorney General of Mississippi*

/s/ *Kristi H. Johnson*
Kristi H. Johnson
   *Solicitor General*
Office of the Attorney General
P.O. Box 220
Jackson, Mississippi 39205
Tel: (601) 359-5563
Email: Kristi.Johnson@ago.ms.gov
*Counsel for Intervenor State of Mississippi*


TIMOTHY C. FOX
   *Attorney General of Montana*

/s/ *Melissa Schlichting*
Melissa Schlichting
   *Deputy Attorney General*
Office of the Attorney General
215 North Sanders / P.O. Box 201401
Helena, MT 59620-1401
Tel: (406) 444-3602
Email: MSchlichting@mt.gov
*Counsel for Intervenor State of Montana*

| | | |
|---|---|---|
| 1 | ERIC S. SCHMITT<br>   *Attorney General of Missouri* | WAYNE STENEHJEM<br>   *Attorney General of North Dakota* |
| 2 | /s/ *Julie Marie Blake*<br>Julie Marie Blake | /s/ *Margaret I. Olson*<br>Margaret I. Olson |
| 3 |    *Deputy Solicitor General*<br>Office of the Attorney General |    *Assistant Attorney General*<br>North Dakota Office of Attorney General |
| 4 | P.O. Box 899<br>Jefferson City, MO 65102 | 500 N. 9th Street<br>Bismarck, ND 58501 |
| 5 | Tel: (573) 751-3321<br>Fax: (573) 751-0774 | Tel: (701) 328-3640<br>Fax: (701) 328-4300 |
| 6 | Email: Julie.Blake@ago.mo.gov<br>*Counsel for Intervenor State of Missouri* | Email: maiolson@nd.gov<br>*Counsel for Intervenor State of North Dakota* |
| 7 | | |
| 8 | DOUGLAS J. PETERSON<br>   *Attorney General* | MIKE HUNTER<br>   *Attorney General of Oklahoma* |
| 9 | /s/ *James A. Campbell*<br>James A. Campbell | /s/ *Mithun Mansinghani*<br>Mithun Mansinghani |
| 10 |    *Solicitor General*<br>Justin D. Lavene |    *Solicitor General*<br>Oklahoma Office of the Attorney General |
| 11 |  Assistant Attorney General<br>Office of the Nebraska Attorney General | 313 NE 21st Street<br>Oklahoma City, OK 73105 |
| 12 | 2115 State Capitol<br>Lincoln, NE 68509 | Phone: (405) 522-4392<br>Fax: (405) 521-4518 |
| 13 | Email: justin.lavene@nebraska.gov<br>Email: jim.campbell@nebraska.gov | Email: Mithun.Mansinghani@oag.ok.gov<br>*Counsel for Intervenor State of Oklahoma* |
| 14 | Tel: (402) 471-2682<br>*Counsel for Intervenor State of Nebraska* | |
| 15 | | JASON R. RAVNSBORG<br>   *Attorney General* |
| 16 | DAVE YOST<br>   *Attorney General of Ohio* | /s/ *Ann F. Mines Bailey*<br>Ann F. Mines Bailey |
| 17 | /s/ *Benjamin M. Flowers*<br>Benjamin M. Flowers |    *Assistant Attorney General*<br>State of South Dakota |
| 18 |    *Solicitor General*<br>Office of Ohio Attorney General | 1302 E. Highway 14, Suite 1<br>Pierre, SD 57501-8501 |
| 19 | 30 E. Broad St., 17th Floor<br>Columbus, OH 43215 | Tel: (605) 773-3215<br>Fax: (605)773-4106 |
| 20 | Tel: (614) 728-7511<br>Email: bflowers@ohioattorneygeneral.gov | Email: ann.mines@state.sd.us<br>*Counsel for Intervenor State of South Dakota* |
| 21 | *Counsel for Intervenor State of Ohio* | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| ALAN WILSON<br>   *Attorney General of South Carolina* | KEN PAXTON<br>   *Attorney General of Texas* |
| /s/ *James Emory Smith, Jr.*<br>James Emory Smith, Jr.<br>   *Deputy Solicitor General*<br>Office of the Attorney General<br>1000 Assembly Street, Room 519<br>Columbia, South Carolina 29201<br>Tel: (803) 734-3680<br>Email: esmith@scag.gov<br>*Counsel for Intervenor State of South Carolina* | /s/ *Kyle D. Hawkins*<br>Kyle D. Hawkins<br>   *Solicitor General*<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>Tel: (512) 936-1700<br>Fax: (512) 474-2697<br>Email: Kyle.Hawkins@oag.texas.gov<br>*Counsel for Intervenor State of Texas* |
| HERBERT H. SLATERY III<br>   *Attorney General and Reporter of Tennessee* | BRIDGET HILL<br>   *Attorney General of Wyoming* |
| /s/ *Elizabeth P. McCarter*<br>Elizabeth P. McCarter<br>   *Senior Assistant Attorney General*<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Tel: (515) 532-2582<br>Email: lisa.mccarter@ag.tn.gov<br>*Counsel for Intervenor State of Tennessee* | /s/ *James C. Kaste*<br>James C. Kaste<br>   *Deputy Attorney General*<br>Office of the Attorney General<br>2320 Capitol Avenue<br>Cheyenne, WY 82002<br>Tel: (307) 777-6946<br>Fax: (307) 777-3542<br>Email: james.kaste@wyo.gov<br>*Counsel for Intervenor State of Wyoming* |
| SEAN D. REYES<br>   *Attorney General of Utah* | |
| /s/ *Daniel Burton*<br>Daniel Burton<br>   *Chief Policy Counsel*<br>Office of the Attorney General<br>Utah State Capitol Complex<br>350 North State Street, Suite 230<br>Salt Lake City, Utah 84114-2320<br>Tel: (801) 538-9600<br>Email: danburton@agutah.gov<br>*Counsel for Intervenor State of Utah* | |

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, I served this brief by filing it with this Court's ECF system.

*/s/ Andrew A. Pinson*
Andrew A. Pinson