1    XAVIER BECERRA
     Attorney General of California
2    SARAH E. MORRISON
     ERIC KATZ
3    Supervising Deputy Attorneys General
     CATHERINE M. WIEMAN, SBN 222384
4    TATIANA K. GAUR, SBN 246227
     ROXANNE J. CARTER, SBN 259441
5    JESSICA BARCLAY-STROBEL, SBN 280361
     BRYANT B. CANNON, SBN 284496
6    Deputy Attorneys General
       300 South Spring Street, Suite 1702
7      Los Angeles, CA  90013
       Telephone:  (213) 269-6329
8      Fax:  (916) 731-2128
       E-mail:  Tatiana.Gaur@doj.ca.gov
9    *Attorneys for Plaintiff State of California, by and*
     *through Attorney General Xavier Becerra and*
10   *California State Water Resources Control Board*

LETITIA JAMES
Attorney General of the State of New
York
PHILIP BEIN (*admitted pro hac vice*)
Senior Counsel
TIMOTHY HOFFMAN (*admitted pro hac vice*)
Senior Counsel
  Office of the Attorney General
  Environmental Protection Bureau
  28 Liberty Street
  New York, NY 10005
  Telephone: (716) 853-8465
  Fax: (716) 853-8579
  Email: Timothy.Hoffman@ag.ny.gov
*Attorneys for Plaintiff State of New York*

11                    IN THE UNITED STATES DISTRICT COURT

12               FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14   STATE OF CALIFORNIA BY AND THROUGH
     ATTORNEY GENERAL XAVIER BECERRA AND
     CALIFORNIA STATE WATER RESOURCES           Case No. 3:20-cv-03005-RS
15   CONTROL BOARD, STATE OF NEW YORK,
     STATE OF CONNECTICUT, STATE OF ILLINOIS,   PLAINTIFFS' BRIEF RESPONDING
16   STATE OF MAINE, STATE OF MARYLAND,         TO THE COURT'S ORDER FOR
     STATE OF MICHIGAN, STATE OF NEW JERSEY,    ADDITIONAL BRIEFING
17   STATE OF NEW MEXICO, STATE OF NORTH
     CAROLINA EX REL. ATTORNEY GENERAL          Date:         June 18, 2020
18   JOSHUA H. STEIN, STATE OF OREGON, STATE    Time:         1:30 pm
     OF RHODE ISLAND, STATE OF VERMONT,         Dept:         San Francisco Courthouse,
19   STATE OF WASHINGTON, STATE OF                            Courtroom 3 – 17th Floor
     WISCONSIN, COMMONWEALTHS OF                Judge:        Honorable Richard Seeborg
20   MASSACHUSETTS AND VIRGINIA, THE NORTH      Action Filed: 5/1/2020
     CAROLINA DEPARTMENT OF
21   ENVIRONMENTAL QUALITY, THE DISTRICT OF
     COLUMBIA, AND THE CITY OF NEW YORK,
22
                                   Plaintiffs,
23
            v.
24
     ANDREW R. WHEELER, AS ADMINISTRATOR
25   OF THE UNITED STATES ENVIRONMENTAL
     PROTECTION AGENCY; UNITED STATES
26   ENVIRONMENTAL PROTECTION AGENCY; R.
     D. JAMES, AS ASSISTANT SECRETARY OF THE
27   ARMY FOR CIVIL WORKS; AND UNITED
     STATES ARMY CORPS OF ENGINEERS,
28                                 Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The States and Cities respond here to the Court's request that the parties address the following question: "Does the existence of a specific statutory provision authorizing a court to stay the effective date of an agency rule have any effect on the considerations otherwise applicable when evaluating the propriety of a so-called 'nationwide injunction'?"  ECF No. 163. The stay that the States and Cities seek here under 5 U.S.C. § 705 would postpone the effective date of the 2020 Rule and apply nationwide.  If this Court issues a stay under § 705 of the 2020 Rule's effective date pending judicial review, the Court need not reach the States' and Cities' alternative request for a nationwide preliminary injunction.

**A STAY UNDER 5 U.S.C. § 705 APPLIES NATIONWIDE**

5 U.S.C. § 705[1] is an interim statutory remedy authorized by the Administrative Procedure Act (APA) that, by its plain terms, allows a court to delay the effective date of a rule pending resolution of judicial review.  A stay under § 705 preserves the status quo prior to judicial determination that a rule must be vacated under § 706—the kind of vacatur that the States and Cities seek here.  *See* ECF No. 1 (Complaint) (seeking order "declaring the 2020 Rule unlawful, setting it aside, and vacating it").

Although courts have looked to similar factors to issue preliminary injunctions and stays under § 705, they are "different forms of relief."  *Washington v. United States Dep't of Homeland Sec.*, 408 F. Supp. 3d 1191, 1212 (E.D. Wash. 2019) (granting nationwide stay under § 705 and preliminary injunction).  Because a stay under § 705 "operates upon the judicial proceeding itself," it differs from a preliminary injunction that "direct[s] the conduct of a particular actor." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)).

A stay of the 2020 Rule under § 705 would apply nationwide.  That is because the scope of interim relief authorized by § 705 parallels the remedy of vacatur that this Court is authorized to issue under § 706—a remedy that would apply to the nationwide 2020 Rule, not solely to the

---

[1] Section 705 provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury," a court "may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. Unless otherwise specified, all citations to statutory sections are to Title 5 of the United States Code.

1  States and Cities challenging the Rule.  *See* 5 U.S.C. § 706(2); *National Mining Ass'n v. U.S.*

2  *Army Corps of Eng'rs*, 145 F.3d 1399, 1409-10 (D.C. Cir. 1998) (when "agency regulations are

3  unlawful, the ordinary result is that the rules are vacated—not that their application to the

4  individual [plaintiffs] is proscribed").  Accordingly, "§ 705 must be read to authorize relief from

5  agency action for any person otherwise subject to the action, not just as to plaintiffs." *D.C. v.*

6  *U.S. Dep't of Agric.*, ——— F. Supp. 3d ———, No. 20-119 BAH, 2020 WL 1236657, at *34 (D.D.C.

7  Mar. 13, 2020) (ordering nationwide relief after conducting comprehensive analysis of judicial

8  authority to issue a stay under § 705).

9      To the extent the Agencies argue in their supplemental briefing that any § 705 stay should

10  be "narrowly tailored," their failure to present evidence showing how the court could "craft a

11  limited stay" warrants "stay[ing] the Final Rule in its entirety." *Texas v. EPA*, 829 F.3d 405, 435

12  (5th Cir. 2016) (granting § 705 stay and rejecting EPA's argument for more narrow remedy).

13  Indeed, courts have rejected similar arguments recently raised by federal agencies that a rule

14  should be "set aside only as to the plaintiffs," reasoning that:

15      [T]he Court would be at a loss to understand what it would mean to vacate a
16      regulation, but only as applied to the parties before the Court. As a practical
        matter, for example, how could this Court vacate the Rule with respect to the
17      organizational plaintiffs in this case without vacating the Rule writ large? What
        would it mean to 'vacate' a rule as to some but not other members of the public?
18      What would appear in the Code of Federal Regulations?

19  *O.A. v. Trump*, 404 F. Supp. 3d 109, 153 (D.D.C. 2019); *see also New Mexico Health*

20  *Connections v. HHS*, 340 F. Supp. 3d 1112, 1183 (D.N.M. 2018) ("The Court does not know how

21  a court vacates a rule only as to one state, one district, or one party. The [federal government's]

22  lawyer advised that he was not sure if the department had ever asked for relief to be limited to one

23  state before doing so in this case and did not know of anyone else in the United States asking for

24  such relief.").  Likewise, here, a § 705 stay that is geographically limited would result in a

25  regulatory patchwork that fails to afford the States and Cities complete interim relief against the

26  harms that will befall them if the 2020 Rule takes effect.  ECF No. 30 (Plaintiffs' Motion for

27  Preliminary Injunction or Stay) at 39-40; ECF No. 148 (Plaintiffs' Reply to Agencies in Support

28  of Motion) at 24-25; ECF No. 165 (Plaintiffs' Reply to State Intervenors in Support of Motion) at

2

1    11-20.  Moreover, allowing a federal rule to take effect with respect to all but the States and

2    Cities risks entrenching unlawful policies that will become more difficult or costly to replace and

3    unwind later if those plaintiffs ultimately prevail on the merits and the challenged rule is vacated.

4    *See D.C.*, 2020 WL 1236657, at \*35 (rejecting geographic limitations urged by federal agencies

5    that would allow rule to be implemented in "two dozen states" because once the "'egg has been

6    scrambled,' 'restor[ing] the status quo ante' will be considerably more disruptive").

7            Nor can the Agencies argue that this Court lacks authority under § 705 to issue nationwide

8    relief.  Where Congress wished to cabin courts' authority to issue a stay under § 705, it said so

9    expressly.  *See, e.g.*, 16 U.S.C. § 1855(f)(1)(A) (§ 705 "not applicable" to judicial review of

10   fishery-management regulations); 15 U.S.C. § 3416(b) (same for natural gas regulations).  The

11   absence of any such limitation as to geography indicates this Court can rely on § 705 to do

12   exactly what Congress authorized—postpone the effective date of the 2020 Rule nationwide

13   "pending conclusion of the review proceedings."  5 U.S.C. § 705.  Indeed, any objection by the

14   Agencies to the issuance of a nationwide stay here "should be seen for what it is: a bold and bald-

15   faced effort to restrict the exercise of Article III judicial power to aggrandize that of the executive

16   branch."  *D.C.*, 2020 WL 1236657, at \*39 (citing Mila Sohoni, *The Lost History of The*

17   *"Universal" Injunction*, 133 HARV. L. REV. 920, 996 (2020)).[2]

18           Moreover, both the Agencies and State Intervenors have invoked § 705 to stay regulations

19   nationwide.  In 2016, several State Intervenors obtained a § 705 stay of an EPA rule "in its

20   entirety" over EPA's objections.  *Texas*, 829 F.3d at 435.  They also obtained a § 705 stay of the

21   Clean Power Plan.  *West Virginia v. EPA*, 136 S. Ct. 1000 (2016).[3]  EPA has also repeatedly

22   invoked § 705 to postpone the effective dates of its own rules on a nationwide basis.  *See, e.g.,*

23

24           [2] *See also* Brief for Professor Mila Sohoni as *Amica Curiae* Supporting Respondents, *Trump v. Pennsylvania*, 140 S. Ct. 918 (No. 19-454), 2020 WL 1877916.
             [3] In contrast, when the State Intervenors challenged the 2015 Rule, they requested only
25   injunctive relief and not stays under § 705.  *See* Memorandum in Support of Motion for a
     Preliminary Injunction, *Georgia v. McCarthy*, Case No. 2:15-cv-79 (S.D. Ga. July 25, 2015)
26   (ECF No. 32); States' Memorandum in Support of Motion for Preliminary Injunction, *North Dakota v. U.S. Envtl. Prot. Agency*, Case No. 3:15-cv-59 (N.D. Aug. 10, 2015) (ECF No. 33);
27   States' Memorandum in Support Motion for Preliminary Injunction *Texas v. EPA*, Case No. 3:15-cv-162 (S.D. Tex. Feb. 12, 2016) (ECF No. 40).
28

Plaintiffs' Brief Responding to the Court's Order for Additional Briefing (3:20-cv-03005-RS)

1    *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 21-22 (D.D.C. 2012).[4]

2        Finally, courts that have considered interim relief in recent challenges to agency rules have

3    granted *both* § 705 stays and preliminary injunctions "without geographic limitation"; these

4    courts reason that a preliminary injunction against enforcement of the rule is a proper alternative

5    remedy should a court of appeal "determine[] that a section 705 stay is not appropriate."

6    *Washington*, 408 F. Supp. 3d at 1223; *D.C.*, 2020 WL 1236657, at *32.  While the States and

7    Cities here seek a stay or, in the alternative, preliminary injunctive relief, these cases confirm that

8    the remedy provided by a § 705 stay may be issued prior to or in conjunction with a nationwide

9    preliminary injunction.

10        Thus, the stay that the States and Cities seek here of the 2020 Rule's effective date under

11   § 705 would be nationwide.  As shown in the States' and Cities' motion and reply briefs, either a

12   stay or a nationwide preliminary injunction is necessary to prevent the irreparable harm that the

13   State and Cities will suffer if the 2020 Rule goes into effect.

14

15

16

17

18

19

20

21

22       [4] The following is a partial list of § 705 postponements that have stayed the entirety of a
rule (or provided stays to specific regulatory provisions in a rule) on a nationwide basis: 79 Fed.
Reg. 26,297 (May 7, 2014) (SEC); 76 Fed. Reg. 59,896 (Sept. 28, 2011) (Dep't of Labor); 73
23   Fed. Reg. 67,107 (Nov. 13, 2008) (EPA); 69 Fed. Reg. 19,937-39 (Apr. 15, 2004) (EPA); 66 Fed.
Reg. 27,863-64 (May 21, 2001) (Dep't of Labor); 66 Fed. Reg. 20,191 (Apr. 20, 2001) (Dep't of
24   Energy); 60 Fed. Reg. 54,949 (Oct. 27, 1995) (EPA); 60 Fed. Reg. 50,426-28 (Sept. 29, 1995)
(EPA); 60 Fed. Reg. 26,828 (May 19, 1995) (EPA); 60 Fed. Reg. 22,228 (May 4, 1995) (EPA);
25   55 Fed. Reg. 10,455-56 (Mar. 21, 1990) (EPA); 57 Fed. Reg. 22,178 (May 27, 1992) (EPA); 57
Fed. Reg. 5,859-61 (Feb. 18, 1992) (EPA); 56 Fed. Reg. 43,874-77 (Sept. 5, 1991) (EPA); 56
26   Fed. Reg. 27,332-36 (June 13, 1991) (EPA); 56 Fed. Reg. 19,951-52 (May 1, 1991) (EPA); 56
Fed. Reg. 1,556-57 (Jan. 15, 1991) (EPA); 55 Fed. Reg. 38,057-58 (Sept. 17, 1990) (EPA); 55
27   Fed. Reg. 29,205-06 (Mar. 15, 1990) (EPA); 54 Fed. Reg. 4,021-22 (Jan. 27, 1989) (EPA); 48
Fed. Reg. 45,537-38 (Oct. 6, 1983) (Fed. Trade Comm'n); 46 Fed. Reg. 2,975-76 (Jan. 13, 1981)
28   (FERC).

4

Dated:  June 16, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
SARAH E. MORRISON
ERIC KATZ
Supervising Deputy Attorneys General
CATHERINE M. WIEMAN
ROXANNE J. CARTER
JESSICA BARCLAY- STROBEL
BRYANT B. CANNON
Deputy Attorneys General


/s/ *Tatiana K. Gaur*

TATIANA K. GAUR
Deputy Attorney General
*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra and California State Water Resources Control Board*


For the STATE OF NEW YORK
LETITIA JAMES
Attorney General of the State of New York
Philip Bein (*admitted pro hac vice*)
Senior Counsel

/s/ Timothy Hoffman

Timothy Hoffman (*admitted pro hac vice*)
Senior Counsel
Office of the Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
Telephone: (716) 853-8465
Fax: (716) 853-8579
Email: Timothy.Hoffman@ag.ny.gov

For the State of Connecticut
WILLIAM TONG
Attorney General

/s/ Matthew I. Levine

Matthew I. Levine
David H. Wrinn*
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
P.O. Box 120
Hartford, CT  06141-0120
Telephone: (860) 808-5250
Email: Matthew.Levine@ct.gov
Email: David.Wrinn@ct.gov

5

1

For the State of Illinois
KWAME RAOUL
Attorney General

2

3

/s/ Jason E. James

4

Jason E. James (*admitted pro hac vice*)
Assistant Attorney General
Matthew J. Dunn

5

Chief, Environmental Enforcement/Asbestos
Litigation Division

6

Office of the Attorney General
Environmental Bureau

7

69 West Washington, 18th Floor
Chicago, IL 60602

8

Telephone: (312) 814-0660
Email: jjames@atg.state.il.us

9

10

11

For the State of Maine
AARON M. FREY
Maine Attorney General

/s/ Jillian R. O'Brien

Jillian R. O'Brien, Cal. SBN 251311
Assistant Attorney General
6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Email: Jill.OBrien@maine.gov

12

For the STATE OF MARYLAND
Brian E. Frosh

13

Attorney General of Maryland

14

/s/ Joshua M. Segal

15

Joshua M. Segal*
Special Assistant Attorney General

16

Office of the Attorney General
200 St. Paul Place

17

Baltimore, MD 21202
Telephone: (410) 576-6446

18

Email: jsegal@oag.state.md.us

19

For the State of Michigan
DANA NESSEL
Attorney General of Michigan

/s/ Daniel P. Bock

Daniel P. Bock (*admitted pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
Email: bockd@michigan.gov

20

21

22

23

24

25

26

27

28

6

For the State of New Jersey
GURBIR S. GREWAL
Attorney General

/s/ Lisa Morelli
Lisa Morelli, Cal. SBN 137092
Deputy Attorney General
Environmental Practice Group
Division of Law
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625
Telephone: (609)376-2745
Email: Lisa.Morrelli@law.njoag.gov

For the State of New Mexico
HECTOR BALDERAS
Attorney General of New Mexico

/s/ William Grantham
William Grantham (*admitted pro hac vice*)
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, New Mexico 87102
Telephone: (505) 717-3520
Email: wgrantham@nmag.gov

For the State of North Carolina ex rel. Attorney
General Joshua H. Stein and for the North
Carolina Department of Environmental Quality
JOSHUA H. STEIN
Attorney General
Daniel S. Hirschman
Senior Deputy Attorney General

/s/ Amy L. Bircher
Amy L. Bircher*
Special Deputy Attorney General
Marc Bernstein
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6400
Email: abircher@ncdoj.gov

For the State of Oregon
Ellen F. Rosenblum
Attorney General of the State of Oregon

/s/ Paul Garrahan
Paul Garrahan (*admitted pro hac vice*)
Attorney-in-Charge, Natural Resources
Section
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301-4096
Telephone: (503) 947-4593
Fax:  (503) 378-3784
Email: paul.garrahan@doj.state.or.us

7

1

2

For the State of Rhode Island
PETER F. NERONHA
Attorney General

For the State of Vermont
THOMAS J. DONOVAN, JR.
Attorney General of Vermont

3

/s/ Alison B. Hoffman

/s/ Laura B. Murphy

4

5

6

7

Alison B. Hoffman (*admitted pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Email: AHoffman@riag.ri.gov

Laura B. Murphy (*admitted pro hac vice*)
Assistant Attorney General
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3186
Email: laura.murphy@vermont.gov

8

9

10

11

For the State of Washington
ROBERT W. FERGUSON
Attorney General

For the State of Wisconsin
JOSHUA L. KAUL
Wisconsin Attorney General

12

/s/ Ronald L. Lavigne

/s/ Gabe Johnson-Karp

13

14

15

16

Ronald L. Lavigne (*admitted pro hac vice*)
Senior Counsel
Office of the Attorney General
2425 Bristol Court SW, 2nd Fl.
Olympia, WA 98504
Telephone: (305) 586-6751
Email: ronald.lavigne@atg.wa.gov

Gabe Johnson-Karp (*admitted pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707
Telephone: (608) 267-8904
Email: johnsonkarpg@doj.state.wi.us

17

18

19

20

21

22

23

24

25

26

27

28

8

| | | |
|---|---|---|
| 1 | For the Commonwealth of Massachusetts<br>MAURA HEALEY | For the Commonwealth of Virginia<br>MARK R. HERRING |
| 2 | Attorney General | Attorney General<br>Donald D. Anderson |
| 3 | /s/ Seth Schofield | Deputy Attorney General<br>Paul Kugelman, Jr. |
| 4 | Seth Schofield (*admitted pro hac vice*)<br>Senior Appellate Counsel | Senior Assistant Attorney General<br>Chief, Environmental Section |
| 5 | David S. Frankel (admitted pro hac vice)<br>Special Assistant Attorney General | |
| 6 | Energy and Environment Bureau<br>Office of the Attorney General | /s/ David C. Grandis |
| 7 | One Ashburton Place, 18th Flr.<br>Boston, MA 02108 | David C. Grandis*<br>Senior Assistant Attorney General<br>Office of the Attorney General |
| 8 | Telephone: (617) 963-2436 / 2294<br>Email: seth.schofield@mass.gov | 202 North Ninth Street<br>Richmond, VA 23219 |
| 9 | Email: david.frankel@mass.gov | Telephone: (804) 225-2741<br>Email: dgrandis@oag.state.va.us |
| 10 | | |
| 11 | | |
| 12 | For the DISTRICT OF COLUMBIA<br>KARL A. RACINE | For the CITY OF NEW YORK<br>JAMES E. JOHNSON |
| 13 | Attorney General | Corporation Counsel of the City of New York |
| 14 | /s/ Brian Caldwell | /s/ Nathan Taylor |
| 15 | Brian Caldwell*<br>Assistant Attorney General | Nathan Taylor*<br>New York City Law Department |
| 16 | Social Justice Section<br>Office of the Attorney General | 100 Church Street, Rm 6-144<br>New York, NY  10007 |
| 17 | for the District of Columbia<br>441 Fourth Street N.W., Ste # 600-S | Telephone: (646) 940-0736 (m)<br>Telephone: (212) 356-2315 |
| 18 | Washington, D.C. 20001 | Email: NTaylor@law.nyc.gov |
| 19 | Telephone: (202) 727-6211<br>Telephone: (202) 445-1952 (m) | |
| 20 | Email: brian.caldwell@dc.gov | |
| 21 | | |
| 22 | *Application for admission pro hac vice<br>forthcoming.* | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

9

# CERTIFICATE OF SERVICE

Case Name:  **State of California, et al. v. Andrew R. Wheeler, et al.**

Case No.:   **3:20-cv-03005-RS**

I hereby certify that on <u>June 16, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' BRIEF RESPONDING TO THE COURT'S ORDER FOR ADDITIONAL BRIEFING**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 16, 2020</u>, at Los Angeles, California.


| Ernestina Provencio | /s/ Ernestina Provencio |
|---|---|
| Declarant | Signature |


LA2020300885