UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, et al., <br><br> Defendants. | Case No. 20-cv-03005-RS <br><br> **ORDER DENYING MOTIONS TO INTERVENE** |

Pursuant to Civil Local Rule 7-1(b), the motions of Chantell Sackett and Michael Sackett (Dkt. No. 45) and the proposed "Business Intervenors"[1] (Dkt. No. 43) for leave to intervene in this action have been submitted without oral argument. The motions will be denied.

The Sacketts own real property in Idaho that they contend is impacted by the regulatory definition of "waters of the United States" at issue in this case. The proposed Business Intervenors assert the definition affects their operations and economic interests in various substantial ways. Both the Sacketts and the proposed Business Intervenors support the new rule that the government is defending in this case, although they each contend they have some slightly different or

---

[1] The proposed "Business Intervenors" are the American Farm Bureau Federation, the American Petroleum Institute, the American Road and Transportation Builders Association, the Chamber of Commerce of the United States of America, Edison Electric Institute, Leading Builders of America, the National Alliance of Forest Owners, the National Association of Home Builders, the National Cattlemen's Beef Association, the National Corn Growers Association, the National Mining Association, the National Pork Producers Council, the National Stone, Sand, and Gravel Association, the Public Lands Council, and the U.S. Poultry & Egg Association.

additional arguments and perspectives to present. Insisting that the government will not be able to represent their interests adequately, the proposed intervenors seek intervention as a matter of right, or in the alternative, permissive intervention.

Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right. Fed.R.Civ.P. 24(a). The Ninth Circuit has articulated four requirements:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)).

Here, the motions to intervene were timely, and the moving parties all likely have significantly protectable interests at stake. A final ruling in this case as to the legality or illegality of the new rule may not leave the moving parties completely without recourse—for instance, determinations specific to their various properties might remain to be made—but as a practical matter a ruling in plaintiffs' favor likely would impair the moving parties' ability to protect their interests.

In the particular context of this APA case, however, there is no reason to conclude the moving parties' interests will be inadequately represented. The matter will be adjudicated on the administrative record. Absent an exception to the general rule, there will be no discovery. This is not a situation where there will be protracted litigation, with numerous opportunities to make differing strategic decisions that shape the ultimate course of the case or the arguments and evidence that will be available. Rather, the case presumably will be decided on cross-motions for "summary judgment," which likely will merely amplify the arguments presented in the preliminary injunction proceedings, but without the additional issue of "irreparable harm."

The moving parties will be permitted to contribute to that process by submitting *amicus* briefs, as they did at the time of the motion for a preliminary injunction. Indeed, the parties are hereby instructed to include the moving parties when negotiating briefing schedules on the merits, so that there is an adequate opportunity for their *amicus* briefs to be filed, and responded to. Although the Court does not anticipate entertaining oral argument from any *amicus curiae* at the time of the hearing on the merits, if one of these moving parties believes it must be heard, it can make such a request in its *amicus* brief, which will be evaluated at that time.

Accordingly, the Sacketts and the proposed Business Intervenors have not shown their interests will be inadequately represented absent intervention as of right. Permissive intervention is unwarranted for the same reasons. The motions are denied.[2]

**IT IS SO ORDERED**.

Dated:  August 13, 2020

RICHARD SEEBORG
United States District Judge

---

[2] In a parallel action pending in the District of Colorado, motions to intervene by these same parties were granted. That case, however, stands in a different procedural posture, as a preliminary injunction was granted, and the motions to intervene were unopposed.