1  XAVIER BECERRA
   Attorney General of California
2  SARAH E. MORRISON
   ERIC KATZ
3  Supervising Deputy Attorneys General
   CATHERINE M. WIEMAN, SBN 222384
4  TATIANA K. GAUR, SBN 246227
   ROXANNE J. CARTER, SBN 259441
5  JESSICA BARCLAY-STROBEL, SBN 280361
   BRYANT B. CANNON, SBN 284496
6  Deputy Attorneys General
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013
     Telephone: (213) 269-6329
8    Fax: (916) 731-2128
     E-mail:  Tatiana.Gaur@doj.ca.gov
9  *Attorneys for Plaintiff State of California, by and
   through Attorney General Xavier Becerra and*
10 *California State Water Resources Control Board*

   LETITIA JAMES
   Attorney General of the State of New
   York
   PHILIP BEIN (*admitted pro hac vice*)
   Senior Counsel
   TIMOTHY HOFFMAN (*admitted pro hac
   vice*)
   Senior Counsel
     Office of the Attorney General
     Environmental Protection Bureau
     28 Liberty Street
     New York, NY 10005
     Telephone: (716) 853-8465
     Fax: (716) 853-8579
     Email: Timothy.Hoffman@ag.ny.gov
   *Attorneys for Plaintiff State of New York*

11 [Additional parties and counsel listed on signature
   pages]

12
13                   IN THE UNITED STATES DISTRICT COURT
14              FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| 16 **STATE OF CALIFORNIA, et al.,** | **Case No. 3:20-cv-03005-RS** |
| 16                             Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| 17       v. | Date:           September 17, 2020 |
| 18 **ANDREW WHEELER, et al.,** | Time:           10:00 am |
| 19                             Defendants, | Courtroom:   Courtroom 3 – 17th Floor |
| 20 **STATE OF GEORGIA, et al.,** | San Francisco Courthouse |
| 21                   Intervenor-Defendants. | Judge:          The Honorable Richard Seeborg |
| 22 | Action Filed:  May 1, 2020 |

23
24         The parties to the above-entitled action submit this Joint Case Management Statement
25  pursuant to the Standing Order for All Judges of the Northern District of California-Contents of
26  Joint Case Management Statement (Standing Order), Judge Seeborg's Standing Order re: Initial
27  Case Management, and Civil Local Rules 16-5 (Procedure in Actions for Review on an
28  Administrative Record) and 16-9 (Case Management Statement and Proposed Order).

                                                    1

Undersigned counsel for Plaintiffs[1], Defendants[2], and State Intervenor-Defendants[3] (together, the Parties), after having discussed the items enumerated in the Standing Order and applicable local rules, respectfully submit the following joint statement:

    1.  Jurisdiction and Service

    All parties to this action have been served.

Plaintiffs contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States) and 5 U.S.C. § 702 (judicial review of agency action under the Administrative Procedure Act).

Defendants reserve the right to challenge subject-matter jurisdiction to the extent Plaintiffs fail to meet their burden of establishing their Article III standing at the summary judgment stage.

    2.  Facts:

On April 21, 2020, Defendants promulgated "The Navigable Waters Protection Rule: Definition of 'Waters of the United States'" (2020 Rule or Rule), which delineates the waters that are protected by the Clean Water Act, 33 U.S.C. § 1251 *et seq*. (CWA or Act). 85 Fed. Reg. 22,250 (Apr. 21, 2020). The 2020 Rule replaced the "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) (2019 Rule). According to Plaintiffs, the 2020 Rule narrows the definition of "waters of the United States," categorically excludes many ephemeral streams and wetlands from the definition's scope, and eliminates interstate waters as a category of waters protected by the Act.

On May 1, 2020, Plaintiffs filed this lawsuit, seeking judicial review of the 2020 Rule under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (APA).

---

[1] Plaintiffs are the States of California, New York, Connecticut, Illinois, Maine, Maryland, Michigan, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, Washington and Wisconsin, the Commonwealths of Massachusetts and Virginia, the North Carolina Department of Environmental Quality, the District of Columbia, and the City of New York.

[2] Defendants are the United States Environmental Protection Agency (EPA), EPA Administrator Andrew Wheeler, the United States Army Corps of Engineers (Army Corps), and Assistant Secretary of the Army for Civil Works R.D. James.

[3] State Intervenor-Defendants are the States of Georgia, West Virginia, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming.

1    On June 2, 2020, Defendants filed a certified administrative record index for the 2020 Rule.

2    ECF No. 115-2.

3    On June 10, 2020, the Court granted State Intervenor-Defendants' motion to intervene and

4    deemed their answer to the complaint filed on the same date. ECF No. 160.

5    Defendants filed their answer to the complaint on August 10, 2020.

6    On August 31, 2020, Defendants filed an amended certified administrative record index for

7    the 2020 Rule. ECF No. 206-2.

8    3.   Legal Issues

9    Plaintiffs allege that the 2020 Rule is arbitrary and capricious, an abuse of discretion, and

10   not in accordance with law in violation of the APA, 5 U.S.C. § 706(2)(A), and must be vacated

11   and set aside.

12   Defendants and State Intervenor-Defendants dispute these claims.

13   4.   Motions

14   A.  Prior Motions

15   •   Plaintiffs' Motion for a Preliminary Injunction or Stay: This motion was filed on

16       May 18, 2020. ECF No. 30. The Court heard oral argument on June 18, 2020 and

17       denied the motion on June 19, 2020. ECF No. 171.[4]

18   •   Sacketts' Motion to Intervene: This motion was filed on May 21, 2020. ECF No.

19       45. The Court ruled that the motion would be resolved without oral argument

20       under Civil Local Rule 7-1(b). ECF No. 80. The motion was denied on August 13,

21

22   [4] In addition, the following motions pertaining to Plaintiffs' Motion for a Preliminary
     Injunction or Stay have been filed: Plaintiffs' Motion for Order Shortening Time, ECF No. 32,
     which was granted (ECF No. 33); Defendants' Motion for Reconsideration, Opposition to
23   Plaintiffs' Motion for Order Shortening Time, and Cross-motion for Order for Enlargement of
     Time, ECF No. 34, which was denied (ECF Nos. 37 and 64); the Institute for Policy Integrity's
24   Motion for Leave to File Amicus Curiae Brief in support of Plaintiffs' Motion for a Preliminary
     Injunction or Stay, ECF No. 55, which was granted (ECF No. 80); American Fisheries Society, et
25   al.'s Motion for Leave to File Amici Curiae Brief in support of Plaintiffs' Motion for a
     Preliminary Injunction or Stay, ECF No. 68, which was granted (ECF No. 80); Duarte Nursery
26   Inc.'s Motion for Leave to File Amicus Curiae Brief in opposition to Plaintiffs' Motion for a
     Preliminary Injunction or Stay, ECF No. 105 (the Court has not ruled on this motion); Freeport-
27   McMoran, Inc.'s Motion to File a Brief as Amicus Curiae in opposition to Plaintiffs' Motion for a
     Preliminary Injunction or Stay, ECF No. 129 (the Court has not ruled on this motion); and the
28   Sacketts' Motion for Order Shortening Time, ECF No. 78, which was denied (ECF No. 80).

2020, ECF No. 200, but the Court has allowed the Sacketts to file an Amicus
Curiae Brief. *Id.* The Sacketts have since filed a notice of appeal challenging the
order denying their motion to intervene. ECF No. 201.

- Proposed Business Intervenors' Motion to Intervene: This motion was filed on
  May 21, 2020. ECF No. 43. The Court ruled that this motion also would be
  resolved without oral argument. ECF No. 80. The motion was denied on August
  13, 2020, ECF No. 200, but the Court has allowed the Proposed Business
  Intervenors to file an Amicus Curiae Brief. *Id.*

- State Intervenor-Defendants' Motion to Intervene: This motion was filed on June
  1, 2020. ECF No. 107. The Court granted the motion on June 10, 2020. ECF No.
  160.[5]

   B.  Motion to Complete/Supplement the Administrative Record

The certified administrative record index filed by Defendants on June 2, 2020 (ECF No.
115-2) (AR Index) and the amended certified administrative record index filed on August 31,
2020 (ECF No. 206-2) (Amended AR Index) include hyperlinks to access the documents in the
record contained on the docket for the 2020 Rule (Docket ID: EPA-HQ-OW-2018-0149)
regulations.gov. However, neither the AR Index nor the Amended AR Index provides access to
all documents in the record. In late July 2020, Plaintiffs informed Defendants that they are unable
to access all documents in the administrative record and requested electronic access to all
documents in the administrative record. Defendants did not provide electronic access to or
otherwise produce these documents but on September 8, 2020, Defendants provided a list of
documents that are not accessible on the docket for the 2020 Rule at regulations.gov, and
therefore cannot be electronically accessed by Plaintiffs. According to Defendants, these
documents include roughly 230 documents that may be copyrighted material as well as physical
files in a file size/format that is not accessible on the docket. Defendants have stated they can
provide these documents to Plaintiffs and Intervenor Defendants only if the Parties enter into a

---

[5] State Defendant-Intervenors also filed a Motion to Expedite Review of Motion to
Intervene, ECF No. 143, which was granted (ECF No. 146).

protective order governing the use of such documents. The Parties will endeavor to reach an agreement on a protective order related to the production of the copyrighted materials pursuant to the schedule outlined in paragraph 17 below. If the Parties fail to reach such an agreement by the deadlines in paragraph 17, Plaintiffs will likely file a motion to complete/supplement the administrative record.

If the Parties are unable to agree on the terms of a protective order allowing for the production of the documents that Defendants assert are copyrighted, the Parties will meet and confer regarding a motion to complete/supplement the administrative record and will provide the Court with a proposed briefing schedule for that motion by September 29, 2020.

C.   Cross-Motions for Summary Judgment

The Parties anticipate resolving this matter through cross-motions for summary judgment. The Parties' proposed briefing schedule for the cross-motions is provided in paragraph 17, below.

5.   Amendment of Pleadings

No amendments are anticipated by any party.

6.   Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines). Plaintiffs do not anticipate that any issues will arise regarding the preservation of evidence but have requested that Defendants take reasonable and proportionate steps to preserve potential evidence relevant to the issues in this action.

7.   Disclosures

The Parties agree that initial disclosures are not required (or necessary) under Fed. R. Civ. P. 26(a)(1)(B)(i).

8.   Discovery

The Parties do not anticipate discovery.

9.   Class Actions

This case is not a class action.

10. Related Cases

There are challenges to the 2020 Rule pending in other district courts: *Colorado v. EPA*, Case No. 20-cv-01461 (D. Colo.); *Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266 (D. Ariz.); *Chesapeake Bay Found., Inc. v. EPA*, No. 1:20-cv-01064 (D. Md.); *Conservation Law Found. v. EPA*, No. 1:20-cv-010820 (D. Mass.); *S.C. Coastal Conservation League v. Wheeler*, No. 2:20-cv-01687 (D.S.C.); *Navajo Nation v. Wheeler*, No. 2:20-cv-602 (D.N.M.); *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-988 (D.N.M.); *Murray v. Wheeler*, No. 1:19-cv-1498 (N.D.N.Y.); *Or. Cattlemen's Ass'n v. EPA*, No. 3:19-cv-564 (D. Or.); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-950 (W.D. Wash.); *Environmental Integrity Project v. Wheeler*, 1:20-cv-1734 (D.D.C.); *Wa. Cattlemen's Ass'n v. EPA*, No. 2:19-cv-569 (W.D. Wash.).

11. <u>Relief</u>

Plaintiffs seek: (a) a declaratory judgment that, in promulgating the 2020 Rule, Defendants acted arbitrarily, capriciously, contrary to law, and abused their discretion; (b) an order vacating and setting aside the 2020 Rule; (c) an award of Plaintiffs' reasonable fees, costs, expenses, and disbursements, including attorneys' fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and (d) such additional and further relief as the Court deems just, proper and necessary.

Defendants and State Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

12. <u>Settlement and ADR</u>

The Parties have complied with ADR Local Rule 3-5 and have discussed the various ADR options provided by this court and private entities. The Parties do not believe that ADR is appropriate.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Defendants have declined to consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel for Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The Parties do not believe that it is possible to narrow the issues.

16. Expedited Trial Procedure

The Parties anticipate that the case will be resolved on summary judgment. No trial is expected to occur.

17. Scheduling

The Parties agree that departure from the default deadlines set forth in Local Rule 16-5 is appropriate in this matter.  The Parties request oral argument on their cross-motions for summary judgment.

    A.  The Parties' Proposed Schedule Regarding Production of All Documents in the Administrative Record for the 2020 Rule

The Parties discussed the production of the documents in the administrative record that Defendants assert are copyrighted and/or are physical files that are part of the administrative record but are not accessible on the docket for the 2020 Rule at regulations.gov and have not been produced, and were able to agree as follows:

| Deadline | Action |
| --- | --- |
| September 15, 2020 | Defendants will provide Plaintiffs and State Intervenors with a draft protective order regarding access to and use of the documents that are part of the administrative record but are not accessible on the docket for the 2020 Rule because Defendants contend they are copyrighted. |
| September 17, 2020 | Defendants will provide Plaintiffs and State Intervenors with electronic or hard copies of the physical files that are part of the administrative record and are not subject to copyright but are in a file size/format that is not accessible on the docket. |
| September 22, 2020 | If the Parties reach an agreement on the terms of a proposed protective order, Defendants will file the proposed protective order with the Court. |
| September 29, 2020 | The Court, in its discretion, will sign the proposed protective order. |
| September 30, 2020 | If a protective order is entered, Defendants will provide Plaintiffs, State Intervenors, and the Court with electronic access to all |

7

| | documents in the administrative record, including copyrighted documents. |
|---|---|

B.  The Parties' Proposed Briefing Schedules for Cross-Motions for Summary Judgment

The Parties were unable to reach an agreement on the briefing schedule for the cross-motions for summary judgment, but were able to agree on the page limits for each party's briefs.

*Plaintiffs' Proposed Briefing Schedule*

Assuming Defendants provide all Parties and the Court with electronic access by the deadlines set forth above to the entire administrative record, including all documents that Defendants assert are copyrighted and copies of all physical files in the administrative record that are in a file size/format that is not accessible on the docket of the 2020 Rule, Plaintiffs respectfully propose the following briefing schedule:

| **Deadline** | **Action** |
|---|---|
| November 23, 2020 | Plaintiffs shall file their motion for summary judgment along with a supporting memorandum which shall not exceed 45 pages of text. |
| January 22, 2020 | • Defendants shall file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text.<br>• State Intervenor-Defendants shall file an opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 25 pages of text. |
| February 17, 2021 | All amicus briefs shall be filed. Amicus briefs shall not exceed 25 pages of text. |
| March 15, 2021 | Plaintiffs shall file one combined brief consisting of their reply in support of summary judgment and their oppositions to Defendants' cross-motion for summary judgment and State Intervenor-Defendants' and any other defendant-intervenors' (if any) cross-motion for summary judgment. Plaintiffs' combined reply/oppositions to the cross-motions for summary judgment shall not exceed 50 pages of text. |

| | |
|---|---|
| May 6, 2021 | • Defendants shall file their reply in support of their cross-motion for summary judgment, which shall not exceed 35 pages of text.<br>• State Intervenor-Defendants shall file their reply in support of their cross-motion for summary judgment, which shall not exceed 15 pages of text. |
| Earliest available date no sooner than 21 days after briefing on the cross-motions for summary judgment is completed | Hearing on cross-motions for summary judgment. |

*Defendants' Proposed Briefing Schedule*

Defendants respectfully propose the following briefing schedule:

| **Deadline** | **Action** |
|---|---|
| October 28, 2020 | Plaintiffs shall file their motion for summary judgment along with a supporting memorandum which shall not exceed 45 pages of text. |
| December 21, 2020 | • Defendants shall file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 45 pages of text.<br>• State Intervenor-Defendants shall file an opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment not to exceed 25 pages of text. |
| January 12, 2021 | All amicus briefs shall be filed. Amicus briefs shall not exceed 25 pages of text. |
| February 12, 2021 | Plaintiffs shall file one combined brief consisting of their reply in support of summary judgment and their oppositions to Defendants' cross-motion for summary judgment and State Intervenor-Defendants' and any other defendant-intervenors' (if any) cross-motion for summary judgment. Plaintiffs' combined reply/oppositions to the cross-motions for summary judgment shall not exceed 50 pages of text. |
| March 31, 2021 | • Defendants shall file their reply in support of their cross-motion for summary judgment, which shall not exceed 35 pages of text. |

9

| | • State Intervenor-Defendants shall file their reply in support of their cross-motion for summary judgment, which shall not exceed 15 pages of text. |
|---|---|
| Earliest available date no sooner than 21 days after briefing on the cross-motions for summary judgment is completed | Hearing on cross-motions for summary judgment. |

*State Intervenors' Proposed Briefing Schedule*

The State Intervenors prefer the agencies' proposed briefing schedule but likely would agree to a different schedule if the plaintiffs and agencies are able to reach an agreement at a later date.

18. Trial

The Parties anticipate that this case will be resolved by summary judgment, so do not anticipate a trial. The Parties expect that any summary judgment hearing that the Court schedules will require approximately two hours.

19. Disclosure of Non-party Interested Entities or Persons

Civil Local Rule 3-15 does not apply to any government entity or its agencies, including Plaintiffs, Defendants, and State Intervenor-Defendants.

20. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

The Parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

///

///

///

///

///

1  Dated:  September 10, 2020                    Respectfully Submitted,

2

3                                                XAVIER BECERRA
                                                 Attorney General of California
                                                 SARAH E. MORRISON
4                                                ERIC KATZ
                                                 Supervising Deputy Attorneys General
5                                                CATHERINE M. WIEMAN
                                                 ROXANNE J. CARTER
6                                                JESSICA BARCLAY- STROBEL
                                                 BRYANT B. CANNON
7                                                Deputy Attorneys General

8
                                                 /s/ Tatiana K. Gaur
9                                                TATIANA K. GAUR
                                                 Deputy Attorney General
10                                               *Attorneys for Plaintiff State of California, by
                                                 and through Attorney General Xavier Becerra
11                                               and California State Water Resources Control
                                                 Board*
12

13

14
   For the STATE OF NEW YORK                     For the State of Connecticut
15 LETITIA JAMES                                 WILLIAM TONG
   Attorney General of the State of New York     Attorney General
16 Philip Bein (*admitted pro hac vice*)
   Senior Counsel
17                                               /s/ Matthew I. Levine
                                                 Matthew I. Levine
18 /s/ Timothy Hoffman                           David H. Wrinn (*admitted pro hac vice*)
   Timothy Hoffman (*admitted pro hac vice*)     Assistant Attorneys General
19 Senior Counsel                                Office of the Attorney General
   Office of the Attorney General                165 Capitol Avenue
20 Environmental Protection Bureau               P.O. Box 120
   28 Liberty Street                             Hartford, CT  06141-0120
21 New York, NY 10005                            Telephone: (860) 808-5250
   Telephone: (716) 853-8465                     Email: Matthew.Levine@ct.gov
22 Fax: (716) 853-8579                           Email: David.Wrinn@ct.gov
   Email: Timothy.Hoffman@ag.ny.gov
23

24

25

26

27

28

1   For the State of Illinois
    KWAME RAOUL
2   Attorney General

3   /s/ Jason E. James

4   Jason E. James (*admitted pro hac vice*)
    Assistant Attorney General
5   Matthew J. Dunn
    Chief, Environmental Enforcement/Asbestos
6   Litigation Division
    Office of the Attorney General
7   Environmental Bureau
    69 West Washington, 18th Floor
8   Chicago, IL 60602
    Telephone: (312) 814-0660
9   Email: jjames@atg.state.il.us

10

11

12  For the STATE OF MARYLAND
    Brian E. Frosh
13  Attorney General of Maryland

14  /s/ Joshua M. Segal

15  Joshua M. Segal (*application pro hac vice
    forthcoming*)
16  Special Assistant Attorney General
    Office of the Attorney General
17  200 St. Paul Place
    Baltimore, MD 21202
18  Telephone: (410) 576-6446
    Email: jsegal@oag.state.md.us

19

20

21

22

23

24

25

26

27

28

For the State of Maine
AARON M. FREY
Maine Attorney General

/s/ Jillian R. O'Brien

Jillian R. O'Brien, Cal. SBN 251311
Assistant Attorney General
6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Email: Jill.OBrien@maine.gov

For the State of Michigan
DANA NESSEL
Attorney General of Michigan

/s/ Daniel P. Bock

Daniel P. Bock (*admitted pro hac vice*)
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Telephone: (517) 335-7664
Email: bockd@michigan.gov

12

1      For the State of New Jersey                For the State of New Mexico
       GURBIR S. GREWAL                    HECTOR BALDERAS

2      Attorney General                     Attorney General of New Mexico

3      /s/ Lisa Morelli                       /s/ William Grantham

4      Lisa Morelli, Cal. SBN 137092         William Grantham (*admitted pro hac vice*)
       Deputy Attorney General             Assistant Attorney General

5      Environmental Practice Group        201 Third Street NW, Suite 300
       Division of Law                   Albuquerque, New Mexico 87102

6      R.J. Hughes Justice Complex        Telephone: (505) 717-3520
       25 Market Street, P.O. Box 093      Email: wgrantham@nmag.gov
       Trenton, New Jersey 08625

7      Telephone: (609)376-2745
       Email: Lisa.Morrelli@law.njoag.gov

8

9

10

11     For the State of North Carolina ex rel. Attorney      For the State of Oregon
      General Joshua H. Stein and for the North          Ellen F. Rosenblum

12     Carolina Department of Environmental Quality   Attorney General of the State of Oregon
      JOSHUA H. STEIN

13     Attorney General                   /s/ Paul Garrahan
      Daniel S. Hirschman

14     Senior Deputy Attorney General        Paul Garrahan (*admitted pro hac vice*)
                                      Attorney-in-Charge, Natural Resources

15     /s/ Amy L. Bircher               Section
                                      Oregon Department of Justice

16     Amy L. Bircher (*admitted pro hac vice*)    1162 Court St. NE
      Special Deputy Attorney General        Salem, OR 97301-4096

17     Marc Bernstein                 Telephone: (503) 947-4593
      Special Deputy Attorney General        Fax:  (503) 378-3784

18     North Carolina Department of Justice     Email: paul.garrahan@doj.state.or.us
      P.O. Box 629

19     Raleigh, NC 27602
      Telephone: (919) 716-6400

20     Email: abircher@ncdoj.gov

21

22

23

24

25

26

27

28

Joint Case Management Statement (3:20-cv-03005-RS)

1

For the State of Rhode Island
PETER F. NERONHA

2

Attorney General

3

/s/ Alison B. Hoffman

4

Alison B. Hoffman (*admitted pro hac vice*)
Special Assistant Attorney General

5

Office of the Attorney General
150 South Main Street

6

Providence, RI 02903
Telephone: (401) 274-4400

7

Email: AHoffman@riag.ri.gov

8

9

10

For the State of Washington
ROBERT W. FERGUSON

11

Attorney General

12

/s/ Ronald L. Lavigne

13

Ronald L. Lavigne (*admitted pro hac vice*)
Senior Counsel

14

Office of the Attorney General
2425 Bristol Court SW, 2nd Fl.

15

Olympia, WA 98504
Telephone: (305) 586-6751

16

Email: ronald.lavigne@atg.wa.gov

17

18

19

20

21

22

23

24

25

26

27

28

For the State of Vermont
THOMAS J. DONOVAN, JR.
Attorney General of Vermont

/s/ Laura B. Murphy

Laura B. Murphy (*admitted pro hac vice*)
Assistant Attorney General
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3186
Email: laura.murphy@vermont.gov

For the State of Wisconsin
JOSHUA L. KAUL
Wisconsin Attorney General

/s/ Gabe Johnson-Karp

Gabe Johnson-Karp (*admitted pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707
Telephone: (608) 267-8904
Email: johnsonkarpg@doj.state.wi.us

14

For the Commonwealth of Massachusetts
MAURA HEALEY
Attorney General

/s/ Seth Schofield

Seth Schofield (*admitted pro hac vice*)
Senior Appellate Counsel
David S. Frankel (admitted pro hac vice)
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Flr.
Boston, MA 02108
Telephone: (617) 963-2436 / 2294
Email: seth.schofield@mass.gov
Email: david.frankel@mass.gov

For the Commonwealth of Virginia
MARK R. HERRING
Attorney General
Donald D. Anderson
Deputy Attorney General
Paul Kugelman, Jr.
Senior Assistant Attorney General
Chief, Environmental Section

/s/ David C. Grandis

David C. Grandis (*admitted pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 225-2741
Email: dgrandis@oag.state.va.us

For the DISTRICT OF COLUMBIA
KARL A. RACINE
Attorney General

/s/ Brian Caldwell

Brian Caldwell (*admitted pro hac vice*)
Assistant Attorney General
 Social Justice Section
 Office of the Attorney General
 for the District of Columbia
 441 Fourth Street N.W., Ste # 600-S
Washington, D.C. 20001
Telephone: (202) 727-6211
Telephone: (202) 445-1952 (m)
Email: brian.caldwell@dc.gov

For the CITY OF NEW YORK
JAMES E. JOHNSON
Corporation Counsel of the City of New York

/s/ Nathan Taylor

Nathan Taylor (*admitted pro hac vice*)
 New York City Law Department
 100 Church Street, Rm 6-144
 New York, NY  10007
 Telephone: (646) 940-0736 (m)
 Telephone: (212) 356-2315
 Email: NTaylor@law.nyc.gov

15

1

/s/ Hubert T. Lee
HUBERT T. LEE (NY Bar No. 4992145)

2

PHILLIP R. DUPRÉ (DC Bar No. 1004746)

3

Trial Attorneys
Environmental Defense Section

4

U.S. Department of Justice
4 Constitution Square

5

150 M Street, NE Suite 4.1116
Washington, DC 20002

6

Hubert.lee@usdoj.gov

7

Phillip.r.dupre@usdoj.gov
Telephone (202) 514-1806 (Lee)

8

Telephone (202) 616-7501 (Dupré)
Facsimile (202) 514-8865

9

10

*Attorneys for Defendants*

11

CHRISTOPHER M. CARR

12

*Attorney General of Georgia*

13

/s/ Andrew A. Pinson
Andrew A. Pinson

14

*Solicitor General*
Drew F. Waldbeser

15

*Assistant Solicitor General*
Office of the Attorney General

16

40 Capitol Square, S.W.
Atlanta, Georgia 30334

17

Tel: (404) 651-9453
Fax: (404) 656-2199

18

Email: apinson@law.ga.gov
*Counsel for Intervenor State of Georgia*

19

20

LA2020300885

21

22

23

24

25

26

27

28