1  HUBERT T. LEE (NY Bar No. 4992145)
hubert.lee@usdoj.gov
2  PHILLIP R. DUPRÉ (DC Bar No. 1004746)
phillip.r.dupre@usdoj.gov
3  Environmental Defense Section
Environment & Natural Resources Division
4  U.S. Department of Justice
4 Constitution Square
5  150 M Street, NE
Washington, DC 20002
6  Telephone (202) 514-1806
Facsimile (202) 514-8865
7
8
9  *Attorneys for Defendants*

10          **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12
STATE OF CALIFORNIA, *et al.*,
13                                          Case No. 3:20-cv-03005-RS
                    Plaintiffs,
14                                          **DEFENDANTS' MOTION FOR AN**
                                            **ENLARGEMENT OF TIME/STAY**
15          v.                              **PROCEEDING**

16  JANE NISHIDA[1], as the Acting Administrator   Action Filed:      May 1, 2020
of the United States Environmental Protection
17  Agency, *et al.*,

18                    Defendants,
19
                    and
20
STATE OF GEORGIA, *et al.*,
21
                    Defendant-Intervenors.
22

23

24  / / /

25  / / /

26

27  _____

28  [1] Pursuant to Fed. R. Civ. P. 25(d), Jane Nishida is automatically substituted in place of
Andrew Wheeler.

1    Pursuant to Local Rule 6-3, defendants United States Environmental Protection Agency

2    ("EPA"), Acting EPA Administrator Jane Nishida, the United States Army Corps of Engineers

3    ("USACE"), and Senior Official Performing the Duties of the Assistant Secretary of the Army

4    for Civil Works Vance F. Stewart, III[2] (collectively "the Agencies") hereby move for an

5    enlargement of time to continue all existing deadlines by at least 75 days and to stay the above-

6    captioned matter for 60 days. While Plaintiffs have agreed in principle to the Agencies'

7    request, Intervenor-Defendants plan to oppose. For the reasons set forth below, the Agencies'

8    motion should be granted.

9    **I.    There Is Good Cause to Extend All Deadlines and to Stay the Litigation.**

10    The Agencies have good reasons for this request. Requests for extensions of time made

11    before the applicable deadline has passed should "normally. . . be granted in the absence of bad

12    faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v.*

13    *Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright &

14    Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). So long as the

15    requesting party can show "good cause," the Court has wide discretion in granting a request for

16    an enlargement of time. *See* Fed. R. Civ. P. 6(b)(1); *see also Ahanchian*, 624 F.3d at 1259

17    ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural

18    and statutory contexts."). Furthermore, a district court "has broad discretion to stay

19    proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S.

20    681, 683 (1997). Here, circumstances warrant an enlargement of time for all existing deadlines

21    by at least 75 days while staying the proceeding by 60 days.

22    On January 20, 2021, President Biden issued an Executive Order entitled "Executive

23    Order on Protecting Public Health and the Environment and Restoring Science to Tackle the

24    Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021) ("Executive Order 13990"). In conformance

25    with the Executive Order, the Agencies are reviewing many rules promulgated in the last four

26

27    _____

28    [2] Pursuant to Fed. R. Civ. P. 25(d), Vance F. Stewart, III is automatically substituted in place
of R.D. James.

years, including the Navigable Waters Protection Rule ("NWPR") at issue in this case. *See* Fact Sheet: List of Agency Actions for Review.[3]

Agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co*., 463 U.S. 29, 42 (1983); *Modesto Irrigation District v. Gutierrez*, 619 F.3d 1024, 1034 (9th Cir. 2010). An agency's interpretation of a statute it administers is not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs*., 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted).

Accordingly, the Agencies respectfully request that an enlargement of time of at least 75 days for all existing calendared deadlines along with a 60-day stay of this case be granted to give appropriate officials time to review the rule and determine whether the NWPR should be maintained, modified, or otherwise reconsidered.[4] Moreover, granting a 60-day stay in addition to an extension of the current briefing deadlines is necessary. Without a stay, the Agencies and this Court may be required to attend to matters such as procedural motions, where the Agencies would still be formulating a position as to how they intend to proceed in this litigation.

## II.   The Agencies Have Made Ample Effort to Attain a Stipulation for Their Request.

In accordance with Local Rule 6-3, the Agencies have made every effort to attain a stipulation to extend existing deadlines and to stay the matter by 60 days. On January 22, 2021, the Agencies' counsel emailed Plaintiffs' counsel asking for their consent regarding a stay in the proceeding and an extension of existing deadlines. *See* Declaration of Hubert T. Lee ("Lee Decl.") at ¶ 3. On February 1, 2021, Plaintiffs and the Agencies held a telephone call where the parties agreed to at least a 60-75 day extension of calendared deadlines and a 60-day stay in the

---

[3] Available at https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited on Feb. 9, 2021).

[4] The Agencies reserve their right to extend the stay to allow them additional time to review of the Rule upon separate motion.

DEFS.' MOT. FOR ENLARGEMENT OF TIME/STAY IN PROCEEDING
CASE NO. 3:20-cv-03005-RS

1    proceeding. *Id.* at ¶ 5. On January 29, 2021, the Agencies' counsel emailed the Intervenor-
2    Defendant states asking if they would be amenable to a proposed abeyance. *Id.* at ¶ 4. The
3    Agencies followed up this email on February 3, 2021 by informing the Intervenor-Defendant
4    states that Plaintiffs had agreed in principle to a stay/continuance of all calendared deadlines
5    for at least 60 days. *Id.* at ¶ 6. On February 8, 2021, the Intervenor-Defendant states informed
6    the Agencies' counsel that they would not agree to a stay in this matter. *Id.* at ¶ 7. The
7    Agencies then informed the Intervenor-Defendant states that they would file an opposed
8    motion for an enlargement of time on all existing deadlines and to stay the proceeding by 60
9    days. *Id.*

10   **III.    The Parties Would Be Prejudiced if The Agencies' Request Was Not Granted.**

11           The Agencies would be prejudiced if their request was not granted. First, as explained
12   above, the Agencies have been directed to review the NWPR. Executive Order 13990 requires
13   that the Agencies review the NWPR to ensure that it meets various goals and objectives set
14   forth in the Executive Order. 86 Fed. Reg. at 7037. After this review process, the Agencies
15   may determine that the NWPR should be modified or otherwise reconsidered. Alternatively,
16   the Agencies may determine that the Rule should be maintained. Allowing litigation to proceed
17   during this fluid decision-making process would unduly prejudice the Agencies. For example,
18   the Agencies could be forced to take positions it would then need to change following its
19   review of the NWPR. Indeed, multiple courts where the NWPR is being litigated have already
20   granted stays and/or continuances in their respective proceedings.[5] Granting an enlargement of
21   time and a stay in this matter is sensible in light of the Agencies' current position.

22   _____

23   [5] *See*, *e.g.*, *Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. No. 42 (N.D.N.Y. Feb. 2, 2021);
24   *Washington Cattlemen's Association v. EPA*, No. 2:19-cv-569, Dkt. No. 95 (W.D. Wash. Feb.
     8, 2021); *Navajo Nation v. Wheeler*, No. 2:20-cv-602, Dkt. No. 27 (D.N.M. Feb. 4, 2021);
25   *Chesapeake Bay Foundation, Inc. v. Wheeler,* Nos. 20-cv-1063, 64, Dkt. No. 48 (D. Md. Feb.
     2, 2021); *S.C. Coastal Conservation League v. Wheeler*, No. 2:20-cv-01687, Dkt. No. 96
26   (D.S.C. Jan. 27, 2021); *Puget Soundkeeper All. v. EPA*, No. 2:20- cv-00950, Dkt. No. 47 (W.D.
     Wash. Feb. 8, 2021); *Evnt. Integrity Project v. Wheeler*, No. 1:20-cv-01734, Dkt. No. 27
27   (D.D.C. Jan. 28, 2021); *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00359, Dkt. No. 113
28   (D. Or. Feb. 2, 2021); *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988, Dkt. No. 59
     (D.N.M. Feb. 10, 2021).

1

2

3

4

5

6

   Second, the Agencies (and the parties) would be prejudiced if they were required to expend resources by continuing to litigate a rule that the Agencies may ultimately revise. Staying the proceeding and continuing the existing deadlines would give the Agencies time to decide how they would like to proceed with the NWPR. Indeed, in conferring with Plaintiffs, the Agencies and Plaintiffs have determined that a stay in litigation and a continuance of all existing deadlines is warranted. Lee Decl. at ¶ 6.

7

8

9

10

11

12

   Third, the Court and amici curiae may be prejudiced by *not* continuing the existing deadlines and staying the proceeding. This Court would have to continue to expend resources on litigation of a rule that ultimately may be modified or otherwise reconsidered by the Agencies. Third parties, who have amici briefs due with this Court on February 17, 2021 (*see* Dkt. No. 208), would also have to expend resources preparing any defense or support of the NWPR, without knowing how the Agencies will proceed with the rule.

13

14

**IV.    The Parties Have Not Asked for Any Substantive Modifications to the Existing Scheduling Order.**

15

16

17

18

   Apart from a modification to the proposed case management order regarding the disclosure of copyrighted material, Dkt. No. 213, the Parties have not asked for any other modifications to the existing scheduling order and have honored the deadlines to file opening cross-motions for summary judgment thus far. *See* Dkt. Nos. 208, 214, 215, 220.

19

**V.    Conclusion**

20

21

22

   In conclusion, the Agencies have shown good cause for their request for an enlargement of time/stay in the proceeding. The Agencies request the following modification to the scheduling order and initial scheduling conference (Dkt. Nos. 208, 209):

23

- A 60-day stay in litigation.

24

25

26

- Amicus briefs due 14 days after the stay is lifted, or, if the Agencies' instant motion for an enlargement of time/motion for a stay is denied, Amicus briefs due 14 days from the date the motion is denied.

27

- Plaintiffs' Reply brief due June 1, 2021.

28

- The Agencies/Defendant-Intervenors' Reply brief due July 20, 2021.

DEFS.' MOT. FOR ENLARGEMENT OF TIME/STAY IN PROCEEDING
CASE NO. 3:20-cv-03005-RS

1   • The hearing date to be rescheduled for some time after August 17, 2021 (for a date to be
2       scheduled by the Court).
3   • The initial scheduling conference to be rescheduled for August 31, 2021 (*see* Dkt. No.
4       209).
5   • This motion would be without prejudice to the right of any party to seek a further stay at
6       the end of the abeyance period. Any party would also retain the right to move this Court to
7       lift the stay prior to the end of the abeyance period if circumstances warrant resuming
8       litigation.

9   Dated: February 10, 2021                        Respectfully submitted,

10                                                  /s/*Hubert T. Lee*
11                                                  HUBERT T. LEE (NY Bar No. 4992145)
                                                    PHILLIP R. DUPRÉ (D.C. Bar No. 1004746)
12                                                  U.S. Department of Justice
                                                    150 M Street, NE Suite 4.1116
13                                                  Washington, D. C. 20002
                                                    Hubert.lee@usdoj.gov
14                                                  Phillip.r.dupre@usdoj.gov
15                                                  Telephone (202) 514-1806 (Lee)
                                                    Telephone (202) 616-7501 (Dupré)
16                                                  Facsimile (202) 514-8865