HUBERT T. LEE (NY Bar No. 4992145)
hubert.lee@usdoj.gov
PHILLIP R. DUPRÉ (DC Bar No. 1004746)
phillip.r.dupre@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20002
Telephone (202) 514-1806
Facsimile (202) 514-8865

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>               Plaintiffs,<br><br>          v.<br><br>MICHAEL REGAN[1], as the Administrator of the United States Environmental Protection Agency, *et al.*,<br><br>               Defendants,<br><br>          and<br><br>STATE OF GEORGIA, *et al.*,<br><br>              Defendant-Intervenors. | Case No. 3:20-cv-03005-RS<br><br>**DEFENDANTS' MOTION TO CONTINUE STAY**<br><br>Action Filed:     May 1, 2020 |

/ / /

/ / /

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Michael Regan is automatically substituted in place of Andrew Wheeler.

Pursuant to Local Rules 6-3 and 7-1, Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers, and Acting Assistant Secretary of the Army for Civil Works Mr. Taylor N. Ferrell ("Defendants" or "Agencies")[2] respectfully move to extend the existing stay by 60 days and move for an enlargement of time to extend all existing litigation deadlines by 75 days. While Plaintiffs[3] do not oppose the Agencies' request for an extension of the stay, Intervenor-Defendants[4] plan to oppose.

On February 17, 2021, this Court granted the Agencies' opposed motion to stay this proceeding by 60 days and to continue existing litigation deadlines by 75 days. Dkt. No. 229. The Court found that the Agencies had provided good cause warranting a short-term stay in the proceeding and noted that "[b]ecause the challenged rule remains [in] effect, there is no undue prejudice to the Intervening States" arising from a stay in this proceeding. *Id.* at 1. The Court further provided that the order granting the 60-day stay is "without prejudice to the right of any party to seek a further stay." *Id.* at 2.

Here, there continues to be good cause for the Agencies' request. A short extension of the ongoing stay will allow the Agencies additional time to complete their review of the challenged rule at issue in this litigation. And as the Court previously observed, an extension in the stay would not prejudice Intervenor-Defendants. Accordingly, the Agencies' request should be granted.

---

[2] EPA Administrator Michael Regan is automatically substituted for Andrew Wheeler, and Taylor N. Ferrell is automatically substituted for R.D. James, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[3] Plaintiffs are the States of California, New York, Connecticut, Illinois, Maine, Maryland, Michigan, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, Washington and Wisconsin, the Commonwealths of Massachusetts and Virginia, the North Carolina Department of Environmental Quality, the District of Columbia, and the City of New York.

[4] Intervenor-Defendants are the States of Georgia, West Virginia, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming.

1

2    **I.      There Is Good Cause to Extend All Deadlines and to Stay the Litigation.**

3            The Agencies have good reasons for this request. Requests for extensions of time made

4    before the applicable deadline has passed should "normally . . . be granted in the absence of

5    bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v.*

6    *Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright &

7    Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). So long as the

8    requesting party can show "good cause," the Court has wide discretion in granting a request for

9    an enlargement of time. *See* Fed. R. Civ. P. 6(b)(1); *see also Ahanchian*, 624 F.3d at 1259

10   ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural

11   and statutory contexts."). Furthermore, a district court "has broad discretion to stay

12   proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S.

13   681, 683 (1997).

14           Here, the Agencies can show good cause for their request for a 60-day extension of the

15   stay and a 75-day continuance of the existing litigation deadlines. As noted in the Agencies'

16   initial stay motion, the Agencies are reviewing a number of regulations promulgated in the last

17   four years, including the Navigable Waters Protection Rule ("NWPR"), 85 Fed. Reg. 22,250

18   (Apr. 21, 2020), which is the regulation at issue in this proceeding. Dkt. No. 221 at 2-3. Indeed,

19   this Court, on February 17, 2021, granted the Agencies' first request to stay the proceeding by

20   60 days, finding that the review of the NWPR was good cause warranting a stay in this

21   proceeding. *See* Dkt. No. 229.

22           While the Agencies' review of the Rule is still ongoing, there have since been

23   additional developments that have advanced the review of the Rule. The new Administrator of

24   the EPA, Michael Regan, was just recently sworn in on March 10, 2021. 167 Cong. Rec.

25   S1456 (daily ed. Mar. 10, 2021). The new Administrator and his staff have since been briefed

26   on the Rule, and the new administration is currently weighing its options regarding the Rule.

27   *See* Declaration of Hubert T. Lee ("Lee Decl.") at ¶ 2. The Agencies ask for a brief extension

28   of the stay to allow time for the new Administrator to consider options and make an informed

decision regarding which direction it will take with respect to the Rule. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (holding Agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation).

Accordingly, the Agencies respectfully request that the Court extend the stay by at least 60 days and continue the existing calendared deadlines by 75 days to give appropriate officials time to review the rule and determine whether the NWPR should be maintained, modified, or otherwise reconsidered.

## II.    The Agencies Have Made Ample Effort to Attain a Stipulation for Their Request.

In accordance with Local Rule 6-3, the Agencies have made every effort to attain a stipulation to extend the stay by 60 days. On April 2, 2021, the Agencies' counsel emailed Plaintiffs' and Defendant-Intervenors' counsel asking for their consent regarding a continuance of the stay for another 60 days. *See* Lee Decl. at ¶ 3. On April 5, 2021, the Intervenor-States responded via email stating that they would oppose a continuance of the stay for the reasons set out in their opposition to the original stay request. *Id.* at ¶ 4. On April 5, 2021, Plaintiffs and the Agencies held a telephone call where the Plaintiffs indicated that they would not oppose the request for a stay. *Id.* at ¶ 5. Plaintiffs confirmed their position via email on April 6, 2021. *Id*.

## III.   The Parties Would Be Prejudiced if the Agencies' Request Was Not Granted.

The Agencies and the Parties would be prejudiced if the Agencies' request was not granted. As explained above, the Agencies have been directed to review the NWPR. Executive Order 13990 requires that the Agencies review the NWPR to ensure that it meets various goals and objectives set forth in the Executive Order. 86 Fed. Reg. at 7037. Indeed, this review process has advanced, where the new Administrator has been briefed on the Rule and the Agencies have begun to meaningfully consider their options regarding the Rule. Lee Decl. at ¶ 2. Requiring the Parties to continue litigating this suit during this ongoing decision-making may thus result in an inefficient use of party and judicial resources. In particular, the Court and the Parties would be prejudiced if they were required to expend resources litigating a rule that the Agencies may ultimately revise. In light of the advancing and ongoing review process,

allowing for a short 60-day extension of the existing stay period would be the most efficient path forward in this litigation.

Moreover, as the Court previously noted, the Intervenor-Defendants are not prejudiced by staying this litigation. *See* Dkt. No. 229 at 1. In granting the Agencies' first motion for a stay, the Court noted that "[b]ecause the challenged rule remains [in] effect, there is no undue prejudice to the Intervening States." *Id.* Indeed, this continues to be the case, where the NWPR is in effect and has even been reinstated in the one state where it was preliminarily enjoined (Colorado). *See State of Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021) (reversing district court's preliminary injunction order that stayed the effective date of the NWPR in the state of Colorado).

Additionally, a number of other courts have considered and granted stays/continuances of existing deadlines in other proceedings across the country involving the NWPR in light of the Agencies' ongoing review of the Rule.[5] Granting the Agencies' proposed 60-day extension of the stay period to account for the Agencies' review of the Rule would simply be in line with the various stays and extensions granted in other suits involving the NWPR.

/ / /

---

[5] *See, e.g.*, *Envtl. Integrity Project v. Wheeler*, No. 1:20-cv-01734, Dkt. No. 27 (D.D.C. Jan. 28, 2021) (court ordered the case stayed indefinitely); *Conservation Law Found. v. EPA*, No. 1:20-cv-10820, Dkt. No. 99 (D. Mass. Feb. 10, 2021) (court granted consent motion to extend deadline for reply brief to May 10, 2021); *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063, Dkt. No. 48 (D. Md. Feb. 2, 2021) (court ordered case held in abeyance through July 29, 2021); *Navajo Nation v. Wheeler*, No. 2:20-cv-602, Dkt. No. 29 (D.N.M. Mar. 17, 2021) (court granted joint motion to extend all deadlines by 30 days); *New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988, Dkt. No. 59 (D.N.M. Feb. 10, 2021) (court ordered case held in abeyance until May 1, 2021); *Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. No. 42 (N.D.N.Y. Feb. 2, 2021) (case held in abeyance until August 2, 2021); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950, Dkt. No. 47 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021); *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564, Dkt. No. 113 (D. Or. Feb. 2, 2021) (court ordered case stayed through June 2, 2021); *Navajo Nation v. Wheeler*, No. 2:20-cv-602, Dkt. No. 29 (D.N.M. Mar. 17, 2021) (extending briefing schedule by 45 days); *Colorado v. EPA*, No. 20-cv-01461, Dkt. No. 96 (D. Colo. Mar. 11, 2021) (extending briefing schedule by 45 days); and *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-569, Dkt. No. 95 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021).

DEFS.' MOT. TO CONTINUE STAY
CASE NO. 3:20-cv-03005-RS

**IV.     The Parties Have Only Asked For One Other Stay/Substantive Modification to the Existing Scheduling Order.**

The Parties have only asked for one other stay/extension of litigation deadlines. *See* Dkt. No. 221. And, the Court granted the Agencies' previous request to stay the proceeding by 60 days (and to extend all litigation deadlines by 75 days). Dkt. No. 229. Given the recent developments in the Agencies' review of the NWPR, where the new Administrator is now sworn in and has been briefed on the Rule, the Agencies respectfully request that the stay be extended another 60 days, with a corresponding 75-day extension of existing litigation deadlines.

**V.     Conclusion**

In conclusion, the Agencies have shown good cause for their request for a continuance in the stay period and extension of litigation deadlines. The Agencies respectfully request the following modification to the Court's prior order re-setting litigation deadlines (Dkt. No. 229):

- The above-captioned proceeding is further stayed an additional 60 days (i.e., until June 17, 2021).
- Amicus briefs will be due 14 days after the stay is lifted.
- Plaintiffs' Reply brief is due August 16, 2021.
- The Agencies/Defendant-Intervenors' Reply brief is due October 4, 2021.
- The hearing date is to be rescheduled for some time after November 3, 2021 (for a date to be scheduled by the Court).
- The case management conference is to be rescheduled for December 16, 2021.
- The Court's order would be without prejudice to the right of any party to seek a further stay at the end of the stay. All parties would also retain the right to move this Court to lift the stay prior to the end of the abeyance period if circumstances warrant resuming litigation.

/ / /

/ / /

DEFS.' MOT. TO CONTINUE STAY
CASE NO. 3:20-cv-03005-RS

1    Dated: April 9, 2021                    Respectfully submitted,

2                                            /s/*Hubert T. Lee*
                                             HUBERT T. LEE (NY Bar No. 4992145)
3                                            PHILLIP R. DUPRÉ (D.C. Bar No. 1004746)
                                             U.S. Department of Justice
4                                            150 M Street, NE Suite 4.1116
                                             Washington, D. C. 20002
5                                            Hubert.lee@usdoj.gov
                                             Phillip.r.dupre@usdoj.gov
6                                            Telephone (202) 514-1806 (Lee)
                                             Telephone (202) 616-7501 (Dupré)
7                                            Facsimile (202) 514-8865

8                                            *Counsel for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28