HUBERT T. LEE (NY Bar No. 4992145)
hubert.lee@usdoj.gov
PHILLIP R. DUPRÉ (DC Bar No. 1004746)
phillip.r.dupre@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20002
Telephone (202) 514-1806
Facsimile (202) 514-8865

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, | Case No. 3:20-cv-03005-RS |
| Plaintiffs, | **DEFENDANTS' MOTION TO CONTINUE STAY** |
| v. | |
| MICHAEL REGAN[1], as the Administrator of the United States Environmental Protection Agency, *et al.*, | Action Filed:     May 1, 2020 |
| Defendants, | |
| and | |
| STATE OF GEORGIA, *et al.*, | |
| Defendant-Intervenors. | |

/ / /

/ / /

---

[1] EPA Administrator Michael Regan is automatically substituted for Andrew Wheeler, and Jaime Pinkham is automatically substituted for R.D. James, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Local Rule 7-1, Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers, and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham ("Defendants" or "Agencies") respectfully move to extend the existing stay until July 16, 2021—when the Agencies expect to file their motion for remand without vacatur— and to vacate all existing deadlines. Alternatively, the Agencies ask that the Court continue to stay the matter until the motion for remand is decided and to vacate all existing deadlines. While Plaintiffs[2] do not oppose the Agencies' request for an extension of the stay, State Intervenor-Defendants[3] oppose continuing the stay for the reasons set out in their prior briefing, but do not plan to file a separate response.

On April 16, 2021, this Court granted the Agencies' opposed motion to stay this proceeding by 60 days and to continue existing litigation deadlines. Dkt. No. 241. The Court ordered the Parties to file a status report no later than June 10, 2021, requesting that the Parties update the Court regarding the "status of the Agencies' review of the [Navigable Waters Protection Rule ("NWPR"), 85 Fed. Reg. 22,250 (Apr. 21, 2020)] and plans by any party to seek further stay of the litigation or enlargement of deadlines." *Id.* at 2.

On June 10, 2021, the Parties filed a joint status report. Dkt. No. 244. The Agencies noted that, as a result of their review of the NWPR, the Agencies will initiate a new rulemaking to revise the definition of "waters of the United States." *See id.* at 2-3 n.5 (citing https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed June 14, 2021). As a result of this decision to initiate new rulemaking, the Agencies

---

[2] Plaintiffs are the States of California, New York, Connecticut, Illinois, Maine, Maryland, Michigan, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, Washington and Wisconsin, the Commonwealths of Massachusetts and Virginia, the North Carolina Department of Environmental Quality, the District of Columbia, and the City of New York.

[3] State Intervenor-Defendants are the States of Georgia, West Virginia, Alabama, Alaska, Arkansas, Idaho, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming.

DEFS.' MOT. TO CONTINUE STAY
CASE NO. 3:20-cv-03005-RS

also noted that they expect to file by no later than July 16, 2021 a motion to remand the NWPR without vacatur. Dkt. No. 244 at 3. The Agencies further stated that they were considering filing a motion to further stay the case and are seeking to vacate all existing deadlines. *Id.*

**I.     There Is Good Cause to Stay the Litigation and to Vacate Existing Deadlines in this Proceeding.**

Now that the Agencies have decided on a new course of action and will soon initiate new rulemaking with respect to a regulation defining "waters of the United States," there is good cause to stay the matter until at least July 16, 2021—the date by which the Agencies expect to file their motion for remand without vacatur—and to vacate all existing deadlines in the proceeding until the motion for remand is resolved. Alternatively, the Agencies ask that the Court continue to stay the matter until the motion for remand is decided. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). The Agencies submit that the interests of judicial economy will best be served by allowing the Court the opportunity to consider and rule on the Agencies' anticipated remand motion first before deciding whether any further filings are necessary or appropriate in this case.

Moreover, a short continuation of the stay will give the Parties time to formulate strategies and positions with respect to the Agencies' intent to move for remand of the NWPR without potential disruption from other filings made in this proceeding. For example, under the current litigation order, the stay in the proceeding is scheduled to end on June 17, 2021 and amicus briefs are due July 1, 2021. Dkt. No. 241 at 1. Allowing the stay in this proceeding to lapse on June 17 would leave the door open for amicus parties to needlessly file briefs in support of or in opposition to the NWPR, which could ultimately be remanded back to the Agencies. And, to the extent the Parties want to oppose a proposed amicus party's request to file a brief, the Parties will have to unnecessarily expend resources opposing those requests to file amicus briefs.

Vacating all existing deadlines in the proceeding also makes sense here. Given that the Agencies expect to initiate new rulemaking to revise or replace the NWPR, requiring the

Agencies to go through the scheduled briefing process may cause the Agencies to take positions that might appear to pre-judge issues that will be reconsidered through notice-and-comment rulemaking. And if the Agencies' motion for remand without vacatur is granted, briefing the merits of the NWPR will no longer be necessary. Accordingly, staying the proceeding until the Agencies file their motion for remand and vacating the existing briefing schedule would conserve the Court's and the Parties' limited resources and would best serve the interest of judicial economy.

## II.     The Parties Would Be Prejudiced if the Agencies' Request Was Not Granted.

The Agencies and the Parties would be prejudiced if the Agencies' motion was not granted. As noted above, requiring the Parties to continue litigating this suit when the Parties have decided to initiate new rulemaking that may ultimately revise or replace the NWPR would be an inefficient use of party and judicial resources. Moreover, as the Court previously noted, the State Intervenor-Defendants are not prejudiced by staying this litigation. *See* Dkt. No. 229 at 1. In granting the Agencies' first motion for a stay, the Court noted that "[b]ecause the challenged rule remains [in] effect, there is no undue prejudice to the Intervening States." *Id.* This will continue to be the case here, as the NWPR will remain in effect while the litigation is stayed.

## III.    Conclusion.

In conclusion, the Agencies have shown good cause for their request to further stay the proceeding until at least July 16, 2021 and to vacate all existing deadlines in the litigation. The Agencies respectfully request the following modification to the Court's prior order re-setting litigation deadlines (Dkt. No. 241):

- All existing deadlines currently calendared in this proceeding are hereby vacated.
- The above-captioned proceeding is further stayed until July 16, 2021 or, alternatively, until the Court's ruling on the Agencies' motion for remand without vacatur.
- The Agencies' motion for remand without vacatur is due July 16, 2021.
- The Parties shall meet and confer no later than 7 days from the date the Agencies' motion for remand without vacatur is decided by the Court. The Parties shall file separate or joint

DEFS.' MOT. TO CONTINUE STAY
CASE NO. 3:20-cv-03005-RS

1    proposals to further govern proceedings no later than 14 days from the date the Agencies'

2    motion for remand without vacatur is decided by the Court.

3    Dated: June 14, 2021                    Respectfully submitted,

4                                            /s/*Hubert T. Lee*
5                                            HUBERT T. LEE (NY Bar No. 4992145)
                                             PHILLIP R. DUPRÉ (D.C. Bar No. 1004746)
6                                            U.S. Department of Justice
                                             150 M Street, NE Suite 4.1116
7                                            Washington, D. C. 20002
                                             Hubert.lee@usdoj.gov
8                                            Phillip.r.dupre@usdoj.gov
9                                            Telephone (202) 514-1806 (Lee)
                                             Telephone (202) 616-7501 (Dupré)
10                                           Facsimile (202) 514-8865

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28