UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

    v.

MICHAEL REGAN[1], et al.,

    Defendants.

Case No. 20-cv-03005-RS

**ORDER GRANTING MOTION TO REMAND**

This is one of several cases filed in various United States District Courts throughout the nation challenging rules promulgated by the United States Environmental Protection Agency and the United States Army Corps of Engineers that define "waters of the United States" for purposes of applying the Clean Water Act, *see e.g.*, *Conservation Law Foundation v. United States Environmental Protection Agency*, No. 1:20-cv-10820 (D. Mass.); *Pascua Yaqui Tribe v. United States Environmental Protection Agency*, 4:20-cv-00266 (D. Ariz.), including another case pending in this court, *Waterkeeper Alliance, Inc.. v. United States Environmental Protection Agency* 3:18-cv-3521 RS (N.D.Cal.).

Defendants seek voluntary remand to the agencies and dismissal of this case. Plaintiffs oppose remand unless the current rule is vacated. The issue of whether vacatur is warranted or not appears to be moot, however, given that the *Pascua Yaqui* court issued an order on August 13,

---

[1] EPA Administrator Michael Regan is automatically substituted for Andrew Wheeler, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1   2021 vacating the rule.

2   Were it still necessary to reach the issue, this court would not be inclined to impose vacatur. Plaintiffs argue that defendants have now acknowledged "severe deficiencies" in the current rule and admit to "irreversible harms," thereby presenting a different situation than when their application for a preliminary injunction was denied. Defendants, however, appear to be reconsidering the rule primarily for policy reasons—issues the order denying a preliminary injunction pointedly observed were outside the scope of the judicial inquiry at that juncture. While it is within defendants' discretion to modify their policies and regulatory approaches, and it may ultimately resolve some or all of plaintiffs' objections to the current rule, there has been no evaluation of the merits—or concession by defendants—that would support a finding that the rule should be vacated.[2] Accordingly, the motion to remand is granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 16, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] The State Intervenors do not oppose remand as long as it does not imply any determination, tentative or otherwise, that the existing rule is legally deficient. Nothing in this order so concludes, or is based on any assertion by defendants that could be read as having such an implication.